CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

06/27/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CRYSTAL VL RIVERS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 6:18-cv-00061 |
| GARY M. BOWMAN, *et al.*, | ) By: Elizabeth K. Dillon |
| Defendants. | ) United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Crystal VL Rivers, proceeding *pro se*, recently paid the filing fee for this civil case. At the same time, she filed a motion to amend her complaint, which was also titled as a "motion to validate." (Dkt. No. 14.) That motion, as well as several other motions filed before she paid the filing fee, are addressed herein.

I. DISCUSSION

**A. Motion for Reconsideration Concerning Recusal (Dkt. No. 11)**

Because a reassignment of this case would mean that this court would not be ruling on her other pending motions, the court turns first to Rivers's request for reassignment of the case.

In a prior order (Dkt. No. 10), the court denied as moot a motion by Rivers to disqualify the "judges of the Lynchburg Division of this court." Her motion only mentioned by name two judges: Judge Moon, to whom this case was initially assigned, and United States Magistrate Judge Robert Ballou. Because the case was transferred after the filing of the recusal motion to the undersigned, who is based in Roanoke, and

because Rivers's motion included a request that the case be moved to the Roanoke Division, the court found the motion moot. (Dkt. No. 10.)

In response, Rivers filed a motion for reconsideration. (Mot. Recons., Dkt. No. 11.) In it, she describes this case as a "complex" RICO case and asks that the case be transferred to the Eastern District of Virginia and assigned to a three-judge panel of judges familiar with "complex banking and money laundering, RICO Racketeering cases." (*Id.* at 3.) Her motion repeatedly references the "unique" and "complex" nature of her claims. She also asserts, without any factual support, that many of the judges and staff in the Western District "may have conflict[s] of interests" concerning a number of the named defendants, who live or work in this district or are attorneys who practice before this court. Lastly, she asserts as a basis for recusal that a fellow judge of this court, United States Magistrate Judge Robert S. Ballou, may be a potential witness in this case.

The court has carefully reviewed her motion and its assertions, but finds no grounds for transfer or recusal. In short, as discussed below, she has not pointed to anything specific to the undersigned that would warrant recusal.

First, to the extent the case is a complicated one, this court is capable of addressing complicated matters. To the extent her request is based on alleged "conflicts of interest," Rivers seeks recusal under § 455(a), which directs a judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard to be applied is an objective one and directs a judge to recuse herself if "a reasonable person with knowledge of relevant facts might reasonably question [her] impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

"The analysis assumes that a reasonable person not only knows all the relevant facts, but also understands them." *Kolon Indus., Inc. v. E.I. duPont de Nemours & Co.*, 846 F. Supp. 2d 515, 531 (E.D. Va. 2012) (internal citations omitted); *United States v. Nixon*, 267 F. Supp. 3d 140, 148 (D.D.C. 2017) ("The Court must consider how the facts would appear to a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'") (citations omitted). In making any recusal decision, moreover, the court must be cognizant of "the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons." *In re Bulger*, 710 F.3d 42, 47 (1st Cir. 2013). This last consideration has some bearing here, as Rivers requests transfer to another district that she believes is more capable of handling her case and that she believes will be more "favorable" to her. (Mot. Recons. 4, 8.)

In claiming that all of the judges and magistrate judges here should be recused, Rivers alleges circumstances that occur with some regularity in cases handled by judges of this court and that do not provide a basis for recusal: many of the defendants live in the same cities and towns where the judges and their families live; some of the defendants are delegates who may represent the judges' districts; the defendants who are attorneys practice law in this district and the judges of this court "all have at least a professional, and likely personal" relationship with them and with certain institutional defendants and government agents; and the first-named defendant, Gary Bowman, previously clerked for Judge Moon. None of these provide a basis for the undersigned to recuse.[1]

---

[1] Rivers also claims that the disqualification of all the judges of this court is required under 28 U.S.C. § 455(b)(4), which requires disqualification where a judge knows that she has any "interest that could be substantially affected by the outcome of the proceedings." She does not cite to any specific

3

With regard to her suggestion that the undersigned should recuse because another judge of this court, United States Magistrate Judge Robert S. Ballou, is a potential witness in the case or may be called to testify and produce discovery, the court does not believe that warrants recusal at this time.

