# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Lynchburg Division

| | |
|---|---|
| **CRYSTAL VL RICHARDS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No.: 6-18-cv-061 |
| v. ) | |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BANK OF THE JAMES and ROBERT R. CHAPMAN, III's MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

COME NOW Defendants Bank of the James Financial Group, Inc. (d/b/a Bank of the James) and Robert R. Chapman, III, through the undersigned counsel, moving to dismiss, *with prejudice*, the Plaintiff's Second Amended Complaint against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and submit this Memorandum of Law in support of their joint motion and state as follows:

1. The factual allegations in the Second Amended Complaint as they pertain to Defendants Bank of the James and Robert R. Chapman, III, taken as true only for purposes of this motion, appear to state that:

   A. Bank of the James is a bank doing business in Virginia (*see* par. 65);

   B. Robert R. Chapman, III is the President of Bank of the James, and is being sued in that capacity and in his individual capacity (*see* par. 66);

   C. John Wynne allegedly transferred various funds (allegedly insurance proceeds belonging in whole or in part to the Plaintiff) from an account he maintained at Bank of

the James to one at Select Bank in the name of his wife, Catherine Wynne, but Plaintiff does not allege the specifics of the account, how the money was transferred, when such transfer occurred or how Bank of the James participated in any way in such transfer (*see* pars. 206, 242 - 244); and

    D.    Those funds (among other funds) were allegedly used to purchase real property that allegedly is being used as collateral (a Deed of Trust) securing a $815,000 Line of Credit issued by Bank of the James in favor of an entity named Winton Investments, LLC (which is not a Defendant in this action), but there is no allegation concerning when this transaction was entered into (*see* par. 250).

    E.    The undersigned counsel could not see any other allegation in the 127 page Second Amended Complaint involving or concerning either Bank of the James or Robert Chapman, III.

2.    With respect to alleged damages, the Plaintiff requests relief against these Defendants in the amount of $26 million, plus other "compensatory and punitive damages" and "treble damages" and attorneys' fees. *See*, Prayer for Relief at page 127.

As set forth below, these allegations, even by a *pro se* plaintiff, fail to state a cognizable and valid civil claim against these Defendants pursuant to which relief can be granted and the claims against these Defendants should be dismissed *with prejudice.*

When considering a *pro se* complaint for Rule 12(b)(6) purposes, the facts alleged in the complaint must be taken as true. *See, Johnson v. Hill*, 965 F. Supp. 1487, 1488-89 (E.D.Va. 1997). *Johnson* requires the survival of a *pro se* claim on a Rule 12(b)(6) motion "no matter how inartfully pleaded" unless "the complaint contains a detailed description of underlying facts which fail to state a viable claim." *Id*. at 1489 (*quoting Estelle v. Gamble*, 429 U.S. 97, 106-108, 50 L. Ed. 2d

251, 97 S. Ct. 285 (1976)). Courts must allow a *pro se* complaint to go forward where the complaint is broad, as long as it contains a "potentially cognizable claim" that the plaintiff can later particularize. *Id.*; *Bolding v. Holshouser*, 575 F.2d 461 (4th Cir. 1978); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965).

There is no doubt that Plaintiff's claims in this action are "broad," but they definitely lack any "cognizable" claim against either Bank of the James or Robert Chapman, III that could be particularized and developed as litigation proceeds. The Plaintiff's Second Amended Complaint lacks structure, is rambling and repetitive, and needs repeated reading of the 127 page document just to attempt to discern what the Plaintiff is complaining about with respect to these Defendants. The allegations against Bank of the James (allegedly allowing John Wynne to withdraw certain funds from some account, and later obtained a Deed of Trust against certain real property purchased by someone with funds allegedly belonging to the Plaintiff) allege no wrongful conduct on their face, do not establish any actual participation in a wrongful conspiracy to engage in illegal conduct, and bear no relation on their face to the Plaintiff's demand to recover $26 million (among other punitive and treble damages) from the Bank of the James and Mr. Chapman (individually).

Instead, the Second Amended Complaint largely appears to recite, in confusing and repetitive and unorganized detail, the history of various transactions between the Plaintiff and other persons and entities completely unrelated to these Defendants, and Plaintiff's past interactions with law enforcement officials and state agencies. The Plaintiff appears to attempt to manufacture some vast quasi-criminal claim, and to somehow tie these Defendants into the mix merely as a result of (1) allowing John Wynne to use a bank account, and (2) obtain a Deed of Trust on a piece of real property owned by an entity not a party to this action. The Plaintiff alleges, that based on those two alleged facts, Bank of the James and Mr. Chapman have damaged her to the tune of $26

million, and are liable for punitive damages and attorneys' fees. These claims are patently ridiculous and have no factual or legal merit on their face.

Should the Court determine that the undersigned counsel is required to read through the jumbled mess of this pleading and "guess" at any actual, valid civil cause of action based on federal law, the only possible legally cognizable claim Plaintiff *might* be attempting to assert against Bank of the James and Robert Chapman, III is a civil cause of action pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, *et seq.* ("RICO")[1].

