# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Lynchburg Division

| | |
|---|---|
| **CRYSTAL VL RIVERS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 6-18-cv-061 |
| | ) |
| **UNITED STATES OF AMERICA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT SETH TWERY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW the Defendant Seth Twery, through the undersigned counsel, moves to dismiss the Amended Complaint against him with prejudice pursuant to Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure, and submits the following memorandum.

### I.      Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)

The plaintiff filed a nonsensical Amended Complaint, which apparently is the Second Amended Complaint ("Complaint"), rambling about various acts of numerous unrelated parties over 128 pages for events that happened over ten years ago. The Complaint is a collection of meritless and frivolous conspiracy theories against any person with whom the plaintiff has direct or indirect contact. None of the grievances are against Seth Twery and he was not named in any of the counts. For some unknown reason, he was served with a copy of the Complaint.

Rule 12(b)(6) allows the dismissal of a case when the plaintiff fails to state a claim upon which relief can be granted. A <u>pro se</u> complaint must set forth a set of facts in support of her claim which would entitle her to relief. <u>Johnson v. Hill</u>, 965 F. Supp. 1487, 1488-89 (E.D. Va.

1

1997). Dismissal is appropriate when the pleading contains a detailed description of facts which fail to state a viable claim. Id.

Here, Mr. Twery was an attorney for John Wynne, who had represented Mr. Wynne in various cases against Crystal Rivers and, other than this representation, had no dealings with the plaintiff whatsoever. The allegations simply refer to Mr. Twery as an attorney licensed in the Commonwealth of Virginia. See Complaint, Docket No. 17 at ¶ 33. Mr. Twery, a respected attorney in the Lynchburg area, appears to have been largely named because he was Mr. Wynne's attorney, had received closing documents, and had prepared deeds not involving any transaction with the plaintiff.

It is important to highlight that none of the Counts in the Complaint are asserted against Mr. Twery. This Court, in its Memorandum Opinion dated June 27, 2019 (Docket No. 15) has clearly warned the plaintiff that she is bound by the Federal Rules of Civil Procedure, including Rule 11, and that "each count . . . shall identify clearly which defendants are being named in that particular count." In light of the Court's admonishment and the plaintiff's Complaint, it is clear that the plaintiff did not intend to name Mr. Twery as a defendant, nor should he be given the allegations.

Nevertheless, those places in which either Mr. Twery's name or Mr. Twery appears in the Complaint will be discussed, as they clearly do not meet the threshold to survive a motion to dismiss.

In Count 4 (Conspiracy to Deprive Rivers Rights and Remedy to Restitution and Her Assets against Federal, City, County, State Agency and Agents Defendants), the plaintiff makes a conclusory allegation that Mr. Twery ran a bank with John Wynne. Complaint at ¶ 222-223. The claim, like all others, was not against Mr. Twery. Rather, the claim was against "Federal, City,

2

County, State Agency and Agents Defendants," which presumably means the law enforcement agencies. Moreover, the bare and conclusory allegation that Mr. Twery ran a bank with his client John Wynne has no factual support in the Complaint. Despite the absence of this allegation, the plaintiff makes the quantum leap that Mr. Twery was operating an illegal bank, another naked and conclusory allegation. There is a complete lack of factual basis that Mr. Twery engaged in any improper conduct or that such alleged conduct harmed the plaintiff.

The plaintiff further alleges that Twery was paid $1,200 by Advantage Title and Closing in a HUD Statement dated November 20, 2007, which she alleges was a scam to trick her. Id. at ¶ 358. There are no allegations that Twery was involved or engaged in any wrongful conduct, certainly none that, even if assumed were true, would entitle to the plaintiff to relief against Mr. Twery.

Moreover, Mr. Twery was allegedly the recipient of closing documents faxed by Ms. Richardson of Advantage Title and Closing between November 13, 2007 and November 26, 2007. Id. at ¶ 401. The plaintiff alleges that there was a fraudulent closing, but fails to sufficiently allege how Mr. Twery was involved in the closing, had engaged in any improper conduct, or had harmed the plaintiff. The receipt of closing documents does not create liability against Mr. Twery.

Finally, according to the plaintiff, Mr. Twery, in his role as a drafting attorney, prepared two deeds dated August 9, 2011 and November 29, 2011 conveying two lots from the developer to a builder in the Serene Creek Subdivision. Id. at ¶ 363-364. Twery was further named as a trustee on a Credit Line Deed of Trust by First National Bank on lot 18 in the Serene Creek Subdivision. Id. at ¶ 363-364. Mr. Twery further prepared a deed dated May 14, 2012 for lot 34 from the developer to a purchaser. Id. at ¶ 377. Preparation of a legal instrument, like a deed, between two independent parties, by itself, does not and cannot make an actionable claim.

For these reasons, the plaintiff has failed to set forth any cognizable claim against Mr. Twery and he is forced to file this responsive pleading to protect his legal interests and reputation.

## II. Motion to Dismiss Because Any Alleged Claim is Time Barred

The few places in which Mr. Twery appears in the Complaint fall under Count 4 (Conspiracy to Deprive Rivers Rights and Remedy to Restitution and Her Assets), Count 11 (Negligence), and Count 12 (Fraudulent Conveyance). All of the underlying acts for which the plaintiff seeks relief are time barred. A complaint will be subject to dismissal, if the allegations, on their face, show that a claim is barred by the applicable statute of limitations. Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21 (2007).

