IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **CRYSTAL VL RIVERS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 6-18-cv-061 |
| | ) |
| **UNITED STATES OF AMERICA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## SERENE CREEK HOMEOWNERS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW the Defendants Travis Baker, Jennifer Baker, Michael Friedman, Loren Friedman, Richard Rodgers,[1] Beth Rodgers, Matthew Krycinski, Sarah Krycinski, Michael Bradbury, Howard Frear, Barbara Frear, William Fluker, and Michelle Fluker ("Serene Creek Homeowners"), through the undersigned counsel, moves to dismiss the Amended Complaint against them with prejudice pursuant to Rules 12(b)(6) and 8 of the Federal Rules of Civil Procedure, and submits the following memorandum.

### I. Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)

The plaintiff filed a nonsensical Amended Complaint, which apparently is the Second Amended Complaint ("Complaint"), rambling about various acts of numerous unrelated parties over 128 pages for events that happened over ten years ago. The Complaint is a collection of meritless and frivolous conspiracy theories against any person with whom the plaintiff has direct or indirect contact. Although difficult to decipher, the Complaint appears to only set forth one claim against the Serene Creek Homeowners, Count 9 – Negligence.

---

[1] Plaintiff incorrectly spelled Rodgers as "Rogers."

1

Rule 12(b)(6) allows the dismissal of a case when the plaintiff fails to state a claim upon which relief can be granted. A pro se complaint must set forth a set of facts in support of her claim which would entitle her to relief. Johnson v. Hill, 965 F. Supp. 1487, 1488-89 (E.D. Va. 1997). Dismissal is appropriate when the pleading contains a detailed description of facts which fail to state a viable claim. Id.

In this case, plaintiff asserts a "negligence" claim against the Serene Creek Homeowners although the plaintiff raises allegations of fraud and racketeering. While the Complaint as a whole is difficult to understand, this particular count is perplexing and the Serene Creek Homeowners cannot adequately respond. By virtue of the Serene Creek Homeowners owning lots in the Serene Creek Subdivision, the plaintiff contends that they are somehow guilty of wrongdoing. Yet, the plaintiff cannot point to any facts to demonstrate how each of the homeowners engaged in any improper conduct or negligence.

Moreover, none of the other Counts in the Complaint appear to apply to the Serene Creek Homeowners. This Court, in its Memorandum Opinion dated June 27, 2019 (Docket No. 15) has clearly warned the plaintiff that she is bound by the Federal Rules of Civil Procedure, including Rule 11, and that "each count . . . shall identify clearly which defendants are being named in that particular count." In light of the Court's admonishment and the plaintiff's Complaint, it is clear that the plaintiff did not intend to name the Serene Creek Homeowners as Defendants in the other counts, nor should they be named given the substance of the allegations.

For these reasons, the plaintiff has failed to set forth any cognizable claim against the Serene Creek Homeowners.

## II. Motion to Dismiss Pursuant to Rule 8

The plaintiff has set forth an inexcusable mess of incoherent thoughts and unintelligible statements that are so inartfully written that it would challenge and pique the interests of the best forensic linguist.  The Complaint offends the very purpose of Rule 8.  Under Rule 8(a)(2), the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court, in Ashcroft v. Iqbal, gave context to Rule 8 as follows:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)(internal citations omitted).

In this case, the plaintiff does not set forth a short statement.  The Complaint is 554 paragraphs over 128 pages.  Nor is the statement plain, concise, and direct.  See Rule 8(d).  Of course, trial courts are instructed to hold pro se litigants "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972)  Nevertheless, pro se litigants are still bound by the Rules of Civil Procedure.  See Memorandum Opinion, Docket No. 15; see also T.W. v. Hanover Cty. Pub. Schs, 900 F. Supp. 2d 659, 663 (E.D. Va. 2012).  The Complaint is so voluminous and difficult to read that it is nearly impossible to adequately respond or to glean an actionable claim among the trash heap of words.

As discussed in the previous section of this Memorandum, the claim fails because the plaintiff could not set forth a cognizable claim. Similarly, the Complaint should be dismissed because the plaintiff has asserted naked and conclusory assertions. Moreover, plaintiff fails to set forth a plausible claim against this Defendant with which she did not have any direct relationship or dealings.

Trial courts have dismissed complaints under Rule 8(a)(2) when the pleading was largely incoherent. T.W., 900 F. Supp. 2d at 661; Banks v. Va. Int'l Terminals 1248, No. 2:05cv275, 2006 U.S. Dist. LEXIS 98104 (E.D. Va. Feb. 16, 2006). The pro se status of the plaintiff does not mitigate her duty to comply with Rule 8.

### III. Conclusion

The plaintiff has failed to set forth a viable or plausible claim against the Serene Creek Homeowners. For the aforementioned reasons, the claims against these Defendants should be dismissed with prejudice.

**WARNING TO PRO SE PLAINTIFF:**
**Plaintiff is entitled to file a response opposing this motion to dismiss, and any such response must be filed within twenty-one (21) calendar days of the date on which this motion to dismiss is filed. The Court could dismiss this action on the basis of Defendants' papers if you, as a pro se party, do not file a response. You are entitled to file a legal brief in opposition to the ones filed by Defendants.**

Respectfully submitted,

Travis Baker
Jennifer Baker

4

Michael Friedman
Loren Friedman
Richard Rogers
Beth Rogers
Matthew Krycinski
Sarah Krycinski
Michael Bradbury
Howard Frear
Barbara Frear
William Fluker
Michelle Fluker


By    /s/ Chad A. Mooney
            Counsel

Chad A. Mooney
VSB#: 75211
PETTY, LIVINGSTON,
DAWSON & RICHARDS, P.C.
925 Main St., Suite 300
P.O. Box 1080
Lynchburg, VA 24505
434/846-2768 (telephone)
434/847-0141 (facsimile)
Email: cmooney@pldrlaw.com


CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on September 3, 2019 the foregoing was mailed by U.S. Regular Mail to the following and was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of
such filing to the following:

Crystal VL Rivers
3831 Old Forest Road, Suite 6
Lynchburg, VA 24551
riversparalegalservices@gmail.com


By    /s/ Chad A. Mooney

5