IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **CRYSTAL VL RIVERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 6:18-cv-00061 |
| | ) |
| **UNITED STATES OF AMERICA,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

### OLD DOMINION NATIONAL BANK AND MARK MERRILL'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Old Dominion National Bank (the Bank") and Mark Merrill ("Merrill" and together, "Defendants"), by counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), submit this Memorandum in Support of their Motion to Dismiss the Second Amended Complaint (the "Complaint") of Plaintiff Crystal VL Rivers ("Plaintiff").

### INTRODUCTION

The Complaint is an incoherent series of conclusory statements about events that occurred a decade ago. Entirely missing from the Complaint are *factual* allegations that establish a viable claim against Defendants. Moreover, this is the *sixth time* that either Plaintiff or her solely owned business, CVLR Performance Horses, Inc. ("CVLR"), has filed a lawsuit against the Bank stemming from her dealings John Wynne and 1650 Partners, LLC. Three of the prior lawsuits ended in final judgment orders in favor of the Bank. These final judgments operate as *res judicata* as to all claims that Plaintiff now attempts to bring against Defendants in this Court. Accordingly, and for the reasons explained below more fully, the Complaint against Defendants

should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## STATEMENT OF FACTS[1]

In either 2008 or 2009, the Bank received insurance checks payable to CVLR and the Bank. (Compl. ¶¶ 232, 259, 409). CVLR "was the owner of the insurance checks submitted to [the Bank] who claimed to be the mortgagee." (*Id.* ¶ 258.) Plaintiff dissolved CVLR on November 16, 2015. She now claims to own CVLR's award, claims, and equity. (*Id.*)

Merrill is President of the Bank. (*Id.* ¶ 36.) Plaintiff alleges that Merrill and the Bank conspired with other defendants to deprive Plaintiff of her right to the CVLR insurance proceeds. (*Id.* ¶ 511.) Plaintiff alleges that the Bank stole her insurance funds, and, in October 2008, it removed her from accounts belonging to 1650 Partners, LLC ("1650 Partners"), and it refused to give her payoff information. (*Id.* ¶¶ 232, 259-60, 269-70, 327.)

## PLAINTIFF'S HISTORY OF LITIGATION AGAINST THE BANK[2]

### I. The First Federal Action

On September 8, 2011, Plaintiff's solely owned business, CVLR, filed a Verified Complaint against the Bank in this Court (attached as **Exhibit A**) based in part on the Bank's alleged payment of insurance proceeds to John Wynne ("Wynne"), manager of 1650 Partners, for repair work completed at the Serene Creek Run Riding Center (the "Riding Center") in 2008. *See* Ex. A, Compl. ¶¶ 18, 20, 59(c). The Bank responded with a letter to CVLR's former counsel, Gary Bowman (attached as **Exhibit B**), notifying him that the Verified Complaint had

---

[1] This Statement of Facts is derived from the Complaint's allegations and is accepted as true only for the purposes of this Motion to Dismiss

[2] "When considering a motion to dismiss on the basis of res judicata, the court may take judicial notice of prior judicial proceedings when the res judicata defense raises no disputed issue of fact." *Luther v. Wells Fargo Bank, N.A.*, 2016 WL 3948109 at *2 (W.D. Va. July 18, 2016).

2

been filed in violation of Fed. R. Civ. P. 11.  CVLR then moved to dismiss the Bank without prejudice, which occurred by Order entered on December 2, 2011. (Dkt. No. 45).

## II.     The First Albemarle County Action

On September 27, 2013, Plaintiff filed a new Complaint against the Bank (attached as **Exhibit C**), this time alleging that it had conspired with Wynne to cut her out of 1650 Partners.  In response, the Bank filed a Demurrer and Motion Craving Oyer.  On December 12, 2013, the day before the Albemarle County Circuit Court was scheduled to hear argument, Plaintiff agreed to an Order granting the Bank's Demurrer and Motion Craving Oyer in exchange for seven days to file an Amended Complaint.  Plaintiff did file an Amended Complaint, but then she nonsuited it in the face of the Bank's Demurrer, Plea in Bar, and Motion for Sanctions.

