CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 06 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

**CRYSTAL VL RIVERS**

    **Plaintiff**

v.                                                              **Civil Acti8on No. 6:18-cv-00061**

**UNITED STATES OF AMERICA, et.al.**

    **Defendants**

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO SHERWOOD DAY'S MOTION TO DISMISS

COMES NOW, the plaintiff, Crystal VL Rivers, Pro Se, who hereby submits her Memorandum in Opposition to the Motion to Dismiss Pursuant to Fed. Rule of Civ. Procedure 12(b)(6) filed by Sherwood Day, hereinafter "Day", on August 16, 2019.

### SUMMARY OF THE ARGUMENT

Day's motion to dismiss should be denied because the non-conclusory factual allegations of the amended complaint, taken as true, state a plausible claim that Day, a licensed attorney, practicing in the Commonwealth of Virginia, earned a profit from money obtained under false pretense from a closing that took place using an altered HUD statement and altered Credit Line Deed of Trust (mortgage), obtained money from the Defendant's for his part in, knowingly, intentionally and willingly preparing an altered Deed to the benefit of a third party, and participation in more than one lot named in the Option to Purchase and First Right of Refusal Agreement (exercised February 16, 2016), the conspired directly and indirectly with other defendant's to harm Rivers and her dba, both personally and financially. The amended complaint alleges enough facts to state the elements of the legal claims and, taking the amended complaint as true, there is no alternative innocent explanation of Day's conduct.

1

## LEGAL STANDARD

A court considering a motion to dismiss under Fed. Rule of Civ. Procedure 12(b)(6) must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. **Edwards v City of Goldsboro**, 178 F. 3d 231, 243-44 (4th Cir. 1990). In **Edwards,** the Court wrote: "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." **Id,** at 244.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." **Bell Atl. Corp v Twombly,** 550 U.S. 544, 545 (2007). The Court specifically stated in **Twombly,** a Sherman Act case, that Rule 12 (b) (6) still does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face; plaintiff's must" nudge [ ] their claims across the line from conceivable to plausible. ..." **Id** at 569, see also **Ashcroft v Iqbal,** 556 U.S. 662, 129 S.Ct. 1937 (2009) (extending the 12(b)(6) plausibility standard beyond the Sherman Act).

## STATEMENT OF FACTS

The allegations of the Amended Complaint relating directly and indirectly to Day, are attached as Appendix to this memorandum.

The factual allegations of the Amended Complaint relating to Day, as opposed to legal conclusions, are provided in Appendix

Day argues in the motion to dismiss that "the purpose of any pleading to advise the opposing party of the nature of the claim or defense. The Amended Complaint does just that; moreover, the plaintiff, has provided Day with any/al notifications related to the Option to Purchase and First Right of Refusal as they are filed with the Bedford County Clerk of Court, after they are mailed to all interested parties and has attempted to negotiate and fix and suitable date for closing, since she exercised the Option in February 2016.

2

# ARGUMENT

## I. THE PLAINTIFF DID NOT ASSIGN HER RIGHTS TO PURCHASE THE PROPERTY DESCRIBED IN THE OPTION AND FIRST RIGHT OF REFUSAL AGREEMENT

### A. THERE IS NO WRITING THAT CONVEYED TO ANY OTHER PARTY THE PLAINTIFF'S RIGHT TO PURCHASE ANY PROPERTY DESCRIBED IN THE OPTION AND FIRST RIGHT OF RESUSAL AGREEMENT

Moreover, the Plaintiff Va. Code §Va. Code 11-2, the Virginia Statute of Frauds, states in relevant part:

> Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases:
> 6. Upon any contract for sale of real estate, or for the lease thereof for more than 1 year.

The Virginia statute of frauds requires a written contract for the transfer of the assignment of the right to purchase property. In **Hoover v Baugh,** 108 Va. 695, 62 S.E. 968 (Va. 1908), the Virginia Supreme Court considered a case in which W.S. Baugh agreed in writing to sell to Carson Fitzwater 22 acres for $2950.00 on December 15, 1907, and S.E. Hoover allegedly entered into an oral agreement with Baugh and Fitzwater to purchase 9 of the 22 acres from Fitzwater in consideration for a $830.00 payment to Baugh and a $20.00 payment to Fitzwater on the same December 15, 1907. Baugh cancelled the written contract with Fitzwater on December 1, 1907, and Hoover sued to enforce the oral contract. The Supreme Court held that:

> [t]he alleged contract here sought to be enforced was, as held by the Circuit Court, a parol contract, so alleged in the bill, and as such is not enforceable. The statute on the subject (commonly spoken of as the "statute of frauds") is explicit, and provides inter alia that no action shall be brought upon any contract for the sale of real estate, unless the contract or some memorandum or note thereof, be in writing and signed by the party to be charged thereby or his agent..."

