Pla

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| CRYSTAL VL RIVERS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Civil Action No. 6:18-cv-61 |

## **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COME NOW Defendants Shana J. Lester ("Lester") and Serenity Acres Farm, LLC, ("SAF") by counsel, and file this Memorandum in support of their Motion to Dismiss the Plaintiff's Second Amended Complaint (the "Complaint") pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

## **PROCEDURAL HISTORY**

Plaintiff initially filed a Complaint in this case on May 25, 2018. She subsequently filed an Amended Complaint on June 15, 2018. On June 20, 2019 Plaintiff filed a Motion for Leave to file another Amended Complaint. The Court entered an Order permitting the Second Amended Complaint, noting that the existing Complaint likely contained some claims that would be subject to dismissal. In that Order, the Court admonished Plaintiff that "her second amended complaint should not name more than one defendant unless one claim against each additional defendant is transactionally related to the claim against the first defendant or seeks joint and several relief, and involves a common question of law or fact." (Dkt. No. 15 at. 9), citing *Keck v. Virginia*, No.3:10cv555, 2011 WL 2708357, at *2 (E.D. Va. July 12, 2011).

1

On July 2, 2019, Plaintiff filed her Second Amended Complaint (hereinafter, the "Complaint").

## THE COMPLAINT

The Complaint consists of 128 pages and 554 paragraphs and names 65 defendants. It is convoluted, repetitive, confusing and contains 19 separate counts.

In the Complaint, Plaintiff asserts this Court has subject matter jurisdiction over her claims on the following bases: (1) the Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S. C. § 1961 *et seq.*; (2) the Federal Tort Claims Act, 28 U.S.C. § 2671; (3) supplemental or pendent jurisdiction pursuant to 28 U.S.C. § 1367; and (4) diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In recounting the history of her numerous legal disputes over the years involving the same transactions described in the Complaint, Plaintiff makes reference at paragraph 86 to a breach of contract suit her company, CVLR Performance Horses, Inc. ("CVLR"), filed in Bedford Circuit Court against Lester and Lester's ex-husband, Ralph Beck. According to the Complaint, that suit was dismissed due to CVLR's lack of standing because CVLR was not a party to the option contract. at issue. At paragraph 92 the Complaint refers to a case filed on July 8, 2015 in Lynchburg Circuit Court, Case No. CL16-0525, in which Plaintiff took the position that she had a valid option to purchase a Riding Center property and that this option constituted a "valid contract lien" against the property.

Defendants Lester and SAF are not mentioned at all in the first seven counts of the Complaint. SAF first appears at page 66 and Lester first appears at page 67, in Count Eight of the Complaint, entitled "RICO 18 U.S.C. §1961 §1962(b)(c)(d) §1964 (c)." *Complaint* at 65. Words and phrases like "enterprises," "predicate acts," "racketeering activities," and "illegal

acts" make appearances here and there throughout Count 8, along with the names of Lester, SAF and many, many other defendants.

Count 10, entitled "Fraudulent Conveyance," mentions Lester, SAF and a host of other Defendants in a rambling recitation of various real estate transactions. Count 12, also entitled, "Fraudulent Conveyance," names Lester and SAF among numerous defendants and is a similarly confounding compendium of conveyances.

In Count 16 at paragraphs 474 and 475, Plaintiff states Lester and her ex-husband took a $20,000.00 "bribe," the circumstances of which are entirely unclear. It is equally unclear how this alleged bribe gives rise to any claim by Rivers against the Defendants. In this portion of the Complaint, Plaintiff makes reference to a Bedford County Circuit Court case that was nonsuited in 2013 and apparently not re-filed.

Lester is mentioned in Count 17, but there are no new allegations against her; it appears Plaintiff is seeking an injunction against Lester but fails to identify this request and does not plead the necessary facts to show injunctive relief is necessary and appropriate.

There are no allegations against Lester or SAF in Counts 1-7, 11, 13-15, 18 or 19.

**ARGUMENT & AUTHORITIES**

I. <u>Rule 8</u>.

As has been noted by several other defendants in their motions to dismiss the Complaint, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R. CIV.P. 8(a). "Each allegation must be simple, concise and direct." F.R. CIV.P. 8(d)(1). The complaint must "give the defendant fair notice of what the

Plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Repeated failures to comply with Rule 8 may justify dismissal of the lawsuit. *See Id*.

