IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
SEP 2 3 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

**CRYSTAL VL RIVERS**

    **Plaintiff**

v.                                     Civil Acti8on No. 6:18-cv-00061

**UNITED STATES OF AMERICA, et.al.**

    **Defendants**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 8, 12(b)(6), and 20 AND PLAINTIFFS REQUEST FOR LEAVE TO AMEND HER AMENDED COMPLAINT AND MOTION TO DISQUALIFY**

In the Plaintiff's Amended Complaint, Crystal VL Rivers, Pro Se, documents the Defendant Prescott H Gay, Sr. "Gay" actions relating illegal conduct, directly or indirectly, conspiracy, involvement and history with the "bad actors", unnamed and named as Defendants' in this matter. The Plaintiff describes her claims in specific detail, defining statements of her claim showing that she was injured by the Defendant directly and indirectly and that she is entitled to relief to be determined by this Court but for no less than the consideration owed to her to release the cloud on the property and any funds Defendant received and extorted from any sale of any portion of the property; trebled. A portion of $26,000,000.00. Her statements and facts are summarized from new facts she has learned since 2016 and that are not time barred since Exercising the valid Option to Purchase and First Right of Refusal in February 2018.

The Defendant conspired with Defendants Sameer Patel, Ralph Beck and BBoyz and Defendants to be added to this matter, Christy B West and Judy S Wills to prepared a Deed on the 23rd day of Aril 2019 Instrument No 190003938 which conduct resulted in

1

an illegal closing that paid the Defendant and other named Defendants, knowing that a option existed on the property. **See Exhibit 1**

Rivers would not have to defend this matter so vigorously against the Defendant in this Court and under the Deed described under the Exercised Option.[1]

The Defendant acted in a concerted effort to help Defendants Patel, Lester, Beck, S&R, SAF and others to be named in this matter while the matter was currently being litigated in this Court.

Not only did Defendant have full knowledge that the option cloud on the property was in place, he had been notified by the Plaintiff. **See Exhibit 2**. The Defendant also knew that the sales of the property would each be instant claims against the Homeowners without Rivers first agreeing and being paid to release her option on any remaining S&R Farm land; when she discovered the evidence in 2019 and after she exercised her option.

The Defendant protests pursuant to Rule 12(b)(6) that Rivers claims against them, fail to state a claim upon which relief can be granted on the grounds that the allegations against the Defendant, taken as a whole, allege nothing more than nonsensical, rambling about various acts of numerous unrelated parties over 128 pages for events that happened over ten years ago. They go so far as to allege that Rivers complaint is a collection of meritless and frivolous conspiracy theories against any person with whom the Plaintiff has direct or indirect contact.

---

[1] The $475,000.00 did not pay for the riding center property, it was dispersed for separate loans, debts and "kick backs". A certificate of satisfaction was recorded in August 2009. The Defendant continued to represent Beck and Beck, Bboyz S&R, SAF continued to use the property mortgaged with Planters Bank as collateral to invest and purchase and develop more property unrelated to the Option

2

The allegations against the Defendant are but a small portion of the overall federal investigation of John L Wynne and named and unnamed Defendants direct and indirect RICO Racketeering actions, obtaining money under false pretense, money laundering, embezzlement, extortion, forgery, fraudulent conveyance, insurance and bank fraud that the Defendants FBI, IRS, and the United States of America failed to indict and injure Rivers and others as crime victims.

The Court should reject all of Defendants arguments. Through her Amended Complaint, Rivers inarguably provides Defendants' with fair account of her statements and claims—and the host of allegations, taken as true, plausibly and squarely support each claim Rivers has pled. At the pleading stage and before any discovery has been taken, Rivers allegations as to the Defendant being paid and purchasing property from extorted funds, fraudulent conveyances, sham closings and altered HUD's are likewise sufficient, and they are also clear enough to support her claim of illegal conduct and conspiracy; whether directly or indirectly.

