# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Lynchburg Division

| | |
|---|---|
| CRYSTAL VL RIVERS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. ) | Civil Action No.: 6-18-cv-061 |

## SETH TWERY'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND MEMORANDUM IN SUPPORT OF MOTION

COMES NOW the Defendant Seth Twery, by counsel, pursuant to FED. R. CIV. P. 11, and moves for sanctions against plaintiff Crystal VL Rivers ("plaintiff" or "Ms. Rivers"), and states the following in support of his motion:

### INTRODUCTION

The plaintiff is a serial litigator with a long history of filing baseless lawsuits. Plaintiff has filed this action against 65 defendants including the United States of America, the Federal Bureau of Investigations, the Virginia State Police, the IRS, several localities, financial professionals, banks, attorneys, the Association and the Serene Creek homeowners. The lawsuit is frivolous, is not well-grounded in fact or law, and has been filed merely for the improper purpose of continuing to harass these defendants. As such, it violates Rule 11 and requires sanctions against the plaintiff. The harassing behavior should not be tolerated.

### THE PRESENT SUIT

All of the claims plaintiff asserts in the present case, in violation of Rule 11, are for the

improper purpose of harassing this Defendant and unnecessarily causes him to incur attorney's fees by defending the suit.   Further, as set forth in the Association's Motion to Dismiss, the plaintiff's lawsuit is not warranted by existing law and the factual contentions do not have evidentiary support.

Here, Mr. Twery was an attorney for John Wynne, who had represented Mr. Wynne in various cases against Ms. Rivers and, other than this representation, had no dealings with the plaintiff whatsoever.  The allegations refer to Mr. Twery as an attorney licensed in the Commonwealth of Virginia.  <u>See</u> Complaint, Docket No. 17 at ¶ 33.  Mr. Twery, a respected attorney in the Lynchburg area, appears to have been largely named because he was Mr. Wynne's attorney, had received closing documents, and had prepared deeds not involving any transaction with the plaintiff.

It is important to emphasize that <u>none</u> of the Counts in the Complaint are asserted against Mr. Twery.  This Court, in its Memorandum Opinion dated June 27, 2019 (Docket No. 15)  has clearly warned the plaintiff that she is bound by the Federal Rules of Civil Procedure, including Rule 11, and that "each count . . . shall identify clearly which defendants are being named in that particular count."  In light of the Court's admonishment and the plaintiff's Complaint, it is clear that the plaintiff did not intend to name Mr. Twery as a defendant, nor should he be given the allegations.

Nevertheless, those places in which either Mr. Twery's name or Mr. Twery appears in the Complaint will be discussed, as they clearly do not meet the threshold to survive a motion to dismiss.

In Count 4 (Conspiracy to Deprive Rivers Rights and Remedy to Restitution and Her Assets against Federal, City, County, State Agency and Agents Defendants), the plaintiff makes

a conclusory allegation that Mr. Twery ran a bank with John Wynne. Complaint at ¶ 222-223. The claim, like all others, was not against Mr. Twery. Rather, the claim was against "Federal, City, County, State Agency and Agents Defendants," which presumably means the law enforcement agencies. Moreover, the bare and conclusory allegation that Mr. Twery ran a bank with his client John Wynne has no factual support in the Complaint. Despite the absence of this allegation, the plaintiff makes the quantum leap that Mr. Twery was operating an illegal bank, another naked and conclusory allegation. There is a complete lack of factual basis that Mr. Twery engaged in any improper conduct or that such alleged conduct harmed the plaintiff.

The plaintiff further alleges that Twery was paid $1,200 by Advantage Title and Closing in a HUD Statement dated November 20, 2007, which she alleges was a scam to trick her. Id. at ¶ 358. There are no allegations that Twery was involved or engaged in any wrongful conduct, certainly none that, even if assumed were true, would entitle to the plaintiff to relief against Mr. Twery.

Moreover, Mr. Twery was allegedly the recipient of closing documents faxed by Ms. Richardson of Advantage Title and Closing between November 13, 2007 and November 26, 2007. Id. at ¶ 401. The plaintiff alleges that there was a fraudulent closing, but fails to sufficiently allege how Mr. Twery was involved in the closing, had engaged in any improper conduct, or had harmed the plaintiff. The receipt of closing documents does not create liability against Mr. Twery.

