IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CRYSTAL VL RIVERS

    *Plaintiff,*

v.                                                   Civil No: 6:18-CV-061

UNITED STATES OF AMERICA, et als.

    *Defendants*.

### RESPONSE OF PRESCOTT H. GAY, SR., TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FAILURE TO STATE A CLAIM

Defendant, Prescott H. Gay, Sr., by counsel[1], files this Reply Memorandum to "Plaintiff's Response in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim Under Rule 8, 12(b)(6), and 20 and Plaintiff's Request for Leave to Amend Her Amended Complaint and Motion to Disqualify."

As a preliminary matter, counsel has reviewed Plaintiff's Response and does not find within it any statement or assertion as to what amendment she desires to make to her Amended Complaint. Further, counsel is unaware of any Motion to Disqualify or argument that some undesignated person should be disqualified. Because this Defendant can find neither a Request to Amend or a Motion to Disqualify, those are not addressed.

### LAW AND ARGUMENT

1.    <u>Plaintiff's Response in Opposition continues the confusing, conclusory, and non-factual allegations made in her Amended Complaint</u>. It essentially reiterates the lengthy but difficult

---

[1] Just after filing this Reply Memorandum, counsel will file a Notice Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure notifying the Court and the parties of Mr. Gay's death. As indicated in that Notice, Defendant is filing this Response to make certain that response is not waived under the applicable local Rule. To the extent that this reply is only appropriate when a new party has been substituted, counsel requests that this Reply Memorandum be held in abeyance until a new party is substituted.

TimberlakeSmith
Staunton, VA
540.885.1517

to follow statements she has made in her Amended Complaint. It offers nothing new. The Response contains conclusory statements about a number of defendants and actions with which Mr. Gay, as a preparer of a 2019 deed, has absolutely no alleged connection. It does nothing to respond specifically to the points raised in Mr. Gay's Motion to Dismiss.

At the bottom of page 3 of the Response, Plaintiff includes what she describes as a "Summary of general factual allegations." There is then a page and a half of rambling, none of which has any apparent connection to Mr. Gay. It then recites Count Eight, which does not apply to Mr. Gay as a defendant, and Count Twelve, which does apply to Mr. Gay, but the conclusory allegations set out are essentially no different from those in the Amended Complaint.

In Count Twelve Plaintiff states that Ralph Beck sold 2 acres of real estate on May 6, 2019, conveying title by a deed prepared by Mr. Gay There is no allegation that Mr. Gay did a title examination or gave any opinion as to Mr. Beck's title or any alleged "clouds" on it.. After the sale was completed, Plaintiff sent a Demand Notice to some individuals, but not Mr. Gay, who appears only to have received a carbon copy.

Plaintiff alleges in paragraphs 13 through 16 on pages 7 and 8 that Mr. Gay somehow "negotiated and had an interest in the sale" of the property and in some undesignated fashion "was associated with illegal enterprises". It then essentially says that the Option contract claimed by Rivers was somehow a "cloud on the property".

In what manner a sale of real estate somehow becomes an illegal and fraudulent conveyance is never explained.

These allegations are insufficient to meet the requirements of the Rules for specific allegations in support of a claim of fraud or to state a valid claim for relief. Plaintiff's opposition does nothing to change what was asserted in the original Memorandum.

Timberlake**Smith**
Staunton, VA
540.885.1517

2. <u>The Exhibits filed by the Plaintiff with her Response confirm that she has no claim</u>. In her Amended Complaint, Plaintiff referred to the deed prepared by Mr. Gay and what she described as her option or contract to purchase property [Amended Complaint, ¶¶ 377-378]. She did not attach copy of either the deed or the option as an exhibit. With her response she filed those documents as exhibits. As a result, they are now part of the record and make it even clearer that the Plaintiff has no claim.

As well as counsel can comprehend, the basis of Plaintiff's claim against Mr. Gay is that in May 2019 he prepared a deed for Ralph Beck to sell two acres on Cottonwood Road in Forest, Virginia; that Plaintiff had an option to purchase that property; that Plaintiff's option somehow constituted a cloud on the title [Amended Complaint ¶ 394]; and that by participating in a real estate transaction for property on which there was a title cloud, Mr. Gay somehow participated in fraudulent, racketeering activity which injured the plaintiff. An examination of the documents contradicts rather than supports the claim.

Plaintiff's Exhibit 1 is a deed dated April 23, 2019, from Ralph Beck as Grantor to Christy B. West and Judy S. Wills as Grantees. It states that it was prepared by Mr. Gay. The deed was recorded May 7, 2019.

Exhibit 2 is a letter dated June 5, 2019, with a carbon copy to Mr. Gay. It contains the Plaintiff's claim that she was entitled to be paid her interest from the sale of the property. This notice was dated a month after the real estate closing, which was the last participation by Mr. Gay.

Part of Exhibit 2 is a "Memorandum of *Lis Pendens*", apparently filed in this case, which refers to property in the City of Lynchburg, while the property described in Mr. Gay's deed was in Bedford County. Ms. Rivers claims that this Memorandum creates a cloud on title.

TimberlakeSmith
Staunton, VA
540.885.1517

Finally, the Exhibit contains a copy of the "Option to Purchase and First Right of Refusal Agreement" which is the basis of the Plaintiff's claims in this case. For easy reference, the deed and the Option Contract are attached to and made a part of this Memorandum as Exhibits 1 and 2.

