IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| CRYSTAL V. L. RIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:18-cv-00061 |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANT MARK LOFTIS**

PRELIMINARY STATEMENT[1]

The brief in opposition filed by the plaintiff, Crystal V. L. Rivers ("Rivers"), simply

ignores the legal elements required to establish a claim against Mr. Loftis. Rivers:

- Continues to insist that the alleged "Option Agreement" and her *lis pendens* somehow created a lien or "cloud" on properties that had to be "released" before those properties could be sold – despite the fact that the Court has clearly informed her that this is not the law;

- Argues that she can somehow pursue a fraudulent conveyance claim against Mr. Loftis even though Virginia's fraudulent conveyance statute does not permit a claim for money damages, and Mr. Loftis never took title to any property;

- Asserts that she is somehow entitled to pursue a fraud claim against Mr. Loftis even though she concedes Mr. Loftis made no representation to her on which she relied to her detriment;

---

[1] The Court issued a *Roseboro* Notice to Rivers on September 25, 2019, requiring her to respond to Mr. Loftis' Motion to Dismiss within 21 days of the date of the notice. (Dkt. No. 177.) Even though the notice required Rivers to respond no later than October 16, 2019, she waited until November 8, 2019 (23 days after the Court's deadline) to file her memorandum in opposition. Mr. Loftis presumes that because Rivers filed a memorandum in opposition – albeit long after the deadline set by the Court – the Court will not dismiss her claims for failure to prosecute and instead will rule on the motion to dismiss on the merits. See *Flint v. Action Pers., Inc.*, No. 7:13-CV-00406, 2013 WL 6729528, at *1 (W.D. Va., Dec. 19, 2013), and he is therefore filing this reply brief.

WOODS ROGERS PLC
ATTORNEYS AT LAW

- Argues she is entitled to pursue her fraud claims without pleading the requisite facts required by Rule 9(b) because those facts supposedly "will be provided at trial"; and

- Claims that the (admittedly) truthful information Mr. Loftis provided about the dismissal of Rivers' prior cases should somehow be treated as a false "misrepresentation."

Unable to articulate any viable legal claim against Mr. Loftis, Rivers instead spends the bulk of her response reciting alleged acts by others that Mr. Loftis is not alleged to have participated in or even to have been aware of. The Court should grant Mr. Loftis' motion to dismiss and dismiss him as a defendant in this action.

<u>**ARGUMENT**</u>

I.   **RIVERS' BASES ALL OF HER CLAIMS ON THE FALSE PREMISE THAT THE ALLEGED "OPTION AGREEMENT" AND *LIS PENDENS* SOMEHOW CREATED A LIEN THAT WAS REQUIRED TO BE RELEASED BEFORE PROPERTIES COULD BE SOLD.**

In her brief in opposition, Rivers claims twenty separate times that the alleged "Option Agreement" and/or *lis pendens* had to be "released," and that Mr. Loftis is somehow liable either for providing such a "release" or for failing to obtain such a release. But the Court has already warned Rivers – before she filed her Second Amended Complaint – that this assertion is legally incorrect. In its June 27, 2019 Memorandum Opinion, the Court plainly told Rivers that:

> A memorandum of *lis pendens* is a means by which a party gives constructive notice to any prospective purchaser of property that the purchaser takes the property subject to a potential valid judgment. *Wells Fargo Funding v. Gold*, 432 B.R. 216, 221–22 (Bankr. E.D. Va. 2009); *Bray v. Landergren,* 161 Va. 699, 713, 172 S.E. 252 (Va. 1934) ("A *lis pendens* is not a seizure. It is restrictive only and but serves to warn others that rights which they may acquire will be subject to any valid judgment entered."). In Virginia, the memorandum of *lis pendens* must be "admitted to record in the clerk's office of the circuit court of the county or the city wherein the property is located." Va. Code Ann. § 8.01–268(A). Additionally, "[t]he Virginia Supreme Court has stated

W<small>OODS</small> R<small>OGERS</small> PLC
ATTORNEYS AT LAW

that the *lis pendens* statute is applicable to disputes concerning title to real property, but not to an action to recover a personal judgment." *Green Hill Corp. v. Kim*, 842 F.2d 742, 744 (4th Cir. 1988) (citing *Preston's Drive Inn Restaurant, Inc. v. Convery,* 154 S.E.2d 160, 163 (Va. 1967)); *see also* Va. Code Ann. § 8.01-268(B).

(Mem. Op., Dkt. No. 15, p. 10 n.5.) All of Rivers' claims against Mr. Loftis are premised on the mistaken assertion that there was some "lien" that required a "release," and that the failure to obtain a valid "release" somehow entitles Rivers to money damages from Mr. Loftis. But the applicable law, as set out by the Court in its Memorandum Opinion, is plainly to the contrary.

