CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JULIA C. DUDLEY, CLERK
BY: s/ A. Little
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| CRYSTAL VL RIVERS, | ) | |
| Plaintiff, | ) | Civil Action No. 6:18-cv-00061 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | By: Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on pro se Plaintiff Crystal VL Rivers's "Motion for a More Definite Statement/Certification," ECF No. 306 (citing Fed. R. Civ. P. 12(e)), in which she asks Defendant United States of America "to correct and complete" several perceived deficiencies in its Motion to Substitute and Certification under the Federal Tort Claims Act, 28 U.S.C. § 2679(d), and Motion to Dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, *see* ECF Nos. 294 to 296. Rule 12(e) permits a party to "move for a more definite statement *of a pleading* to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) (emphasis added). Only certain papers—namely complaints and answers to complaints and counterclaims—are considered "pleadings" under the Federal Rules. Fed. R. Civ. P. 7(a). Rule 12(e) therefore does not extend to written "motions and other papers," Fed. R. Civ. P. 7(b), besides "pleading[s] to which a responsive pleading is allowed," Fed. R. Civ. P. 12(e). *See Boyajian v. United* States, 825 F. Supp. 714, 716 n.2 (E.D. Pa. 1993).

Accordingly, Plaintiff's "Motion for a More Definite Statement/Certification," ECF No. 306, is hereby DENIED.

It is so ORDERED.

The Clerk shall send a copy of this Order to the parties.

1

ENTER: December 18, 2019

*/s/ Joel C. Hoppe*

Joel C. Hoppe
U.S. Magistrate Judge