First of all, it is not even clear that any claims requiring testimony from Judge Ballou will survive a motion to dismiss or that his testimony will be necessary. Indeed, even in cases where there is "speculation to the possibility that" the *presiding* judge will be a material witness in the proceeding, that is not always enough to require recusal. *United States v. Lanier*, No. 2:14-CR-83, 2018 WL 296725, at *5 (E.D. Tenn. Jan. 3, 2018) (collecting authority). At least at this stage of the case, the court cannot say with any certainty that Judge Ballou is likely to be a witness.

More importantly, even if Judge Ballou ultimately is called to give testimony, he will be testifying merely about events that occurred in the course of a mediation that he conducted in his role as a judge. Specifically, at least in the current version of plaintiff's allegations contained in the amended complaint, references to Judge Ballou all revolve around his mediating the case of *CVLR Performance Horses, Inc. v. Wynne*, Case No. 6:14-cv-35 (W.D. Va.) in 2016. Rivers does not accuse Judge Ballou of any wrongdoing, and she simply argues that false statements were made by her then-attorney and by others during the course of that mediation and a related conference call. Presumably, Rivers proposes calling Judge Ballou to testify about what was said during those proceedings.

In considering the importance of this potential testimony, it is important to note that the amended complaint is lengthy and contains varied and far-reaching allegations

---

interest of the undersigned, however, other than the same supposed factors that she claims create an appearance of impropriety. The court is not aware of any such interest, either.

4

against a large number of persons and organizations who Rivers alleges have wronged her.[2]  Thus, the incidents in which Judge Ballou was involved are but a small part of her many claims of conspiracy-related conduct.

Rivers is correct that there are cases in which a judge has recused when another judge of the same court would be a witness in the case, but as the Third Circuit has recognized, "recusal cases are very fact-specific" and "[j]udges need not always recuse when a fellow judge is somehow involved in [the] case." *King v. Deputy Atty. Gen. Del.*, 616 F. App'x 491, 495 (3d Cir. 2015).   In looking to the facts of the cases relied upon by Rivers, they are easily distinguishable.

In *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989), a key defense witness in a non-jury criminal trial was the husband of a woman who was very close personal friends with the judge's wife, and the judge had a private, in-chambers conversation with the witness's wife during the course of trial. *Id.* at 738–39.  The judge explained to the parties that he believed he was "caught between a rock and a hard place" because the situation "created the risk that he might bend over backwards to prove he lacked favoritism toward [the witness], with detrimental results for the [defendant.]  Conversely, he stated that if he found the defendant guilty," he was worried it "might jeopardize his wife's friendship" with the witness's wife. *Id.* at 738.  He also relayed that he and his wife had even fought about the situation. *Id.*  Under those circumstances and given the judge's own expressions doubting the propriety of his continuing to preside over the case, the appellate court ruled that the judge should have recused himself. *Id.* at 745.  That is a far cry from the facts here.

---

[2]  As noted in a prior order of this court, Rivers's amended complaint is 166 pages long, contains 742 numbered paragraphs and 23 counts, and names almost 90 defendants.  (Dkt. No. 13 at 2 n1.)

5

Nor is this case like *United States v. Gordon*, 354 F. Supp. 2d 524, 528 (D. Del. 2005), also cited by Rivers. There, two criminal defendants alleged that another judge of the same court had business and personal connections to the defendants. They indicated their intent to issue subpoenas to that judge and to businesses owned or controlled by him. The presiding judge believed that his fellow judge would view the defendants' efforts as an attack upon his "reputational interest" and resist them; thus, he believed recusal was warranted under § 455(a). In *Gordon*, therefore, the testifying judge's reputation clearly was called into question as a result of the testimony.