Once again, the allegations in the Plaintiff's Second Amended Complaint, however, clearly fail to properly state a valid RICO claim against these Defendants as a matter of law for at least the following six (6) reasons:

1. First, RICO has a four-year statute of limitations for civil actions. *See*, *Agency Holding Corp. v. Malley-Drift Associates, Inc.*, 483 U.S. 143, 156 (1987); *Rotella v. Wood*, 528 U.S. 549 (2000); *Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc.*, 262 F.3d 260, 266 (4th Cir. 2001). There are no allegations in the Second Amended Complaint involving any acts by Mr. Chapman. With respect to the Bank of the James, the allegations involve only two transactions: (1) John Wynn's withdrawal of funds he maintained at the Bank of the James; and (2) the Bank's granting of a line of credit and secured by a Deed of Trust on some unidentified real property. The Plaintiff completely failed to allege the date when these transactions occurred. Accordingly, the allegations in the Plaintiff's Complaint fail to establish that the alleged actions of Defendant Bank of the James (and Robert R. Chapman, III, if any) occurred within the applicable four-year period

---

[1] The *prima facie* elements of a civil RICO claim are generally (a) a culpable "person" who (b) willfully or knowingly (c) commits or conspires to the commission of "racketeering activity" (d) through a "pattern" (e) involving a separate "enterprise" or "association in-fact" in a manner that has (f) an effect on interstate or foreign commerce.

prior to the filing of the Second Amended Complaint (in other words, since July 2, 2015). Given the Plaintiff's failure to allege and demonstrate that the acts by these Defendants occurred within the applicable four-year limitations period, the Plaintiff's civil RICO claim must be dismissed as a matter of law;

2. To the extent any other substantive analysis is necessary, which is denied, the Plaintiff has alleged no facts to establish legal standing to bring a civil RICO action against these Defendants. The Plaintiff has asserted no factual allegations against Robert Chapman, III, either as President of Bank of the James or as an individual. With respect to the allegations against the Bank of the James, neither (1) John Wynne's alleged use of a Bank of the James bank account to deposit and withdraw various funds; nor (2) Bank of the James issuing a line of credit to the benefit of Winton Investments secured by a Deed of Trust caused any foreseeable property damage, business damage, or other financial injury to the Plaintiff. S*ee*, *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992); *Trollinger v. Tyson Foods, Inc*., 370 F.3d 602, 612-13 (6th Cir. 2003); *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 472 (7th Cir. 1997) (because plaintiffs failed to allege or show economic loss proximately caused by defendant's alleged acts, they were without standing to bring a civil action and recover damages under RICO). Accordingly, Plaintiff has no legal standing to bring such claims against these Defendants as a matter of law;

3. The Plaintiff has alleged no facts that either Bank of the James or Robert Chapman, III engaged in any wrongful or illegal conduct of any kind, or willfully and knowingly engaged in any organized pattern of racketeering (criminal) activity over an extended period of time with actual knowledge of illegality. *See, Walters v. McMahen*, 684 F.3d 435, 440-443 (4th Cir. 2012) (affirming dismissal of the complaint for failure to specifically allege with particularity that the

defendant knew that his activity was in violation of the law when he engaged in the alleged actions);

4. The Plaintiff has alleged no facts that either Bank of the James or Robert Chapman, III was part of a criminal enterprise comprised of individuals "associated in-fact" with a common or shared purpose, relationships among the individuals in the enterprise, and a longevity sufficient to achieve the enterprise's purpose to the detriment and damage of the Plaintiff. *See*, 18 U.S.C. §1961(4); *Boyle v. United States*, 556 U.S. 938, 941 (2009);

5. The Plaintiff has alleged no facts which satisfy the proximate causation element that the alleged "injury" was directly caused by the alleged conduct of either Robert Chapman, III or Bank of the James -- in other words, the allegations in the Plaintiff's Complaint fail as a matter of law to establish that the alleged wrongful conduct by Bank of the James (which is again denied) was a substantial and foreseeable cause of the alleged economic injury to the Plaintiff. *See, e.g.*, *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992); *Trollinger v. Tyson Foods, Inc*., 370 F.3d 602, 612-13 (6th Cir. 2003); and

6. The Plaintiff has alleged no facts that these Defendants alleged acts have a nexus with interstate commerce. *See*, 18 U.S.C. 1962(a) to (c); and *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 232-33 (1989).

None of the other federal claims asserted by the Plaintiff, either under the United States Constitution (Article III or the Eleventh Amendment), or the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.), apply to these Defendants.

Accordingly, the Plaintiff's Second Amended Complaint fails to allege a valid civil cause of action against these Defendants under RICO (or any other legally recognized civil cause of

action based on federal law) upon which relief can be granted, and it must be dismissed *with prejudice* pursuant to F. R. Civ. P. 12(b)(6).

## **WARNING TO PRO SE PLAINTIFF:**

**Plaintiff is entitled to file a response opposing this memorandum of law in support of the motion to dismiss, and any such response must be filed within twenty-one (21) calendar days of the date on which this motion to dismiss is filed. The Court could dismiss this action on the basis of Defendants' papers if you, as a *pro se* party, do not file a response.**

**You are entitled to file a legal brief in opposition to the one filed by Defendants.**

                                          **BANK OF THE JAMES FINANCIAL GROUP, INC., and ROBERT R. CHAPMAN, III**

                                          By:   */s/* John W. Francisco
                                                            Counsel

John W. Francisco, Esquire (VSB # 85087)
Woods Rogers, PLC
828 Main Street, 19th Floor
Lynchburg, VA  24504-1522
Telephone:    (434) 846-9000
Facsimile:    (434) 846-0337
Email:    jfrancisco@woodsrogers.com
*Counsel for Defendants Bank of the James, and Robert R. Chapman, III*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of August, 2019, the foregoing Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(6) was electronically filed with the Clerk of the United States District Court, Western District of Virginia, with electronic notification of such filing to Crystal VL Rivers, *pro se* Plaintiff.

                                                              */s/* John W. Francisco