For common law conspiracy, the limitation period is, at most, a five-year limitation period for property damage. See Va. Code Ann. § 8.01-243. Common law conspiracy is a means for establishing vicarious liability for an underlying tort. Dunlap v. Cottman Transmission Sys., L.L.C., 287 Va. 207, 216, 754 S.E.2d 313, 318 (2014). The limitations period for common law conspiracy is that which applies for the underlying injury. Lance v. Wells Fargo Bank, N.A., 99 Va. Cir. 115, 124 (Chesapeake Cir. Ct. 2018).

The conspiracy count appears to be predicated on the failure of the state and federal agencies to investigate and prosecute criminal wrongdoers. According to the plaintiff, the conspiracy started in 2010 and focuses on "loss of property" that predated the investigation. Clearly, the claim was filed more than five years after the alleged property loss.

Turning to the negligence count, plaintiff points to action that she was wrongfully omitted on closing documents, a closing which occurred on November 21, 2007. Even assuming a five-year limitation period for the alleged loss of real property on which the riding center sits, the

4

property at the subject closing, the negligence claim would be time barred and late by almost 7 years.

The fraudulent conveyance claim, while unclear on its face, seems to focus on deeds that were prepared in 2008-2012 conveying various lots in the Serene Creek subdivision to third parties.  The plaintiff was constructively notified of these transactions on the dates the instruments were recorded, to which plaintiff makes reference to the recordings in her complaint.  A fraudulent conveyance is governed by the doctrine of laches, which is the failure to assert a known right or claim for an unexplained period of time under circumstances prejudicial to the adverse party.  Westwood Bldgs. Ltd. P'ship v. Grayson, 96 Va. Cir. 312, 325 (Fairfax Cir. Ct. 2017)(citing Hyman v. Porter, 37 B.R. 56, 66 (E.D. Va. 1984).  Plaintiff has alleged no facts to demonstrate why she should be permitted to make a claim after waiting at least 7 years after the date of the instruments respective recordings.

For these reasons, any alleged claims are time barred and should be dismissed.

### III.	Motion to Dismiss Pursuant to Rule 8

The plaintiff has set forth an inexcusable mess of incoherent thoughts and unintelligible statements that are so inartfully written that it would challenge and pique the interests of the best forensic linguist.  The Complaint offends the very purpose of Rule 8.  Under Rule 8(a)(2), the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court, in Ashcroft v. Iqbal, gave context to Rule 8 as follows:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)(internal citations omitted).

In this case, the plaintiff does not set forth a short statement. The Complaint is 554 paragraphs over 128 pages. Nor is the statement plain, concise, and direct. See Rule 8(d). Of course, trial courts are instructed to hold pro se litigants "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) Nevertheless, pro se litigants are still bound by the Rules of Civil Procedure. See Memorandum Opinion, Docket No. 15; see also T.W. v. Hanover Cty. Pub. Schs, 900 F. Supp. 2d 659, 663 (E.D. Va. 2012). The Complaint is so voluminous and difficult to read that it is nearly impossible to adequately respond or to glean an actionable claim among the trash heap of words.

As discussed in the previous section of this Memorandum, the claim fails because the plaintiff could not set forth a cognizable claim. Similarly, the Complaint should be dismissed because the plaintiff has asserted naked and conclusory assertions. Moreover, plaintiff fails to set forth a plausible claim against this Defendant with which she did not have any direct relationship or dealings.

Trial courts have dismissed complaints under Rule 8(a)(2) when the pleading was largely incoherent. T.W., 900 F. Supp. 2d at 661; Banks v. Va. Int'l Terminals 1248, No. 2:05cv275, 2006 U.S. Dist. LEXIS 98104 (E.D. Va. Feb. 16, 2006). The pro se status of the plaintiff does not mitigate her duty to comply with Rule 8.

## IV. Conclusion

The plaintiff has failed to set forth a viable or plausible claim against Mr. Twery, a reputable attorney, with whom she had no dealings or relationship. Further, the acts of which the plaintiff complains are more than 10 years old and beyond the respective statute of limitations. For these reasons, the claims against this Defendant should be dismissed with prejudice.

**WARNING TO <u>PRO SE</u> PLAINTIFF:**

**Plaintiff is entitled to file a response opposing this motion to dismiss, and any such response must be filed within twenty-one (21) calendar days of the date on which this motion to dismiss is filed. The Court could dismiss this action on the basis of Defendants' papers if you, as a <u>pro se</u> party, do not file a response. You are entitled to file a legal brief in opposition to the ones filed by Defendants.**

                                  Respectfully submitted,

                                  Seth E. Twery

                                  By    /s/ Chad A. Mooney
                                                     Counsel

Chad A. Mooney
VSB#: 75211
PETTY, LIVINGSTON,
DAWSON & RICHARDS, P.C.
925 Main St., Suite 300
P.O. Box 1080
Lynchburg, VA 24505
434/846-2768 (telephone)
434/847-0141 (facsimile)
Email: cmooney@pldrlaw.com

7

CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on September 3, 2019 the foregoing was mailed by U.S. Regular Mail to the following and was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of
such filing to the following:

Crystal VL Rivers
3831 Old Forest Road, Suite 6
Lynchburg, VA 24551
riversparalegalservices@gmail.com

                                              By    /s/ Chad A. Mooney