## III.    The Second Albemarle County Action

On December 4, 2014, Plaintiff re-filed a word-for-word copy of her first Albemarle County Complaint (attached as **Exhibit D**), which she had previously dismissed by agreed Order.  Following a May 7, 2015 hearing, circuit court entered a Final Order, dated June 9, 2015 (attached as **Exhibit E**), dismissing the action with prejudice.

## IV.     The City of Lynchburg Action

On July 8, 2015, Plaintiff filed a voluminous 271-page Complaint (portions of which are attached as **Exhibit F**) against more than forty defendants, including the Bank, in the Circuit Court for the City of Lynchburg.  At Complaint paragraph 825, Plaintiff alleged that the Bank received insurance proceeds for repair work at the Riding Center but paid these proceeds to Wynne, refusing to reimburse CVLR for the repairs.  On Plaintiff's own motion, the Circuit Court for the City of Lynchburg entered an Order (attached as **Exhibit G**) dismissing this action with prejudice.

3

### V. The Third Albemarle County Action

On January 23, 2017, Rivers filed a Warrant in Debt against the Bank in Albemarle County General District Court (attached as **Exhibit H**), demanding payment for invoices representing the repair work that the insurance proceeds were supposed to cover. The third Albemarle County action ended in a Final Judgment Order (attached as **Exhibit I**) entered on November 2, 2017. That final judgment order included the imposition of a pre-authorization sanction against Plaintiff due to her prior history of dismissed lawsuits against the Bank. *See* Ex. I, ¶ 2.

### STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[, not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a claim will not do." *Id.* Thus, to survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts "to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." *Id.* at 545, 570.

### ARGUMENT AND AUTHORITY

#### I. Res Judicata Bars the Instant Complaint.

"[A] federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."

*Davenport v. Casteen*, 878 F. Supp. 871, 875 (W.D. Va. 1995) (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984)).

Virginia's law of *res judicata* is described in Rule 1:6(a) of the Rules of the Supreme Court of Virginia:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit.

Va. Sup. Ct. R. 1:6(a); *see Luther*, 2016 WL 3948109 at *3 ("Res judicata applies when there has been '(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits'" (quoting *Nash Cnty. Bd. of Ed. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)). Each element of *res judicata* is met here.

### A. Final Judgment on the Merits

The state court judgments dated June 9, 2015, August 2, 2016, and November 2, 2017 (Exs. E, G, I) are final judgments on the merits. *See Griffin v. Griffin*, 183 Va. 443, 450, 32 S.E.2d 700, 702 (1945) ("A decision of an issue of law on a demurrer is a decision on the merits and constitutes *res judicata* as to any other proceedings where the same parties and the same issues are involved"); *Lambert v. Javed*, 273 Va. 307, 310, 641 S.E.2d 109, 110 (2007) (In general, "a judgment of dismissal which expressly provides that it is 'with prejudice' operates as res judicata and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff" (quoting *Va. Concrete Co. v. Bd. of Supervisors*, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956)).

### B. Same Alleged Conduct, Transaction, or Occurrence

The instant Complaint, the third Albemarle County Action, and the City of Lynchburg action all involve allegations that the Bank paid Wynne insurance proceeds that belonged to CVLR for repair work at the Riding Center. While the allegations in the second Albemarle County action involved a more general conspiracy between the Bank and Wynne to deprive Plaintiff of her right to purchase 1650 Partners, the dismissal of that action with prejudice still has *res judicata* effect over the instant Complaint. *See Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 147, 795 S.E.2d 887, 892-93 (2017) ("the effect of a final decree is not only to conclude the parties as to every question actually raised and decided, but as to *every claim which properly belonged to the subject of litigation and which the parties, by the exercise of reasonable diligence, might have raised at the time*" (emphasis in original) (quotations and citations omitted)); *Luther*, 2016 WL 3948109 at *3 ("The doctrine of res judicata means that a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action'" (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 298 (1981)).