The statute of frauds remains a bedrock principle of Virginia real estate law. See **Lindsay v McEnearney Associates, Inc.** 260 Va. 48, 431 S.E. 2d at 573 (2000). In the year 2000, the Virginia Supreme Court applied Vs. Code §11-2, the current formulation of the statute of frauds, in a case in which the seller of real estate claimed that she had a parol contract with a real estate agent for a commission of one percent instead of the three percent provided for in the written listing agreement. The Court wrote that:

> The purpose of Code §11-2 are to provide reliable evidence of the existence and terms of certain types of contracts and to reduce the likelihood that contracts within the scope of this statute can be created or altered by acts of perjury or fraud [citations omitted]... We held in **Heth's v Woodridgeas,** 27 Va. Frauds rendered unenforceable an oral modification of a holding, we stated that the parol modification of an agreement required to be in writing by the statute of frauds would permit "the very mischiefs which the statute meant to prevent." **Id,** at 51, 531 S.E. 2d 575

Applying this principle to the facts of this case reveals that a writing would have been required for the plaintiff to have relinquished her right to purchase the property described in her Exercised Option and First Right of Refusal Agreement prior to the closing and sale of any piece or parcel of the described property when it was fraudulently conveyed to the defendants. As alleged in this Amended Complaint, the plaintiff had and continues to have a valid written contract to purchase the property, yet, defendant S&R Farm LLC, conveyed the property to the defendants with the help and aid of Day although he was aware of the instant claims that would befall him when Rivers would first learn of how he accepted illegally obtained funds from a altered HUD statement, fraudulent closing and on the day Rivers would exercise her Option and First Right of Refusal Agreement.

Just because Day's clients instructed him to do the "bad acts", he did not argue that the money he received was dirty and that Rivers did not instruct him to

put a third party on any Deed of which she has a contract interest and was due first right of refusal and consideration before releasing any portion of the property described in the Option and First Right of Refusal Agreement. Any such parol agreement Day possibly has would have been unenforceable and would have been nothing more than an oral argument of the type which the Supreme Court refused to recognize in **Hoover v Baugh,** with defendants, S&R Farm as the original seller (a), and the Defendants, North Creek Construction, David Edmundson, Kelly Edmundson, BBoyz, Serenity Acres Farm LLC, Beck and Lester as the additional sellers (b) and Christy West and Judy Wills and the Serene Creek Run Homeowners as the, hopefully, final sellers, Baugh, the defendants as the *subvendee* Hoover, and the plaintiff as Fitzwater. Any oral agreement to assign the property to any third party is precisely the type of oral agreement that is intended to be covered by the statute of frauds. There was no writing[1].

## II. THE AMENDED COMPLAINT ALLEGES SUFFICIENT FACTS TO ESTABLISH DAY'S LIABILITY

The Amended Complaint sets out sufficient facts to establish a plausible claim that Day, a licensed attorney practicing in the Commonwealth of Virginia, earned

---

[1] It was determined on November 12, Case No CL13-000183, **CVLR Performance Horses Inc v S&R, Beck and Lester,** by the Court, that there was no dispute, the contract in question was the Option and First Right of Refusal Agreement and that the contract had never been assigned. The plaintiff was a corporation and could sue or be sued in its own capacity. The Court opined that the contract was a clear unambiguous contract and that neither Rivers in her individual capacity or some unknown incorporated business entity is the plaintiff of the suit. In the Court's opinion, if there were rights, again, obtained by either Rivers and/or an unincorporated entity, CVLR Performance Horses Inc, and if subsequent to that a corporation, the only way that that corporation would obtain rights under this contract would be way of a summary." That was not done in this matter. Beck and Lester argued, successfully, that Rivers was not CVLR Performance Horses Inc. citing **Keeps v Shell Oil Company,** a corporation is a legal person separate and distinct from the persons who own it. They argued that CVLR Performance Horses Inc didn't exist on the day that the Option was signed. It was created four months later. Motion for summary judgment, as far as the case in which the corporation (CVLR Inc) was the plaintiff, was granted. "Neither Rivers in her individual capacity or some unknown incorporated business entity is the plaintiff of the suit….the corporation cannot be granted the relief requested.

a profit from money obtained under false pretense from a closing that took place using an altered HUD statement and altered Credit Line Deed of Trust (mortgage), obtained money from the Defendant's for his part in, knowingly, intentionally and willingly preparing an altered Deed to the benefit of a third party, and participation in more than one lot named in the Option to Purchase and First Right of Refusal Agreement (exercised February 16, 2016), the conspired directly and indirectly with other defendant's to harm Rivers and her dba, both personally and financially.