Supreme Court decisions such as *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), flesh out the proper approach to determining whether a complaint meets the standard of pleading under Rule 8, particularly in potentially complex cases involving allegations of federal statutory and constitutional violations. The pleading standard under Rule 8 does not require "detailed factual allegations," but it demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 678, (citing *Twombly* at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

There is nothing short or plain about the 128-page, 554-paragraph Complaint. As other defendants in this case have noted in their motions and memoranda in support of dismissal of the Complaint, the document is incredibly confusing and it is impossible to understand Plaintiff's allegations and what conduct or counts are attributed to any particular defendant. Without stating any clear facts to support her claims, Plaintiff repeatedly asserts the Defendants are involved in "illegal acts," "enterprises," "racketeering activities" and "predicate acts." *Complaint* at Count 8. These are the legal conclusions couched as facts, unwarranted inferences and unreasonable conclusions that the Court should not accept in evaluating whether the Complaint should be dismissed for failure to state a claim.

The Complaint in general and Count 8 in particular are little more than bewildering litanies of labels, conclusions and "formulaic recitations of elements of causes of action" – verbiage that the Supreme Court has declared is not entitled to a presumption of truth. When the

unsupported labels, conclusions and inferences are stripped away and the Court searches for intelligible facts to support any claims against Defendants, it will find none. The Complaint simply does not contain any short and plain statement of any claim against Defendants.

This is not Plaintiff's first violation of Rule 8 in this proceeding. The previous two iterations of the Complaint contain all the same defects. The present Complaint is the third hodgepodge of labels and conclusions lobbed in this proceeding against a vast number of Defendants without any facts to support them or tie them together. Plaintiff's repeated violations of Rule 8 should result in dismissal of the Complaint.

II. Rule 12(b)(1) and Subject Matter Jurisdiction

As this Court very recently noted in *Doe v. Va. Polytechnic Inst. & State Univ.* (W.D. Va., 2019), "In deciding a Rule 12(b)(1) motion, 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Doe* at 7 (citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991))). It must, however, "view the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Id.* (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citing *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R,* 945 F.2d at 768)).

The Complaint fails to invoke the subject matter jurisdiction of this Court with regard to the claims against Lester and SAF - so far as any intelligible and cognizable claims can be identified - for the following reasons: (1) 8 U.S.C. § 1332 does not confer jurisdiction because

diversity of citizenship is lacking; (2) the counts against various federal agencies and employees invoking the Federal Tort Claims Act do not involve Defendants Lester or SAF; and (3) Count 8, which invokes RICO, for reasons explained below, fails to state a claim upon which relief can be granted. The RICO Count presents the only federal question in which Lester and SAF are implicated by Plaintiff. Because the RICO count must be dismissed, there can be no supplemental jurisdiction for any state-law claims against Lester and SAF.

III. <u>Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can Be Granted</u>

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether the plaintiff has met this standard, the court accepts as true all well-pleaded facts in the complaint and any documents incorporated into or attached to it. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Further, as in the Rule 8 analysis, it must "draw all reasonable factual inferences from those facts in the plaintiff's favor," *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), but it "need not accept legal conclusions couched as facts or 'unwarranted inferences, unreasonable conclusions, or arguments,'" *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (quoting *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008)). *See also Doe v. Va. Polytechnic Inst. & State Univ.*, Civil Action No. 7:18-cv-170 (W.D. Va., August 15, 2019).

A. <u>The RICO Claims are Time-Barred</u>.

Where all facts necessary to show claims are time-barred clearly appear "on the face of the complaint," then a limitations defense appears on the face of the complaint and may be addressed as part of a motion to dismiss. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464, (4th Cir. 2007); *Doe v. Va. Polytechnic Inst. & State Univ.* (W.D. Va., 2019). The limitations period for a RICO action is four years from the date Plaintiff discovered or, if diligent, should have discovered, she was injured by the acts of the defendants. *See, e.g., Rotella v. Wood*, 528 U.S. 549, 555 (2000); *Potomac Elec. Power Co. v. Electric Motor and Supply, Inc.*, 262 F.3d 260, 266 (4th Cir. 2001); *CVLR Performance Horses, Inc. v. Wynne* (W.D. Va., 2013). In Count 8, alleging violations of RICO by Lester, SAF and many others, the Complaint states at paragraph 286, "[o]n or about August 21, 2009 SAF was intentionally organized and registered as a limited liability company … to hide assets derived from the illegal acts and omissions of Lester, Beck and S&R since 2007…" *Complaint* at 67. Also according to the Complaint, on April 25, 2013 Plaintiff's company, CVLR Performance Horses, Inc., filed suit against Lester and her ex-husband for breach of contract; that action involved the same sorts of allegations that are so confusingly thrown together in Count 8 of the Complaint.