Reading through the particularized allegations of the Amended Complaint from beginning to end—and accepting them as true for purposes of the Motion—unquestionably allows the Court to reasonably infer the Defendant is liable for the misconduct alleged responsible to pay Rivers consideration; trebled. The Court should therefore deny Defendants' motions to dismiss relating to Rule 12(b)(6) or in the alternative, move to allow Rivers to correct and amend her complaint. The Defendant has not denied any of the facts or allegations pled by the Plaintiff.

1. **Summary of general factual allegations.**

**The Defendant** is sued individually and in a official capacity. The Defendant was acting within the scope of an enterprise conspiring with the **Defendants**, in a pattern of racketeering activity intentionally to get paid for her services as a closing attorney, registered agent and owner of interest.

In furtherance, the Federal agencies and agents named Defendant; (a) failed to interview potential witnesses who had information concerning the **Defendants** involvement in Wynnes extortion and illegal banking enterprise; (b) failed to follow up on leads and evidence provided to them regarding the illegal enterprise and the suffering of Rivers; (c) otherwise failed to issue warrants for arrest and (d) failed to prosecute

As a direct, proximate, foreseeable and intended result of the acts and omissions alleged in this complaint, the Federal and State agencies and their agents and employees named Defendant prevented Rivers from (a) learning the truth they had uncovered in their investigations of Wynne, the pattern of RICO activity being perpetrated by the **Defendants they investigated, and the named Defendants in this complaint**, the illegal banking activity of Select, SBFC, Mason, Thomas, BOJ, Chadwell, ODNB, Merrill, Potter, UBC, and Union, and thus allow Rivers, her businesses, Serene Creek Run Holding Company, CVLR Performance Horses Inc."CVLR Inc., and CVLR d/b/a, and the other female victims to continue to be victimized and suffer as a result of not allowing for criminal charges, indictment and/or prosecution, (b) precluding Rivers from seeking civil judgment against those responsible for her suffering, and (c) denying Rivers from her clearly established constitutional rights as guaranteed by the First Amendment to the United States Constitution in that Rivers was deprived her right to seek a civil remedy since 2009 when Rivers provided SCC, FBI, VSP, Talbott, Prilliman, IRS, Deer, and the local Bedford and Lynchburg Police and Sheriff departments with her documents and evidence for review and/or to be copied and used to prosecute, to the present because the illegal activity is still on-going resulting in lost damages.

4

Rivers, her businesses[2] and other victims have suffered as a result of the Defendants named above, neglecting their duties, and aiding and abetting the criminal activity of the RICO enterprises and barring local law enforcement from investigating and prosecuting John Wynne, his entities and the **Defendants they investigated** described further in this complaint. They decided Rivers, her businesses and other victims were expendable

## COUNT EIGHT:   RICO 18 U.S.C §1961 §1962 (b)(c)(d) §1964 (c)

1. Rivers incorporates the facts alleged in the above paragraphs and repeats and recites and states her claims and facts contained in all previous allegations as if fully set forth in paragraphs herein

2. At all times relevant to the Complaint, the Defendants, named in this Count, who are or have been corporations, subsidiaries, officers, directors, recorded owners and agents; aligned with and continue to do and have done business with each other, operated and/or managed "enterprise" scenarios in a "pattern of racketeering activity" committing related acts within a ten year period of time and were each an enterprise as that term is defined in RICO Racketeering 18 U.S.C §1961 (5) and used in 18 U.S.C §1962(b)(c)(d)

3. The Defendants hold funds that in equity and good conscience belong to Rivers, which Rivers is in equity and law entitled to recover

4. The Defendants conspired to and did derive or receive income from a pattern of racketeering activity some part of which was used to operate and conduct the affairs of the bank.

5. The Defendants identified in this Count was associated directly or indirectly with S&R, SAF, BBoyz, BBoys and Serene Creek Run Association and did conduct or participate in the conduct of their affairs through engaging in a pattern of racketeering activity. Such conduct is a violation.