Finally, according to the plaintiff, Mr. Twery, in his role as a drafting attorney, prepared two deeds dated August 9, 2011 and November 29, 2011 conveying two lots from the developer to a builder in the Serene Creek Subdivision. Id. at ¶ 363-364. Twery was further named as a trustee on a Credit Line Deed of Trust by First National Bank on lot 18 in the Serene Creek

3

Subdivision. Id. at ¶ 363-364. Mr. Twery further prepared a deed dated May 14, 2012 for lot 34 from the developer to a purchaser. Id. at ¶ 377. Preparation of a legal instrument, like a deed, between two independent parties, by itself, does not and cannot make an actionable claim.

## THE HISTORY

The plaintiff has been involved in numerous cases, both represented by counsel and, more recently, as a pro se litigant. See List of Cases attached hereto as Exhibit A.

In 2015, the plaintiff filed the pro se Complaint in the City of Lynchburg Circuit Court, Case Number CL15000525 styled Crystal Rivers v. Joseph Sanzone, et al. See Complaint attached hereto as Exhibit B. In that case, she named many of the defendants in this suit. In particular, the defendants were Joseph Sanzone (attorney), Battlefield Ford (car dealership), Sanzone & Baker (law firm), Mark Donevant (sic)(attorney), Glen White, Margie Callahan (insurance agent), State farm Mutual Automobile Insurance Co., Advantage Title and Closing, LLC (closing company), Jennifer Richardson (owner of Advantage Title), Colonial Title Insurance, LLC, Robert Thomas Beach, Walter G. Mason (officer at Select Bank), James Michael Thomas (officer at Select Bank), Virginia Bankers Association, E. Joseph Face, Shana Beck Lester, Ralph Beck, S&R Farms, **Seth Twery (attorney)**, Sherwood Day (attorney), Charles Darnell (former officer at Old Dominion National Bank), Mary Lou Hopkins (employee at Old Dominion National Bank), Kelly Potter, and Eugenia Goodale. In total, she named 24 defendants. Upon information and belief, the original complaint was not served.

The complaint was 115 pages of recitation of events that were unrelated and did not remotely amount to any plausible cause of action. Quite simply, Ms. Rivers named each defendant simply because she may have had some dealings with them throughout her course of business history when she ran a horse-riding center.

On or about July 12, 2016, the plaintiff filed an amended pleading, but added parties, including some of the Serene Creek Homeowners and Serene Creek Run Association. See Amended Complaint attached hereto as Exhibit C. In total, the Amended Complaint named 46 parties. There is commonality between the defendants in that case and in this one, including Mr. Twery. The facts and circumstances are substantially similar, if not the same, as the case here. For some unknown reason, the plaintiff lengthened the Amended Complaint from 115 to 271 pages.

After many of the defendants in the Lynchburg Circuit case filed demurrers, the **plaintiff moved to dismiss her own case with prejudice**. See Order attached hereto as Exhibit D. Much like when a criminal defendant appeals his own guilty plea, Ms. Rivers appealed her own request for dismissal to the Supreme Court of Virginia, which petition was naturally denied. See Notice of Appeal attached hereto as Exhibit E and Petition for Appeal attached as Exhibit F.

In 2019, the plaintiff filed a Warrant in Detinue in the Lynchburg General District Court, seeking to retrieve copies of 1650 Partners, LLC business records. See Warrant in Detinue attached as Exhibit G. A warrant in detinue is a proceeding to recover possession of personal property. See Va. Code Ann. § 8.01-114. In that case, Ms. Rivers filed an action not based in law. Upon the filing of a Motion to Dismiss and Motion for Sanctions in that action, the plaintiff nonsuited her case before the judge could rule on the motions. See Motion attached as Exhibit H. The Motion for Sanctions was not heard because the plaintiff dismissed her own case.

## SANCTIONS

The present Complaint has already been litigated in the Lynchburg Circuit Court, is clearly frivolous and presented for the improper purpose of attempting to harass and inflict punishment on parties that have opposed or thwarted plaintiff. Her claims are not warranted by

5

existing law or by a non-frivolous argument for extending, modifying, or reversing existing law. As such, the Amended Complaint clearly violates Rule 11 and, in light of the history of plaintiff's other filings, cries out for the imposition of sanctions. Counsel has satisfied the requirement of Rule 11(c)(2) of giving the plaintiff the opportunity to withdraw her Amended Complaint within 21 days of the letter served on her by regular mail and e-mail on September 3, 2019. See Exhibit I.