The Option Agreement [Exhibit 2] is a contract between Shana Beck and the Plaintiff. Ralph Beck is not a party to the Option Agreement. In the Agreement Shanna Beck agrees to sell property then titled to S&R Farm LLC, which allegedly includes that conveyed in Mr. Gay's deed, to the Plaintiff. Significantly, the Option states, "This agreement will and shall be binding from today's date [April 24, 2007] until up to two years after the parcels, in fact, become available, to the seller to sell for whatever reason."

The language of the Option Agreement contradicts Plaintiff's claim of a "cloud on title" in two ways. First, the Grantor of the deed is Ralph Beck. The party to the Option is Shana Beck. There is no allegation or explanation in the Amended Complaint as to how an option granted by Shana Beck could affect property titled to Ralph Beck.

Second, the option did not pertain to property owned by Shana Beck but rather to "property of S&R Farm LLC." The concluding paragraph of the Agreement indicates that the Option Agreement would only become effective when and if the covered property "in fact, became available, to [Shana Beck] to sell for whatever reason." There is no allegation in the Amended Complaint as to when, if, or how the property belonging to the LLC became available to Shana Beck to sell or whether, if it did, the plaintiff exercised that option within two years. On its face and on the allegations in the Amended Complaint, the option does not affect title to the deeded property.

Even if the option did apply to the property conveyed by the deed, it is not a cloud on title. The option is merely a personal agreement between Shana Beck and the Plaintiff. Counsel has been unable to find any authority which indicates that an option to purchase creates a lien or a title defect. If it did create a lien, that lien would survive the conveyance of the property and remain an

TimberlakeSmith
Staunton, VA
540.885.1517

4

enforceable lien against the property in the hands of the purchaser. There is no basis under the terms of the Option Agreement for Plaintiff's contention that it is a cloud on title.

Similarly, the Memorandum of *Lis Pendens* does not create a lien or cloud on title "Under Virginia law, the filing of a memorandum *lis pendens* neither creates nor enforces a lien. Rather, Greenhills filing of the *lis pendens* pursuant to Virginia Code Ann. § 8.01-268 (1984) served merely as 'notice of the pendency of the suit to anyone interested and a warning that he should examine the proceedings therein to ascertain whether the title to the property was affected or not by such proceedings.'" Thus, the notice did not create a lien …". *Greenhill Corp. v. Kim,* 842 F. 2nd 742, 744 (4th Circ., 1988). [Internal citation omitted].

A *lis pendens* notice only puts the purchaser on notice that it should inquire. It does not make the preparation of a deed conveying property to that seller a fraud, a conspiracy, or an act of racketeering.

The documents filed by the Plaintiff which she claims support her claim actually undercut it. Even if Mr. Gay knew of the Plaintiff's claim, his act in preparing the deed was in no way illegal or improper. It is up to the purchaser to determine whether there are "clouds on title" and if the purchaser takes title, the property obtained is subject to any such clouds.

3.  <u>The Amended Complaint states no claim for fraudulent conveyance or common law fraud against Mr. Gay</u>. As previously discussed, the only Count of the Amended Complaint which designates Mr. Gay as a responsible defendant is Count Twelve. It is titled "Fraudulent Conveyance".

The term "fraudulent conveyance "has a set definition in Virginia law. It refers to § 55.1-400 of the Virginia Code which provides that a conveyance or transfer of real property "given with intent to delay, hinder, or defraud creditors, purchasers, or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors, purchasers, or other persons or their representatives or assigns, be void." The claim made by plaintiff is not a claim of a statutory fraudulent conveyance

TimberlakeSmith
Staunton, VA
540.885.1517

5

under Virginia law, since the plaintiff does not seek to void the transfer, but only seeks monetary damages.

To the extent that Count Twelve is a count for common law fraud, as opposed to a statutory fraudulent conveyance, it also does not state a claim. Mr. Gay had a contractual agreement with Ralph Beck to prepare a deed. There is no allegation of a contractual relationship with the plaintiff. Mr. Gay's only connection to this case was a result of this contract with Mr. Beck. Virginia law is very clear that tort remedies, which are what the plaintiff seeks, are not available unless the plaintiff makes an allegation that the breach of contract constituted "an independent tort". *Kamlar v. Hailey,* 224 Va. 699, 705, 299 S.E.2nd 514, 517 (1983). See also *MCR Fed., LLC v. JB&A, Inc.,* 294 Va. 446, 808 S.E. 2nd 186 (2017). There is no such allegation in this case.

Under any analysis of Virginia or federal law, the plaintiff has not stated an appropriate cause of action against Mr. and Mr. Gay is entitled to dismissal.

## **CONCLUSION**

The arguments contained in Plaintiff's Reply are simply reiterations of the lengthy but defective allegations in her Amended Complaint. The documents filed by the Plaintiff in support of her Reply undercut her position. This Defendant's Motion to Dismiss should be granted.

    Respectfully submitted

    Prescott H. Gay, Sr.

    By Counsel

/s/ Thomas G. Bell, Jr., VSB #15896
Timberlake**Smith**
25 North Central Avenue
PO Box 108
Staunton VA 24402-0108
PH: 540/885-1517
FX: 540/885-4537
tbell@timberlakesmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all registered ECF users. I have also served the foregoing by United States mail, postage prepaid, on the following *pro se* plaintiff at the following address:

>Crystal VL Rivers
>P.O. Box 1182
>Forest, VA 24551

/s/ Thomas G. Bell, Jr.