The fact that Rivers bases all of her claims against Mr. Loftis on a legal fiction is sufficient, by itself, to merit dismissal.

## II. RIVERS' OWN ARGUMENTS MAKE CLEAR SHE HAS NO VIABLE FRAUD CLAIM AGAINST MR. LOFTIS.

Rivers acknowledges the reality that Virginia's fraudulent conveyance statute "does not impose liability upon the participants of a fraudulent conveyance."[2] But she then proceeds to cite *Price v. Hawkins*, 247 Va. 32 (1994), claiming that it

> recognized a narrow exception allowing *in pesonam* judgments against recipients of fraudulent cash transfers, but that exception imposes liability specifically upon a grantee and it cannot be imputed to other participants or coconspriators….[3]

But this exception is entirely unavailing. Even if Rivers had pleaded sufficient facts to support the exception – which she has not – ***Mr. Loftis was not the grantee and is not alleged to have taken title to any real property.*** Rather, Mr. Loftis is alleged to have been representing defendant Ralph Beck, and his company, who were the ***grantor*** of the property.[4]

---

[2] Mem. in Opp. (Dkt. No. 289), p. 7.

[3] *Id.*

[4] Rivers then proceeds to suggest that she is entitled to some relief against Mr. Loftis because she "has asked for relief under specific performance and breach of contract against the Defendant sellers, S&R Farms, LLC" (Mem. in Op., p. 8) – even though the Second Amended Complaint seeks only money damages. But even if such relief were

WOODS ROGERS PLC
ATTORNEYS AT LAW

As to any claim of actual fraud, Rivers concedes that Mr. Loftis made no false statement to her, so she simply misstates the law to claim that she can recover for fraud because she was supposedly damaged by the reliance of others on statements made to them.[5] But that simply is not the law. "Under Virginia law, to establish a fraud claim, a plaintiff must prove 'by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) *reliance by the party misled*, and (6) *resulting damage to the party misled*.'" *Sharma v. USA Int'l, LLC*, 851 F.3d 308, 312 (4th Cir. 2017) (quoting *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148 (1994))(emphases added). Rivers cannot premise a fraud claim on alleged misrepresentations made to others and not to her.[6]

Finally, Rivers wholly fails to address the argument that she has failed to plead fraud with the particularity required by Rule 9(b), asserting only that, "The 'time, place, and content' of the false representations referred to…will be provided at trial."[7] But Rule 9(b) requires these elements to be *pleaded,* and "lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). Rivers likewise wholly fails to explain how there could be any *justifiable* reliance on any "release" purportedly provided by Mr. Loftis, as is

---

sought, Mr. Loftis is not alleged to be a party to any contract, and Rivers fails to cite any authority that would make Mr. Loftis personally liable for his client's alleged breach of contract.

[5] Rivers argues that she has stated a fraud claim because "the Defendants [sic] actions were deliberate (1) false representations, (2) of a material fact, (3) made intentionally and knowingly, (4) with the intent to midlead [sic], (5) reliance by the parties misled (Beck, Wills, West, Patel and others), (6) resulting in damage to the party (Plaintiff)." (Mem. in Op., p. 8.) Rivers cites no authority for this novel restatement of the elements of fraud, because none exists.

[6] Rivers attempts to distinguish Judge Urbanski's recent ruling in *Kinnett v. Key W + Sotera Def. Sols.*, No. 5:18-CV-110, 2019 WL 4018347 (W.D. Va. Aug. 26, 2019), *appeal docketed*, No. 19-2050 (4th Cir. Sept. 26, 2019), with the nonsensical argument that, "Although Judge Urbanski [sic] ruling is spot on, this case and the claim alleged against the Defendant are not the same or similar circumstances. This is not a discrimination case." (Mem. in Op., p. 9.) But Judge Urbanski's ruling was based on Virginia law setting out the elements of a fraud claim, which require that the plaintiff have relied to his detriment on a misrepresentation made to him. In fact, Rivers is trying to do precisely what Judge Urbanski precluded in *Kinnett* – premise a fraud claim on alleged misrepresentations made to others. 2019 WL 4018347 at *8 (plaintiff had no viable fraud claim because he "did not identify any false statements that he himself relied upon to his detriment").

[7] Mem. in Op., p. 10.