Here, by contrast, Judge Ballou's involvement would be nothing more than a "simple matter of taking some factual testimony from a disinterested third party," *id.* at 528, and so the court finds it does not require recusal. *See id.*; *see also Rush v. Borgen*, No. 04-C-1154, 2006 WL 1389117, at *5–6 (E.D. Wisc. May 17, 2006) (holding that where a fellow state court judge testified in the underlying trial, the presiding judge was not required to recuse himself where the testimony of his fellow judge did not implicate the fellow judge's reputation, privacy, or safety, and the testimony primarily confirmed what other witnesses who were present claimed to have heard). As the *Gordon* court noted, "[i]t is not enough to simply ask what role may be thrust upon the judicial colleague [who may be called as a witness]; one must also ask what that colleague has at stake." 354 F. Supp. at 528; *see also United States v. O'Brien*, 18 F. Supp. 3d 25, 33 (D. Mass. 2014) (citing *Gordon* and following a similar "sensible and practical approach").

The third and final case on which Rivers relies is *Shaw Group Inc. v. Next Factors, Inc.*, No. ADV. PROC. 01-6661, 2006 WL 2356033 (Bankr. D. Del. Aug. 15, 2006). There, the fellow bankruptcy judge that would be testifying was "actively

6

involved in this very contentious adversary proceeding prior" to his becoming a judge, and his deposition in the matter—as plaintiff's Rule 30(b)(6) witness—was taken less than six months before he became a judge. *Id.* at *1. Not only had the defendant identified the judge as a witness, but it also designated his entire 91-page deposition as testimony in the trial. *Id.* Quite obviously, then, the judge was a central witness in the case.

In determining that recusal was warranted, the presiding judge also noted as significant the fact that the case was to be tried as a bench trial and that the judge would be the fact-finder and would be required to judge witness credibility. *Id.* The court compared the situation it faced to *Jordan v. Fox, Rothschild, O'Brien & Frankel*, No. CIV. A. 91-2600, 1995 WL 141465 (E.D. Pa. Mar. 30, 1995), where, in the course of denying recusal, the court noted that "[i]n deciding a motion for summary judgment or presiding at a jury trial, . . . a judge does not weigh the testimony or pass upon the evidence." *Jordan*, 1995 WL 141465, at *2.

Unlike in *Shaw Group*, both of those factors weigh *against* recusal here. As already noted, Judge Ballou's testimony, if it occurs, is not likely to be a central issue in this case as currently pled, nor is his testimony being offered as a party representative. Instead, he would be a disinterested third-party witness. And because Rivers has demanded a jury trial (Dkt. No. 8 at 166), any issue of credibility is not likely to be determined by this court in any event.

All of the factors discussed herein lead the court to conclude that recusal is not required or appropriate under § 455(a) on the record before the court. Accordingly,

Rivers's motion for reconsideration, construed as a renewed motion for recusal, will be denied.

**B. Motion for Leave to Amend (Dkt. No. 14.)**

Rivers has also filed a motion seeking leave to amend her complaint. In particular, Rivers asserts that there are new circumstances and ongoing fraudulent activity relating to the original complaint, and she states that she "intends to add Defendants, Counts and Predicate Acts, and remove certain Counts brought under federal and state criminal statutes." (Dkt. No. 14 at 3.)

Because Rivers has already amended her complaint once, she must seek leave of the court to amend. Fed. R. Civ. P. 15(a)(1) (allowing amendment "once as a matter of course" within certain parameters). This court should "freely give" leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), but "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). Because the court has not seen Rivers's proposed second amended complaint, it is impossible to evaluate whether the claims she proposes to add would be futile.[3] But, no defendant has yet been served with any copy of the complaint, so the court does not see prejudice to any opposing party.

In the interest of justice and keeping this case moving forward, the court will grant leave to amend, despite the absence in the record of the proposed second amended complaint. Particularly given that no defendants have yet been served and no defendants

---

[3] As the court noted previously, the complaint as it currently stands likely contains some claims that are subject to dismissal and therefore futile. (Dkt. No. 13.)

have had an opportunity to respond to any complaint, the court will not attempt to go through an exercise of *sua sponte* determining which of plaintiff's claims might be subject to dismissal and thus futile. The mere fact that the court is allowing amendment, however, should not be taken as any indication as to how the court would rule on the merits of any motion to dismiss that may be filed later.