### C. Parties are Identical or in Privity

The Bank was the only named defendant in the second and third Albemarle County actions. However, Merrill is President of the Bank, and he is in privity with the Bank for the purposes of *res judicata*. *See State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214, 542 S.E.2d 766, 769 (2001) ("Whether privity exists is determined on a case by case examination of the relationship and interests of the parties. The touchstone of privity for purposes of res judicata is that a party's interest is so identical with another that representation by one party is representation of the other's legal right"); *Reber v. Trident Sys., Inc.*, 2015 WL

1258330 at *4 (E.D. Va. Mar. 17, 2015) ("Notably, courts have held that employees or agents and their employers are in privity due to the nature of their relationship" citing *Lohr v. McCurdy,* 52 Va. Cir. 352 (Rockingham Co. Cir. Ct. 2000) and Henry v. Farmer City State Bank*,* 808 F.2d 1228 (7th Cir.1986)); *Davenport*, 878 F. Supp. at 876 (finding University athletic director in privity with University president for purposes of *res judicata*).

Because each element of *res judicata* is met, the instant Complaint must be dismissed with prejudice.

## II. The Complaint Fails to State a Claim Against Defendants.

The Complaint, which is 127 pages long, is a burden to read. It is rambling, repetitive, and incoherent. The absence of factual allegations sufficient to state a claim against Defendants, coupled with Plaintiff's prior litigation history, confirm that the Complaint was filed in violation of Rules 8(a) and 11(b) and in disregard of this Court's admonition in its July 27, 2019 Memorandum Opinion. Dkt No. 15, p. 10; *see Abbott v. SunTrust Mortg., Inc.*, 2009 WL 971267 at *5 (E.D. Va. Apr. 8, 2009) ("*Pro se* litigants are undoubtedly to be afforded some leniency in the construction of their pleadings. … No amount of permissible leniency, however, can excuse the baseless pleadings filed by the Abbotts"); *Schnader Harrison Segal & Lewis LLP v. Hershey*, 2013 WL 12099323 at *2 (E.D. Va. Aug. 14, 2013), *aff'd*, 575 F. App'x 196 (4th Cir. 2014) ("Nor will a party's status as a pro se litigant preclude sanctions under Rule 11").

Accordingly, the Complaint against Defendants should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendants Old Dominion National Bank and Mark Merrill, by counsel, respectfully request that this Court enter an order dismissing the Complaint against

7
Case 6:18-cv-00061-EKD-JCH   Document 114   Filed 09/05/19   Page 7 of 9   Pageid#: 2046

them with prejudice and granting them such other and further relief as the Court deems necessary and proper.

This 5th day of September 2019.

**OLD DOMINION NATIONAL BANK and MARK MERRILL**

By: /s/ J.P. McGuire Boyd, Jr.
J.P. McGuire Boyd, Jr. (VSB No. 72753)
Justin S. Feinman (VSB No. 87511)
WILLIAMS MULLEN, P.C.
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Facsimile: (804) 420-6507
Telephone: (804) 420-6297
Email: mboyd@williamsmullen.com
Email: jfeinman@williamsmullen.com
*Counsel for Defendants Old Dominion National Bank and Mark Merrill*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September 2019, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record and to the following:

>Crystal VL Rivers
>PO Box 1182
>Forest, VA 24551
>*Pro se Plaintiff*

>By: /s/ J.P. McGuire Boyd, Jr.
>J.P. McGuire Boyd, Jr. (VSB No. 72753)
>Justin S. Feinman (VSB No. 87511)
>WILLIAMS MULLEN, P.C.
>200 South 10th Street, Suite 1600
>Richmond, Virginia 23219
>Facsimile: (804) 420-6507
>Telephone: (804) 420-6297
>Email: mboyd@williamsmullen.com
>Email: jfeinman@williamsmullen.com
>*Counsel for Defendants Old Dominion*
>*National Bank and Mark Merrill*

40813454_1