The Supreme Court's adoption in **Twombly** of the plausibility standard in lieu of the prior **Conley v Gibson** "no facts" standard creates a procedural dilemma for plaintiffs. Fed Rules of Civ. Procedure 8 states a plaintiff shall plead "a short and plain statement of the claim showing that the pleader is entitled to relief Rule 8(a). The **Twombly** standard requires that a plaintiff demonstrate "plausibility" and plead "enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the claim, 550 U.S. at 545. The Court wrote that the pleaded facts must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged **Id,** at 556.

The **Twombly** standard is complicated by language in the Supreme Court's opinion in **Twombly and Ashcroft v Iqbal,** 556 U.S. 662 (2009), the 2009 case which extended the **Twombly** standard beyond the antitrust setting of **Twombly,** that the Court did not intend to create a heightened pleading standard or to replace notice pleading with detailed fact pleading, 540 U.S. at 569. The Court wrote that, "It is still true that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and "that a recovery is very remote and unlikely..", 550 U.S at 555 (citing **Scheuer v**

Rhodes, 446 U.S. 232, 236 (1974). He believed that the **Iqbal** majority misapplied **Twombly** by labelling individual allegations and phrases in the complaint as "conclusory" without considering the content of the complaint as a whole, 556 U.S. 662 129 S Ct 1937 at 1960. Ironically, this was the basis of Justice Stevens' dissent in **Twombly, Id** at 1960. Justice Stevens put his finger on the problem with the **Twombly** standard: it required the parsing of factual and legal conclusions and allowed a court to dismiss valid allegation s of wrong doing as merely labels. Id at 569-90.

From case to case, as is made clear by Justice Steven's dissent to Justice Souter's opinion in **Twombly**, and by Justice Souter's dissent to Justice Kennedy's majority opinion in **Iqbal**, the same judges apply the "conclusory" label to language that passed muster in prior complaints. Once a judge applies the label "conclusory" or "legal" to language in the complaint, "it is entitled to no weight in the 12(b)(6) calculus, **Kilaru**, 62 stan. L. Rev at 920

A plaintiff drafting a complaint does not know how many facts to plead under the current standards. One commentator has called this the "Paradox of Pleading" under **Twombly and Iqbal**. The paradox is that a plaintiff is in a Catch-22 between the "short and plain statement" standard of Rule 8 and the undefined standard of **Twombly and Iqbal**; the plaintiff does not know in advance how much factual matter to plead before she is no longer making a short and plain statement of her case, nor does she know in advance how to identify the defendant's conduct as constituting a particular type of legal misconduct or how to plead the elements of a cause of action without that pleading being labeled as merely "conclusory."

Based on the allegations in the Amended Complaint against day, one can ascertain that Day knew in advance that the plaintiff was the owner of the interest in the Option and First Right of Refusal and has rights to and would exercise the option in the future. It is also alleged with specifity, that Day prepared the Deeds despite the plaintiff's contract and Lis Pendens recorded in the Bedford County Clerk's office. Day prepared the documents and earned a profit from his services when he knew the plaintiff was intitled to consideration and the sale required a release from the plaintiff and can lead to an inference that Day induced or caused the ongoing RICO activity and harm to the plaintiff into the future, particularly based on common knowledge of how real estate closings occur, where the client hires the attorney and expects the attorney to act in a legal and ethical manner.

It is difficult for a plaintiff to thread the needle between the "short and plain statement" standard of Rule 8 and the **Twombly** requirement to plead more facts. Here there are many additional facts that could have been pleaded based upon the plaintiff's newly found knowledge of the case already, but the pleading of such facts would not have been a "short and plain statement" of the case. The plaintiff would be accused of writing over 400 pages of facts. The plaintiff here is caught in the pleading paradox, but the plaintiff's claims against Day is nevertheless enough to meet the intent of **Twombly** of giving the defendant fair notice of her claim.

## CONCLUSION

For the reasons stated herein, the Plaintiff prays that this Court will deny the Motion to Dismiss Pursuant to Federal Rule of Procedure 12(b)(6), 8, and 9(d)

## REQUEST TO AMEND COMPLAINT

In **Schlogel,** this Court wrote that it would have been "willing to grant plaintiff leave to amend his complaint to allege facts that could allow his case to survive a motion to dismiss, but Plaintiff gave no indication at oral argument that he could make such allegations even if he chose to do so. 505 F Supp 2d at 329.

The plaintiff here believes, for the reasons stated above, that the allegations of the Amended Complaint are sufficient to survive Day's motion to dismiss. As stated earlier, the Plaintiff intends to later amend the complaint for reasons unrelated to Days motion. However, if this Court believes that the factual allegations are insufficient now, the Plaintiff requests leave to amend the amended complaint to add newly obtained evidence, unknown to the Plaintiff, and new sufficient factual allegations after the Court rules on the Plaintiff's Motion to Enforce her rights under the Crime Victims Act and has identified how the Amended Complaint is insufficient.

Crystal VL Rivers, Pro-Se
3831 Old Forest Rd, Suite 6
Lynchburg VA 24501
434-818-2921
riversparalegalservices@gmail.com

# APPENDIX – THE ALLEGATIONS OF THE AMENDED COMPLAINT RELATING DIRECTLY TO SHERWOOD DAY

34. Sherwood Day "Day" is a resident of Lynchburg VA and an attorney licensed in the State of VA with offices at 1047 Vista Park #D, Forest VA 24551.

## COUNT EIGHT - RICO

COUNT EIGHT: RICO 18 U.S.C §1961 §1962 (b)(c)(d) §1964 (c)

276. Rivers incorporates the facts alleged in the above paragraphs and repeats and recites and states her claims and facts contained in all previous allegations as if fully set forth in paragraphs herein

277. At all times relevant to the Complaint, the Defendants, named in this Count, who are or have been corporations, subsidiaries, officers, directors, recorded owners and agents; aligned with and continue to do and have done business with each other, operated and/or managed "enterprise" scenarios in a "pattern of racketeering activity" committing related acts within a ten year period of time and were each an enterprise as that term is defined in RICO Racketeering 18 U.S.C §1961 (5) and used in 18 U.S.C §1962(b)(c)(d)

278. The Defendants hold funds that in equity and good conscience belong to Rivers, which Rivers is in equity and law entitled to recover

279. The Defendants conspired to and did derive or receive income from a pattern of racketeering activity some part of which was used to operate and conduct the affairs of the bank.

280. The Defendants identified in this Count was associated directly or indirectly with S&R, SAF, BBoyz, BBoys and Serene Creek Run Association and did conduct or participate in the conduct of their affairs through engaging in a pattern of racketeering activity. Such conduct is a violation.

281. The Defendants identified in this Count are associated directly or indirectly with ODNB, Union, UBC, HOA, Richardson, Fariss, Baker, Wills, West, Krycinski, Bradbury, Frear, Fluker, Edmondon and Northcreek, and Patel, Day, Morrison, Twery, Schenkel, Gay and Grant and the illegal enterprise

286. On or about August 21, 2009, SAF was intentionally organized and registered as a Limited Liability Company to do business in the State of Virginia, by Lester and/or Lester and Beck as the member(s) and trustee(s) in liquidation of S&R under the advice of her attorneys Defendant Day and Grant, to hide assets derived from the illegal acts and omissions of Lester, Beck and S&R since 2007 and plead in this complaint

## COUNT ELEVEN

359. Schenkel, Twery, Day and Morrison were paid for coordinating, negotiating and orchestrating the fraudulent scheme and the scam closing between the Defendants. to dupe Rivers and to benefit their clients to (a) refinance and pay off S&R mortgage loans, $174,000.00 - $1,700,000.00 (b) obtain a new construction loan $110,000.00 to build the Serene Creek Run clubhouse and pool, (c) to pay off existing mortgages on the B&B Ice Cream Store for up to $66,000.00 and therefore earn a profit and income from the existing business, (c) to invest, purchase, and build on other property and businesses, and (d) to earn a profit and income from those businesses and property they had invested in and purchased from the equity, credit, and funds obtained under false pretense.

365. On January 24, 2008; SAR Deeded Lot 16 to Lester and HOA, Instrument No 120011178. . The Deed was prepared by Day. Rivers has never given a release on the Option to Purchase. The lot is currently under contract with Rivers to purchase

370. On July 13, 2007; S&R Deeded Lot 21 to Lester. $500,000.00 Consideration, Day was the closing agent and prepared the Deed. $364,000.00 was used to pay off a Union (Planter Bank) note. The note was used to refinance an existing debt recorded as Instrument No #0700109544. Rivers has never given a release on the Option to Purchase. The lot is currently under contract with Rivers to purchase

**THE ATTORNEYS NAMED DEFENDANT**

382. Day negotiated, conducted illegal affairs and had an interest in and was associated with illegal enterprises, directly and indirectly and participated in the conduct of such enterprise's affairs through a pattern of racketeering activity. Day was paid $500 from the altered HUD statement and altered the Deed preparing it without a benefit of a title search.

401. The Defendants investigated the fact that; Richardson emailed and/or faxed the sham closing and forged unsigned documents to the investigated Defendants, Counts, ODNB, Twery, Schenkel, Day, Morrison, Lester, Beck, and S&R between November 13, 2007 and November 26, 2007.

402. The Defendants investigated the fact that; On or about November 26, 2007; Richardson used the United States Postal Service, to mail the sham closing documents including unsigned documents and the forged documents to ODNB. The documents acts would have been separate from the mailing act.

459. On May 14, 2008; Richard Livingston wrote a letter RE: Ralph and Shana Beck/Crystal Rivers, to Day stating:

"Sherwood, As I indicated to you, Mr and Mrs Henry Beck, the parents of Ralph Beck, made a loan to Ralph and Shana Beck in the amount of $1,000,000.00 evidenced by a promissory note dated December 31, 2004. They want to secure this note by a deed of trust on a tract of

approximately 128 acres being the residue of Beck's property less the subdivisions which they formed and less their home. It is my understanding that both Mr and Mrs Beck are willing to do this."

"In checking the title to the property, we find of record the enclosed option to purchase and first right of refusal by Crystal Rivers as well as an unreleased deed of trust in favor of Planters Bank in the principal amount of $2,500,000.00. You indicated that you thought that might have been paid and I will be in touch with Bill Herbert to see what I can find out."

"At any rate, the "Option to Purchase" and the deed of trust are hurdles to recording a deed of trust to secure the note. I was advised that both of those matters have been taken care of but they have not been of record. Please let me know what you find out as I would like to conclude this matter as soon as we possibly can. In summary Iam enclosing the following: 1. Copy of plat, 2. Copy of Option to Purchase, 3. Copy of promissory note".

460. On May 20, 2008; Richard Livingston wrote a letter to Henry and Helga Beck's New York attorney, James E Mackin stating among other things:

"Dear Jim, Enclosed you will find a draft of the deed of trust which I would contemplate admitting to record in the Clerk's Office of the Circuit Court of Bedford County.....If this instrument seems adequate to you, please let me know and I will endeavor to obtain its execution by Mr and Mrs Beck and admit it to record in the Bedford County Circuit Court Clerk's Office. By copy of this letter to Sherwood Day, the real estate attorney for Shana Beck, I am forwarding him a copy of the letter with the request that he give me his input as well."

461. On August 14, 2008; Livingston prepared and recorded a Deed of Trust as Instrument No 080013853, naming Henry and Helga Beck as legal holder of the obligation described in the said Deed of Trust conveying property described as tax map #99-3-1, and 99-A-28 to secure the payment of the $1,000,000.00 note and made from property conveyed to S&R by Margaret Terrell Belcher by Deed dated November 19, 2003, Bedford County Instrument No 030024202 without notice to Rivers

462. On January 29, 2010, the DOT described above as Instrument 080013853, was modified by Grant naming Livingston as a trustee for Henry and Helga Beck (legal holders of the within described obligation) and recorded on May 5, 2010 as Instrument No 100004110 without notice to Rivers

463. On May 20, 2013; in the Ralph Beck v. Shana Lester and Crystal Rivers matter, CL13000188, Lester, represented by counsel, answered the complaint and admitted in #7 that she lacked the legal ability to remove the option, and that the provision in the settlement agreement (5th partial settlement agreement) presented an impossibility and therefore was void

WHEREFORE, the Plaintiff requests and demands judgment against Defendants as follows:

A. Damages in the amount of no less than $26,000,000.00;

B. Compensatory and Punitive damages;

C. Treble damages and attorneys' fees where authorized;

D. Injunctive relief; and such other further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been mailed or emailed to the Defendant and to the following Defendant's on September 6, 2019.

IRS, FBI, Karen Deer, Mary Lou Prilliman
c/o US Attorney Timothy Cullen 310 First St, SW Rm 906, Roanoke VA 24011

Virginia State Police
c/o Exec. Officer/Superintendent Gary T Settle, 7700 Midlothian Tkp, N. Chesterfield VA 23235

Commissioner E Joseph Face, Jr
c/o Attorney General Mark Herring 202 N Ninth St, Richmond VA 23219

Bedford Virginia "Town"
c/o County Attorney Patrick Skelley 122 E Main St, Bedford VA 24523
c/o Attorney General Mark Herring 202 N Ninth St, Richmond VA 23219

City of Lynchburg Virginia
c/o City Attorney 900 Church St, Lynchburg VA 24504
c/o Attorney General Mark Herring 202 N Ninth St, Richmond Va 23219

Albemarle County
c/o Albemarle Co. Attorney, Co Office Bldg, 401 McIntyre Rd, Charlottesville VA 22902
c/o Attorney General Mark Herring 202 N Ninth St, Richmond VA 23219

Shana Beck Lester and S&R Farm LLC  2060 Everett Rd, Forest VA 24551

Serenity Acres Farm LLC
c/o Registered Agent Steve Grant 1 Cedar Hill, #C, Bedford VA 24523

BBoyz LLC c/o Registered Agent Terrance Dunn, 1045 Cottontown Rd, Lynchburg VA 24503

Ralph Beck and S&R Farm LLC 504 Cottontown Rd, Forest VA 24551

Peter Sackett and Sherri Sackett  5058 Boonsboro Rd, Lynchburg VA 24503

Old Dominion National Bank, Mark Merrill, and Kelly Potter
4916 Plank Rd, North Garden VA 22959

Ted Counts Realty & Auction Co. Inc *formerly* Counts Realty Group & Auction Co Inc
c/o William Bryant III, 828 Main St, 15th Floor, Lynchburg VA 24504

Counsel for Advantage Title and Closing Co. LLC and Jennifer Richardson
Stanley P Wellman at **swellman@hccw.com**
M. Scott Fisher, Jr. at **sfisher@hccw.com**

Matt Fariss 243-C Livestock Rd, Lynchburg VA 24588

Ronald T Beach 2710 Goode Station Rd, Goode VA 24523

Select Bank Financial Corp, Select Bank, Walter G Mason, James Michael Thomas
211 Gristmill Dr, Forest VA 24551

Margie Callahan 18396-C Forest, VA 24551

Counsel for Lisa Schenkel
William E Phillips at **bphillips@caskiefrost.com**

Frank Morrison 828 Main St, Suite 1403, Lynchburg VA 24504

Steve Grant 1 Cedar Hill #C, Bedford VA 24523

Mark Loftis PO Box 14125, Roanoke VA 24038

Prescott H Gay 1045 Cottontown Rd, Lynchburg VA 24503

Sameer Patel 5200 Fort Avenue, Lynchburg Va 24502

Counsel for Liberty University Inc and Laura Wallace
Mark C Nanavati at **mnanavati@snllaw.com**
G. Christopher Jones at **cjones@snllaw.com**

North Creek Inc aka North Creek Construction, Kelly Edmundson, and David Edmundson
595 Legacy Lakes Way, Aberdeen NC 28315

Counsel for Serene Creek Run Association HOA, Travis Baker, Michael Friedman, Richard Rogers, Matthew and Sarah Krycinski, Michael Bradbury, Howard Frear, William Fluker, and Seth Twery  Chad A. Mooney at **cmooney@pldrlaw.com**

Atlantic Union Bankshares and Atlantic Union Bank *formerly* Union Bankshares and Union Bank
1051 E. Cary St, Suite 1200 Richmond VA 23219

Counsel for Sherwood Day   Richard T Gilman at **rgilman@daylawva.com**

Counsel for Bank of the James and Robert Chapman
John W Francisco at **jfrancisco@woodsrogers.com**

Crystal VL Rivers, Pro Se
3831 Old Forest Rd, Suite 6
Lynchburg VA 24501
434-818-2921, riversparalegalservices@gmail.com

16