It is absolutely clear from the face of the Complaint, therefore, that Plaintiff was aware of injury caused by the acts of Lester and others no later than 2013. She was so sure of it that her company filed suit. In fact, it appears from the Complaint and its mention of the 2009 formation of a company to "hide assets" from "illegal acts" by Lester and other dating back to 2007 that Plaintiff knew or should have discovered she was injured long before 2013. In any event, Plaintiff knew of injury from the very same acts and transactions alleged in Count 8 more than

four years before she filed the Complaint on July 2, 2019.[1]  Hence, the RICO claims are time-barred and must be dismissed for failure to state a claim on which relief can be granted.

      B.  <u>Claim and Issue Preclusion</u>.

For years Plaintiff has been litigating various claims alleging misdeeds against numerous Defendants in connection with her alleged option to purchase and/or right of first refusal with respect to property belonging to S&R Farm, LLC, Beck, Lester or SAF and Defendants' alleged failure to honor her option.  The Complaint references prior litigation of these claims in Bedford and Lynchburg Circuit Courts.  Plaintiff notes that the Bedford litigation was dismissed because the plaintiff, her company, did not have standing to bring the suit because it was not a party to the alleged option contract.  The Lynchburg case was dismissed with prejudice.

The issue of whether Plaintiff's instant claims are precluded by these Virginia decisions should be examined under Virginia law.  In the Commonwealth, claim preclusion is codified at Rule 1:6 of the Rules of the Supreme Court of Virginia, which states,

> [a] party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

VA. CT. R. 1:6(a). Under this rule, "a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Lee v. Spoden* , 290 Va. 235, 245, 776 S.E.2d 798, 803 (2015) (quoting Taylor v. Sturgell , 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)). Hence, parties may not "relitigat[e] ... the same cause of action, or any part thereof which could have been litigated" in the previous

---

[1] Plaintiff filed her initial Complaint in this matter on May 25, 2018, but it is entirely unclear in that Complaint which Defendants the RICO count is asserted against.

action. *Bates v. Devers*, 214 Va. 667, 670–71, 202 S.E.2d 917, 920–21 (1974); *See also D'Ambrosio v. Wolf*, 295 Va. 48, 809 S.E.2d 625 (2018); *Rhoten v. Commonwealth* , 286 Va. 262, 750 S.E.2d 110 (2013).

Unlike claim preclusion, which prohibits relitigation of a cause of action, issue preclusion or collateral estoppel prohibits relitigation of common factual issues between the same or related parties. *See Funny Guy*, *LLC v. Lecego, LLC*, 293 Va. 135, 142, 795 S.E.2d 887 (2017).

As stated above, Plaintiff's vague and confusing pleading lacks any intelligible facts attributing specific conduct on the part of Defendants. The only thing that is somewhat clear is that Plaintiff's grievances continue to revolve around her insistence that some sort of ill-defined nefarious conduct on the part of one or more of the Defendants prevented her from exercising the alleged option. Plaintiff has aired these grievances on multiple occasions in state courts; those claims were litigated and dismissed. She now seeks to repackage her claims as federal questions in order to put the very same issues before the federal courts. It is clear under Virginia claim and issue preclusion law that she is barred from doing so.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Second Amended Complaint must be dismissed pursuant to Rules 8(a), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, insufficient pleading and failure to state a claim upon which relief can be granted. To the extent there are any cognizable state law claims against Lester and SAF in the Complaint, they are not properly before this Court under supplemental jurisdiction because the RICO claims must be dismissed.

Pla

Respectfully submitted,

SHANA J. LESTER
SERENITY ACRES FARM, LLC

_____
E. Albion Armfield (VSB No. 43808)
Overstreet Sloan, PLLC
300 Enterprise Dr., Suite D
Forest, VA 24551
(434)525-8579
albie@overstreetsloan.com
*Counsel for Defendant Shana J. Lester
and Serenity Acres Farm, LLC*

<u>SERVICE</u>

   Pursuant to Rule 5 of the Federal Rules of Civil Procedure, no certificate of service is required when a paper is served by filing it with the Court's electronic filing system.  I certify that in addition to service via electronic filing, a copy of this Motion was mailed on September 9, 2019 to the *pro se* Plaintiff, Crystal Rivers, at P.O. Box 1182, Forest, Virginia 24551.

*E. Albion Armfield*
_____
E. Albion Armfield (VSB No. 43808)
Overstreet Sloan, PLLC
300 Enterprise Dr., Suite D
Forest, VA 24551
(434)525-8579
albie@overstreetsloan.com
*Counsel for Defendant Shana J. Lester*
*and Serenity Acres Farm, LLC*