---

[2] CVLR Performance Horses Inc is not a party to this case and was terminated in 2015 assigning any all award and new claims to Rivers

5

6. The Defendants identified in this Count are associated directly or indirectly with ODNB, Union, UBC, HOA, Richardson, Fariss, Baker, Wills, West, Krycinski, Bradbury, Frear, Fluker, Edmondon and Northcreek, and Patel, Day, Morrison, Twery, Schenkel, Gay and Grant and the illegal enterprise

7. The actions of each of the Defendants identified in this Count, through a pattern of racketeering activity, took place over a period of at least ten years and included multiple acts

## COUNT TWELVE– FRAUDULENT CONVEYANCE
## DEFENDANTS BECK, LESTER, S&R, SAF, BBOYZ, BBOYS, NORTHCREEK, UNION, GAY, PATEL, LOFTIS

8. Rivers incorporates the facts alleged in the above paragraphs and repeats and recites and states her claims and facts contained in all previous allegations as if fully set forth in paragraphs herein

9. On May 6, 2019; Beck sold a subdivided portion of Tax Map 99-3-1, 2 acres along Cottontown Rd, Forest VA to WEST and WILLS, $245,000.00 consideration. Patel performed the title search and was the settlement agent conducting the closing. Gay prepared the Deed without the benefit of a title search. Loftis provided incorrect release information. Gay, Patel and Loftis, knowingly orchestrated the sale of the property intentionally going around the cloud on the property. Rivers has never given a release on the Option to Purchase. The lot is currently under contract with Rivers to purchase.

10. On May 6, 2019; Rivers learned that the property located at 5040 Cottontown Rd, Forest VA had been subdivided and Beck was selling the 2 acres with the home he built on property that Rivers continues to have a cloud on. The property now described as 4988 Cottontown Rd was sold for $245,000.00 to Christy West and Judy Wills Deed Instrument No 190003938. The Deed of Trust between West and Wills and United Wholesale Mortgage and United Shore Financial Services LLC, Loan #1219070788 for $232,750.00 signed 5/6/19 describes the property as being the same property conveyed

6

to them by Deed from Beck dated April 23, 2019 and recorded immediately hereto. Sam Patel of Anchor Title and Escrow LLC was the title searcher and settlement agent for the closing of the property.

11. On June 5, 2019; Rivers mailed a Demand Notice to Beck, Wills, West, Lester, Bboyz, Bboys, S&R, SAF, and copied to Loftis, Patel, Anchor Title, UWM, and Emanuel Voces. Only Beck has responded to the Demand Notice. Beck disputes the demand.

12. Through a series of telephone calls, texts messages and emails to Patel, Century 21 and Loftis, Rivers learned that Loftis had sent a release to Patel. Rivers asked repeatedly for a copy of the release and was refused. Loftis later admitted in a email that he provided Patel with prior litigation cases that had been dismissed between Beck and her former company, CVLR Inc and cases that the Court did not have jurisdiction over Beck and had been dismissed. Loftis failed to provide him with the Federal litigation that he had been made aware of by notice from Rivers.

13. Gay, Loftis and Patel negotiated and had an interest in the sale of 4988 Cottontown Rd on May 6, 2019 and was associated with illegal enterprises, directly and indirectly and participated in the conduct of such enterprise's affairs through a pattern of racketeering activity.

14. Gay, Loftis and Patel intentionally, for the sole purpose of getting paid and allowing Beck, Lester, and S&R to fraudulently convey the property and make a large profit from the use of Rivers contracts and sales of the property.

15. Gay, Loftis and Patel were notified buy Rivers of the remaining cloud on the property and conspired to help hide the option cloud pertaining to the S& R Farm property

16. Gay prepared the Deed without the benefit of a title search. Loftis provided incorrect release information. Gay, Patel and Loftis, knowingly orchestrated the sale of the property intentionally going around the cloud on the property. Rivers has never given a

7

release on the Option to Purchase. The lot is currently under contract with Rivers to purchase.

17. Rivers learned that the property located at 5040 Cottontown Rd, Forest VA had been subdivided and Beck was selling the 2 acres with the home he built on property that Rivers continues to have a cloud on. The property now described as 4988 Cottontown Rd was sold for $245,000.00 to Christy West and Judy Wills Deed Instrument No 190003938. The Deed of Trust between West and Wills and United Wholesale Mortgage and United Shore Financial Services LLC, Loan #1219070788 for $232,750.00 signed 5/6/19 describes the property as being the same property conveyed to them by Deed from Beck dated April 23, 2019 and recorded immediately hereto. Sam Patel of Anchor Title and Escrow LLC was the title searcher and settlement agent for the closing of the property.

18. On June 5, 2019; Rivers mailed a Demand Notice to Beck, Wills, West, Lester, Bboyz, Bboys, S&R, SAF, and copied to Loftis, Patel, Anchor Title, United Wholesale Mortgage, and Trustee, Emanuel Voces. Only Beck has responded to the Demand Notice. Beck disputes the demand.

19. Through a series of telephone calls, texts messages and emails to Patel, Century 21 and Loftis, Rivers learned that Loftis had sent a release to Patel. Rivers asked repeatedly for a copy of the release and was refused. Loftis later admitted in a email that he provided Patel with prior litigation cases that had been dismissed between Beck and her former company, CVLR Inc and cases that the Court did not have jurisdiction over Beck and had been dismissed. Loftis failed to provide him with the Federal litigation that he had been made aware of by notice from Rivers.

20. The "raw-land" portion of the S&R property and described within the Notice to Exercise the Option contract continues to be used to collateralize other accounts, investments and transactions for entities the Defendants have an interest in

## Applicable legal standards

The Court is amply familiar with the legal standard that governs motions to dismiss. In ***White v Volkswagon Corp.*** *of am. Inc* 2013 WL 685298, 2 (W.D. Ark Feb 25, 2013) The Court summarized it as follows:

> In ruling on a motion to dismiss, the Court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. ***Schaaf v Residential*** *Funding Corp.* 517 F 3d 544, 549 (8th Cir 2008). Complaints should be liberally construed in the plaintiffs favor and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. ***Rucci v*** *City of Pacific,* 327 F 3d 651, 652 (8th Cir 2003) (quoting ***Conley v Gibson***, 355 U.S. 41, 45-46 (1957). Nevertheless, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible o n its face." ***Ashcroft v Iqbal***, 129 S. Ct. 1937, 1949 (2009). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." ***Bell Atlantic Corp v Twombly***, 550 U.s. 544, 555 (2009). "The plausibility standard is not akin to a "probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." ***Iqbal***, 129 S.Ct. at 1949.
>
> Elaborating on ***Twombly*** and ***Iqbal***. The Court noted:
>
> ***Twombly and Iqbal*** did not abrogate the notice pleading standard of Federal Rule 8. Rather, those decisions confirmed that Rule 8(a)(2) is satisfied when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for a misconduct alleged." ***Hamilton v Palm*** 621 F. 3d 816, 817 (8th Cir. 2010) (quoting *Iqbal* 556 U.S. at 678). Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a Plaintiff's claim, the Court should deny a motion to dismiss. ***Twombly***, 550 U.S. at 556.
>
> The burden of proof on these issues would be on the Defendant's. The general rule in Virginia is that to establish the defenses of *res judicata* or collateral estoppel, "the record of the prior action must be offered in evidence."³ ***See Scales v Lewis***, 261 Va. 379, 383, 541 S.E.2d 899, 901 (2001); ***Bernau v Nealon,*** 219 Va. 1039, 1041, 254 S.E.2d 82, 84 (1979)⁴

**In Patricia Grimes v District of Columbia,** No 13-7038 on Appeal from U.S. District Court for the District of Columbia No 1:08-cv-02024; A claim of counsel's conflict of interest calls into question the integrity of the process in which the allegedly conflicted counsel participates, the

---

³ Isolated orders without the pleadings and other memorandums and opinions and orders that came before and after cannot be sufficient as a matter of law to establish what was decided in the prior cases cited by the Defendants alleging the Plaintiff was a party or that the Defendants were a party to. Counsel cannot argue a matter that Rivers was not a party to.

⁴ Rivers has never sued the Defendants in Federal court and the Lynchburg Circuit Court did not have jurisdiction over them as Defendants because the causes of action were Federal and criminal and because Rivers did not filed motion for leave to amend the complaint. The amended complaint was "moot" "null and void" and the Defendants were not named in the original Complaint for the allegations plead against them in this matter.

9

court should resolve a motion to disqualify counsel before it turns to the merits of any dispositive motion. For the very reasons that the ethics rules forbid lawyers to enter into representations that create conflicts of interest or the appearance thereof, a district court must promptly address allegations of conflict. , "[a] district court must rule on a motion for disqualification of counsel prior to ruling on a dispositive motion because the success of a disqualification motion has the potential to change the proceedings entirely." **Bowers v Ophthalmology Grp**, 733, F.3d 647, 654 (6th Cir. 2013)

**Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics**, No 301, Supreme Court of United States (1971); The Crime Victims Act of 2004 provides that a crime victim is a victim when the crime is reported. The Supreme Court reserved in **Bell v Hood**, 327 U.S. 678 (1946), that the question whether violation of that command by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. On June 21, 1971, they held that it does.

Under **Jane Does v United States of America** No 9:2008-cv-80736, Rivers and other victims have rights to restitution as a crime victims under the Crime Victims Act.

The **FUNNY GUY, LLC, et al v LECEGO, LLC, et al.** 795 S.E.2d 887, 293 Va. 135, Supreme Court of Virginia, Record No. 160242 (2017)

### Argument and Authorities

Under a straightforward application of the applicable standards, it is quickly apparent that the Plaintiff's Amended Complaint satisfies all pleading requirements, mandating denial of Defendants motions to dismiss.

I. Rivers pleads with enough specificity to support all her claims. In actuality; Rivers Amended Complaint includes enough of such specifics for at least a full biography. The Defendants take aim at Rivers individual allegations, engaging in a tortuous exercise in hairsplitting designed to create the impression that Rivers detailed description of the facts somehow falls short of the "who, what, when" standard. They say that in the alternative, the Court Order Pursuant to Fed. R. Civ. P. Rules 8, and 12(b)(6) requiring Plaintiff to file a more definite statement of her claim against the Defendant, on the ground that the allegations against them appear in four paragraphs, which contain conclusory allegations that they engaged in illegal conduct, directly and indirectly, without specifically referencing any conduct. This matter has been "swept under the rug" by the Defendant and is tied directly to the Defendant and their involvement directly or indirectly with the named and unnamed Defendants, the extorted funds, fraudulent conveyance

10

and the property which were/are all part of an overall federal investigation of John L Wynne's extortion, illegal banking enterprise, attempting to use the optioned property, Rivers' signature, insurance policies, contracts and equity.

This case has been established to be Federal and Rivers has rights as a crime victim under the Crime Victim Act and a party of interest to bring and plead her claims valued at over $75,000.00. In addition, the Defendants claim that the Plaintiff fails to allege sufficient plausible facts that, if proven, would entitle her to relief. Rivers is entitled to relief prayed for in her Amended Complaint, to restitution from the United States of America and will be determined by the Court and trebled. The Defendants seem to find Rivers allegations aren't simple, concise and direct enough for them to understand. The facts speak for themselves and they have been narrowed down so that the complaint does not exceed 400 pages. Fraud statutes start when you learn them. Conspiracy statutes of limitations start when you find the last act. There is no statute of limitations to fraudulent conveyance. The Defendants last known act was learned in 2019 after this case had been filed. Any and all evidence of additional claims, fraud and conspiracy learned in discovery will be added as addition acts and causes of action. Rivers files this response with a Motion for Leave to Amend her Amended Complaint

II. A complaint need only meet the liberal federal notice pleading standard. **Bell Atlantic Corp v Twombly** 550 U.S. 544(2007). Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. **Ashcroft v Iqbal**, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. **Ashcroft v Iqbal**, supra.

With the help of the Defendant's, operated(s) an open-ended illegal banking enterprise. ***CVLR Performance Horses Inc v John L Wynne, Rivermont Banking Company Inc.*** U. S. W. Dist Ct. Va (*May 29, 2013*)[5]

"The district Court's (Judge Moon) analysis focused on the first example from *H.J. Inc.* and concluded that CVLR failed to plead open-ended continuity because each racketeering act did not, on its face, threaten to continue long term. However, the district Court's analysis overlooked the more general point that the Appellees conduct "projects info the future with a threat of repetition." The Amended Compliant alleges that Wynne used Rivermont and 1650 Partners for over three years in a series of racketeering acts. In particular, Rivermont's function as a bank was an integral part of the RICO operation because Wynne lured victims into the scheme by holding Rivermont out as a bank or otherwise used Rivermont to facilitate his scheme. CVLR also alleges that Rivermont continues to advertise as a bank, and the Amended Complaint creates no inference that Rivermont has ended its fraudulent activities. Therefore, the allegations in the complaint support an inference that the activity "projects into the future with a threat of repetition" and that racketeering acts are the Appellees' "regular way of doing business." See ***EPlus Technology Inc. v Aboud*** 313 F 3d 166, 182-83 (4th Cir 2002) (three examples of looting companies of assets prior to filing for bankruptcy established open-ended continuity).

The district Court (Judge Moon) also concluded that the Amended Complaint fails to plead open-ended continuity because the Appellees racketeering activity had a "built-in ending point." Specifically, the district Court (Judge Moon) found it implausible that the racketeering acts would continue into the future, because all of the victims identified in the Amended Complaint" have been bilked" and, presumably, know better that to do more business with Appellees. Again, we disagree. "The lack of a threat of continuity of racketeering activity cannot be asserted merely by showing a fortuitous interruption of that activity." ***United States v Busacca*** 936 F. 2d 232, 238 (6th Cir. 1991). Instead, the threat of continuity must be viewed at the time the racketeering activity occurred." Here, as explained above, at the time the Appellees acts occurred, the conduct "projected into the future with a threat of repetition," ***H.J. Inc*** 492 U. S. at 241, and there was no other indication that Wynne's conduct was to be limited to only the identified victims. Thus, the victim's discovery of the Appellees misconduct does not prevent CVLR from establishing open-ended continuity. In sum, we conclude that the Amended Complaint pleads open-ended continuity. Because the district Court based its dismissal on a conclusion to the contrary, we reverse the district Court's (Judge Moon) order granting the motion to dismiss and remand for further proceedings in the district Court." **Case No 6:11-cv-00035-NKM** Argued March 21, 2013 Decided May 29, 2013 before Traxler, Chief Judge Shedd, Circuit Judge and David Faber, Senior US District Judge for the S. Dist. of WV

III. Defendants seek to have Rivers Amended Complaint dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims. However, Courts are to look to the papers, and to the complaint and accept all of plaintiff's factual allegations as true and draw inferences from those allegations in the light most favorable to the Plaintiff. ***Friedl v City of New York,*** 210 F. 3d 79, 83(2nd Cir. 2000); ***Courtenay Communications Corp. v Hall***, 334

---

[5] Rivers was not a party or intervenor to CVLR Performance Horses Inc v Wynne, et al Case No 6:11-cv-00035-NKM

F 3d 210, 213(2nd Cir 2003). The issue is not whether a Plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims made in the complaint. **Courtenay Communications Corp v Hall**, *supra*. The complaint may be dismissed only where it appears beyond doubt that the Plaintiff can prove no set of facts in support of the claims asserted which would entitle the Plaintiff to relief. In this case, Rivers is entitled to relief, clawback and restitution as a Crime Victim and as a Plaintiff. [t]he Court should, however, consider allowing Bailey the opportunity to amend his pleadings to assert any claim he may have..See **Bailey v United States** 2007 and 33 similar citations

**IV.** The Defendants are merely bothered that they have to trudge through and read through the facts reported and claimed in Rivers Amended Complaint. Rivers takes no grand pleasure in reliving the criminal and tortious acts committed by the Defendants including the United States of America and having to put them to paper. The fact that they actually understand that Rivers is asserting exactly what she plead, and that the Plaintiff incorporated the facts alleged in the above paragraphs of the complaint and repeated and recited and stated her claims and facts contained in all previous allegations as if fully set forth in paragraphs herein demonstrates that they are grasping at straws trying to muddy the water.

Rivers discovered the fraudulent sale after this case had been filed. The newly found evidence clearly indicates instant claims which show economic loss proximately caused by the Defendant. This is a combined RICO and Civil rights case. Rivers has rights to consideration and to restitution. The evidence brings forth the claims which relief may be sought for injury which was caused by the Defendants in this matter.

The Defendant clearly obtained funds from the closings of the 4988 Cottontown Rd property optioned by Rivers. The Defendant prepared the Deed and had full knowledge was aware that the title searches were real and created problems with regard to the title due to Rivers Option contract. "They will know better than to do business with him next time." Norman K Moon.

13

Furthermore, Rivers has included her Motion for Leave to Amend and Motion to Disqualify counsel with this response.

## CONCLUSION

Wherefore; For the forgoing reasons asks the Court for Leave to Correct and Amend her Amended Complaint to add newly discovered trial and testimony evidence within ten days from the filing of this Motion for Leave to Amend. The Defendants Motion to Dismiss should be denied and a hearing set for Motion to Disqualify, and her with witnesses no sooner than after the United States of America files its answer.

Respectfully submitted,

Crystal VL Rivers, Pro Se
3831 Old Forest Rd, Suite 6
Lynchburg VA 24501
434-818-2921
riversparalegalservices@gmail.com

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been mailed or emailed to the following Defendant's and the Clerk of the United States District Court for the Western District of Virginia Lynchburg Division on September 23, 2019.

Counsel for the Defendants, IRS, FBI, Karen Deer, and Mary Lou Prilliman
310 First St, SW Rm 906, Roanoke VA 24011
US Attorney Thomas Cullen at **Sara.Winn@usdoj.gov** and **Christy.Nicklas@usdoj.gov**

Virginia State Police
c/o Exec. Officer/Superintendent Gary T Settle, 7700 Midlothian Tkp, N. Chesterfield VA 23235

Commissioner E Joseph Face, Jr
c/o Attorney General Mark Herring 202 N Ninth St, Richmond VA 23219

Bedford Virginia "Town"
c/o County Attorney Patrick Skelley 122 E Main St, Bedford VA 24523
c/o Attorney General Mark Herring 202 N Ninth St, Richmond VA 23219

City of Lynchburg Virginia
c/o City Attorney 900 Church St, Lynchburg VA 24504
c/o Attorney General Mark Herring 202 N Ninth St, Richmond Va 23219

Albemarle County
c/o Albemarle Co. Attorney, Co Office Bldg, 401 McIntyre Rd, Charlottesville VA 22902
c/o Attorney General Mark Herring 202 N Ninth St, Richmond VA 23219

Counsel for Defendants Shana Beck Lester and Serenity Acres Farm LLC
300 Enterprise Dr, Suite D, Forest VA 24551
E Albion Armfield at **albie@overstreetsloan.com**

Counsel for BBoyz LLC and Ralph Beck
PO Box 14125, Roanoke VA 24038
Erin Ashwell at **eashwell@woodsrogers.com**

S&R Farm LLC 5040 Cottontown Rd, Forest VA 24551 and 2060 Everett Rd, Forest VA 24551

Counsel for Peter Sackett and Sherri Sackett
310 First St, Suite 700
G. Creasy at **GCreasy@jamlaw.net**

Counsel for Old Dominion National Bank and Mark Merrill
200 South 10th St, Suite 1600, Richmond VA 23219

15

Boyd McGuire at **mboyd@williamsmullen.com**

Kelly Potter 4916 Plank Rd, North Garden VA 22959

Counsel for Ted Counts Realty & Auction Co. Inc *formerly* Counts Realty Group & Auction Co
2306 Atherholt Rd, Lynchburg VA 24505
F.E. Isenhour III at **tisenhour@caskiefront.com**

Counsel for Advantage Title and Closing Co. LLC, Jennifer Richardson and Matt Farriss
PO Box 70280, Richmond VA 23255
Stanley P Wellman at **swellman@hccw.com**
M. Scott Fisher, Jr. at **sfisher@hccw.com**

Counsel for Defendants Select Bank Financial Corp and Select Bank
1328 3rd St, SW Roanoke VA 24016
Eric D Chapman at **echapman@cowanperry.com**

J. Michael Thomas
211 Gristmill Dr, Forest VA 24551

Counsel for Margie Callahan
901 E Byrd St, Suite 950, Richmond VA 23219
Alexander S de Witt at **adewitt@freeborn.com**

Counsel for Lisa Schenkel
2306 Atherholt Rd, Lynchburg VA 24501
William E Phillips at **bphillips@caskiefrost.com**

Counsel for Frank Morrison
12576 Wards Rd, Rustburg VA 24588
Thomas L Phillips Jr. at **tphillips@pmflawyers.com**

Counsel for Defendant Steve Grant
100 S Mason St, Harrisonburg VA 22801
Gregory T St. Ours at **gstours@wawlaw.com**

Mark Loftis PO Box 14125, Roanoke VA 24038 at **mloftis@woodsrogers.com**

Counsel for Prescott H Gay
25 N Central Ave, Staunton VA 24401
Thomas G. Bell, Jr., at **tbell@timberlakesmith.com**

Sameer Patel 5200 Fort Avenue, Lynchburg Va 24502

Counsel for Liberty University Inc and Laura Wallace
13811 Village Mill Dr, Midlothian VA 23114

16

Mark C Nanavati at **mnanavati@snllaw.com**
G. Christopher Jones at **cjones@snllaw.com**

North Creek Inc aka North Creek Construction, Kelly Edmundson, and David Edmundson
595 Legacy Lakes Way, Aberdeen NC 28315

Counsel for Serene Creek Run HOA, Travis Baker, Michael Friedman, Richard Rogers, Matthew and Sarah Krycinski, Michael Bradbury, Howard Frear, William Fluker, and Seth Twery
925 Main St, Suite 300, Lynchburg VA 24505
Chad A. Mooney at **cmooney@pldrlaw.com**

Atlantic Union Bankshares and Atlantic Union Bank *formerly* Union Bankshares and Union Bank
1051 E. Cary St, Suite 1200 Richmond VA 23219

Counsel for Sherwood Day
1047 Vista Park Dr, Suite D, Forest VA 24551
Richard T Gilman at **rgilman@daylawva.com**

Counsel for Bank of the James and Robert Chapman
828 Main St, 19th Floor, Lynchburg VA 24504
John W Francisco at **jfrancisco@woodsrogers.com**

_____
Crystal VL Rivers, Pro Se
3831 Old Forest Rd, Suite 6
Lynchburg VA 24501
434-818-2921,
**riversparalegalservices@gmail.com**