The plaintiff's litigious activities have been a thorn in the side of the judicial system for years and caused great inconvenience, expense and pain to many persons and institutions. She has sued the federal government, localities, a University, attorneys and financial professionals who have opposed her and individual persons and neighbors. The actions of plaintiff undermine the credibility of the judicial system.

Defendant requests the imposition of two forms of sanctions: (1) the Defendant's attorney's fees relating to his filing of this action; and (2) a prefiling injunction (i.e., a "gatekeeper" order). The latter device has been used by numerous courts and approved by the Fourth Circuit. Judge Spencer in Richmond recently issued such an injunction, and provided a summary of the rationale and authority for its use:

> The Court finds it appropriate to protect itself from the Farleys' excessive filings and to protect opposing parties from meritless lawsuits. Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 619 (M.D.N.C. 1998) ("Courts have the authority to protects defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers."). It is well established that a litigant who floods the Court with repetitive complaints may be subject to a system of pre-filing review. See In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (holding that district courts have the authority to impose a pre-filing review system on frequent filers of frivolous complaints). There are no exceptions for pro se litigants. Armstrong, 16 F. Supp. 2d at 620.

Farley, et al. v. Bank of America, et al., No. 3:14-CV-568, 2015 U.S. Dist. LEXIS 75972 at *19 (E.D. Va., June 11, 2015); affirmed by Farley v. Bank of Am., N.A., 615 Fed. Appx. 804, 2015

U.S. App. LEXIS 16169 (4th Cir., Sept. 11, 2015). Judge Spencer fashioned the following remedy:

> 1. Before filing any such lawsuit, the Farleys must first submit to the clerk of court where the Farleys seek to file the lawsuit: (i) an application for leave to file suit; (ii) a copy of the accompanying Order; and (iii) a notarized affidavit or declaration stating that the matters raised in the lawsuit have not been raised or decided in any other lawsuit, are brought in good faith, and are not for the purpose of harassment;
>
> 2. The Court where the Farleys seek to file must grant them leave to file the lawsuit before filings therein may be docketed or served on any party; and
>
> 3. Violation of the accompanying Order may result in a finding of contempt and imposition of civil penalties.

Id. at *20. The Defendant requests this Court to impose the same prefiling requirements and restrictions on the plaintiff for any future filings in any court in the United States. Mere dismissal with prejudice will not suffice, as the plaintiff will merely refile in this Court or another one. Nor will imposition of civil penalties alone be sufficient, as it is believed that the plaintiff is judgment proof. The plaintiff believes that she can file these cases without fear of reprisal given her financial situation. The needless harassment must come to an end. Only this Court can fashion the needed relief for this Defendant.

WHEREFORE, the Defendant requests this Court to dismiss the Amended Complaint with prejudice and to impose the sanctions as described above in Farley.

In accordance with Local Rule 11(b), counsel requests the Court to determine this motion without a hearing.

**WARNING TO PRO SE PLAINTIFF:**

**Plaintiff is entitled to file a response opposing this motion, and any such response must be filed within twenty-one (21) calendar days of the date on which this motion is filed. The Court could dismiss this action on the basis of Defendants' papers if**

**you, as a pro se party, do not file a response. You are entitled to file a legal brief in opposition to the ones filed by Defendants.**

                                                    Respectfully submitted,

                                                    Seth E. Twery

                                                    By    /s/ Chad A. Mooney
                                                                Counsel

Chad A. Mooney
VSB#: 75211
PETTY, LIVINGSTON,
DAWSON & RICHARDS, P.C.
925 Main St., Suite 300
P.O. Box 1080
Lynchburg, VA 24505
434/846-2768 (telephone)
434/847-0141 (facsimile)
Email: cmooney@pldrlaw.com

### CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on September 26, 2019 the foregoing was mailed by U.S. Regular Mail to the following and was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to counsel of record and also to the following:

Crystal VL Rivers
3831 Old Forest Road, Suite 6
Lynchburg, VA 24551
riversparalegalservices@gmail.com

                                                    By    /s/ Chad A. Mooney