WOODS ROGERS PLC
ATTORNEYS AT LAW

required by Virginia law. *Sweely Holdings, LLC v. Suntrust Bank*, 296 Va. 367, 382-83 (2018). As Rivers herself point out, "Each and every party to the transaction was aware of the [Option Agreement and the *lis pendens*] because the Plaintiff disclosed to each and every one of them with notices, phone calls, emails, demands, telephone calls from her buyers' agent and mailing all recorded documents to them."[8] Since Mr. Loftis is alleged at all relevant times to have been acting as the attorney for Defendant Ralph Beck and his companies – and the documents provided to the potential buyer's attorney showing the dismissal of Rivers' prior claims plainly showed this – there is no plausible means by which Mr. Loftis could have "released" Rivers' *lis pendens,* nor it is plausible that any alleged purchaser could have justifiably relied on any such alleged "release." "Absent such reasonable or 'justifiable reliance,' no fraud is established." *Murayama 1997 Tr. v. NISC Holdings, LLC*, 284 Va. 234, 246 (2012) (citation omitted).

As noted in Mr. Loftis' opening brief, when the Court strips out all of the conclusory allegations and buzzwords in the Second Amended Complaint, the one set of *actual* facts that Rivers' pleads as to Mr. Loftis flatly contradicts any claim of fraud. Rivers alleges that, "Loftis admitted in an email that he provided Patel with prior litigation cases that had been dismissed between Beck and [Rivers'] former company, CVLR Inc … and cases that had been dismissed."[9] Nowhere is at alleged that any of this information was false or inaccurate. As Mr. Loftis pointed out in his opening brief, "in fact the allegations establish nothing more than that Mr. Loftis provided truthful information to the potential buyer regarding the dismissal of Rivers' prior claims."[10] Rivers touts this assertion as some sort of "admission" that "Mr. Loftis (Defendant) provided truthful information (false statement) to the potential buyer"[11] – openly asking the

WOODS ROGERS PLC
ATTORNEYS AT LAW

---

[8] *Id.* at pp. 8-9.
[9] Second Amended Complaint, ¶ 450.
[10] Brief in Support of Motion to Dismiss (Dkt. No. 176), pp. 2-3.
[11] Mem. in Opp., p. 6.

Court to construe words to mean the exact opposite of what they say. It is a measure of how specious Rivers' claims are that her memorandum in opposition labels this as "newly discovered" information (despite the fact that it is *pleaded in the Second Amended Complaint*) and then asks the Court to treat this ***truthful information*** as some sort of false representation.[12]

CONCLUSION

Rivers has failed to allege facts to support any viable claim against Mr. Loftis. Her memorandum in opposition makes clear that she either does not understand or is willfully ignoring the applicable law. Stripped of the raft of conclusory allegations and buzzwords the only facts she has pleaded cannot give rise to any viable cause of action against Mr. Loftis. For all of the reasons set forth in Mr. Loftis' opening brief in support of his motion, as well as the reasons set forth above, the Court should grant Mr. Loftis' motion to dismiss and should dismiss all of Rivers' claims against Mr. Loftis without leave to amend.

Respectfully submitted,

MARK LOFTIS

By:___/s/-Erin B. Ashwell_____
                Of Counsel

---

[12] Rivers' motion to amend her complaint, which she labels as a "Request to Suppliment [sic] Complaint," should be summarily denied. Rivers has not tendered any proposed Third Amended Complaint, and the Court should not permit any amendment without reviewing what Rivers intends to file. *Mahon v. Kilgore*, No. 7:17-CV-00406, 2018 WL 4655756, at *6 (W.D. Va., Sept. 27, 2018) ("The court will not grant leave to amend without actually viewing the proposed amended complaint."), *appeal dismissed*, No. 19-6369, 2019 WL 4447685 (4th Cir., May 13, 2019). Rivers has already amended the complaint in this action twice, and yet she continues to violate the Court's orders permitting those amendments and to assert numerous frivolous claims despite the Court's admonitions to her.

WOODS ROGERS PLC
ATTORNEYS AT LAW

{2659474-1, 900000-00960-01}

6

Erin B. Ashwell, Esq. (VSB No. 79538)
eashwell@woodsrogers.com
WOODS ROGERS PLC
Wells Fargo Tower, Suite 1400
10 South Jefferson Street
P.O. Box 14125
Roanoke, Virginia  24038-4125
Telephone: (540) 983-7600/ Facsimile: (540) 983-7711

   *Counsel for Defendant Mark Loftis*


## CERTIFICATE OF SERVICE

   I certify that on November 13, 2019 a copy of the foregoing was served on counsel of

record via the CM/ECF system and that a copy was served via United States mail on Crystal

Rivers at P.O. Box 1182, Forest, VA 24551 on November 14, 2019.

_____/S/-Erin. B. Ashwell_____

WOODS ROGERS PLC
ATTORNEYS AT LAW