The court will direct Rivers to file her second amended complaint within ten days after entry of this order and to effect service on the named defendants. In crafting her second amended complaint, moreover, she should pay particular attention to Rule 20(a)(2), which provides that persons may be joined in one action as defendants only if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, her second amended complaint should not name more than one defendant unless one claim against each additional defendant is transactionally related to the claim against the first defendant or seeks joint and several relief, and involves a common question of law or fact. *See Keck v. Virginia*, No. 3:10cv555, 2011 WL 2708357, at *2 (E.D. Va. July 12, 2011) (imposing same requirement on plaintiff). Additionally, and unlike her amended complaint, each separate count or claim in her second amended complaint shall identify clearly which defendants are being named in that particular count.[4] Simply referencing persons within the factual background for a specific count is insufficient.

---

[4] The amended complaint does not make clear which counts are brought against which defendants. In the paragraphs discussing the facts underlying certain counts, various defendants are referenced, but the complaint does not expressly limit the claim to those particular defendants.

Lastly, the court repeats its admonition to Rivers that, even though she is *pro se*, she is bound by all applicable rules in pursuing this case, including Federal Rule of Civil Procedure 11.

**C. Other Filings by Rivers**

There are three other filings by Rivers that bear mentioning. First, Rivers filed a memorandum of lis pendens (Dkt. No. 9), which indicates that it has been recorded in the clerk's office of Lynchburg Circuit court.[5] No action is required by this court on that filing.

Second, in her motion to amend her complaint, Rivers also includes in the title that it is a "Motion(s) to Validate." (Dkt. No. 14 at 3.) Therein, she requests that the court "Validate her interest in 1650 Partners LLC, and Validate the February 24, 2014 RICO Settlement Agreement." (*Id.*) The court is unsure of the precise relief she is seeking in requesting "validation," but to the extent she wants relief based on her claims and the allegations in her amended complaint, this motion is premature. She asserts that validation is proper based on facts in witness declarations and testimony, but the court cannot determine the rights and obligations of the parties based on allegations or statements in a filing by Rivers. Instead, any interest Rivers has in those properties will be decided, if it is proper to do so, in the normal course of proceedings in this case.

---

[5] A memorandum of *lis pendens* is a means by which a party gives constructive notice to any prospective purchaser of property that the purchaser takes the property subject to a potential valid judgment. *Wells Fargo Funding v. Gold*, 432 B.R. 216, 221–22 (Bankr. E.D. Va. 2009); *Bray v. Landergren,* 161 Va. 699, 713, 172 S.E. 252 (Va. 1934) ("A *lis pendens* is not a seizure. It is restrictive only and but serves to warn others that rights which they may acquire will be subject to any valid judgment entered."). In Virginia, the memorandum of *lis pendens* must be "admitted to record in the clerk's office of the circuit court of the county or the city wherein the property is located." Va. Code Ann. § 8.01–268(A). Additionally, "[t]he Virginia Supreme Court has stated that the *lis pendens* statute is applicable to disputes concerning title to real property, but not to an action to recover a personal judgment." *Green Hill Corp. v. Kim*, 842 F.2d 742, 744 (4th Cir. 1988) (citing *Preston's Drive Inn Restaurant, Inc. v. Convery,* 154 S.E.2d 160, 163 (Va. 1967)); *see also* Va. Code Ann. § 8.01-268(B).

Third, there is a motion pending before the court in which Rivers requests to be able to file documents electronically through the CM/ECF system, although she does not give any reason for this request. (Dkt. No. 8.) At this time, that motion will be denied without prejudice. Although Rivers states that she is a paralegal and has access to public court records through PACER, she admits that she is not a licensed attorney. Under Federal Rule of Civil Procedure 5(d)(3)(B), a person not represented by an attorney may file electronically only if allowed by court order or by local rule. Under this court's local rules, non-attorneys are generally not permitted to file electronically through CM/ECF, and the court sees no basis for departing from that general rule in this case. Accordingly, that motion will be denied without prejudice.

## II.  CONCLUSION

For the foregoing reasons, the court will grant Rivers's motion to amend her complaint, deny her motion for reconsideration concerning recusal, and deny without prejudice her "motion to validate" and her motion to file electronically. An appropriate order will follow.

Entered: June 27, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge