IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

DEC 3 0 2019

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

CRYSTAL VL RIVERS

    Plaintiff

v.                               Civil Action No. 6:18-cv-00061

UNITED STATES OF AMERICA, et.al.

    Defendants

## PLAINTIFF REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT UNITED STATES, IRS, FBI, KAREN DEER AND MARY LOU PRILLIMAN MOTION TO DISMISS AMENDED COMPLAINT

    Plaintiff, Crystal VL Rivers, Pro Se, submits this reply memorandum in opposition to Defendant's, United States, IRS, FBI, Karen Deer and Mary Lou Prilliman, motion to dismiss Plaintiff's Amended Complaint pursuant to the Federal Rules of Civil Procedure.

## ARGUMENT

### I. FACTS OF THE MATTER

    The Plaintiff filed her Complaint (DE 2) on May 25, 2018 and filed her Second Amended Complaint (DE 17) on July 2, 2019. The Plaintiff filed her Emergency Motion for Enforcement of the Crime Victim's Rights Act (DE 18) on July 15, 2019 and her Supplemental Amended Emergency Motion for Inclusion and Enforcement of the Crime Victim's Rights Act under 18 U.S.C. Section 3771 on October 8, 2019 (DE 230). The motions have not been heard. The Plaintiff remains a victim of crimes committed by the "bad actors" investigated by the

Defendants and prosecuted by the United States Attorney's Office. The crimes against her are ongoing and pled against other defendants, co-conspirators, currently named in the matter.

The Defendant's filed their contemporaneous Memorandum of Law in Support of their Motion to Substitute the United States as Party Defendant for Deer, Prilliman, the IRS, and the FBI (ECF 294) including the United States Attorney Thomas Cullen's Certification of SCOPE of Employment (ECF 294-1) certifying that the Defendant's Deer and Prilliman were acting within the scope of their employment as employees of the IRS at the time of the incidents out of which the suit arose. 28 U.S.C. Section 2679(d)(2).

The Defendant's argue that the claims against them are pled against them in their individual capacity and should be dismissed under Fed. R. of Civ. P. 12(b)(6) because Plaintiff has no constitutional right to have the underlying financial disputes investigated, indicted, or prosecuted, and they are entitled to qualified immunity. The Plaintiff disagrees. The claims against the Defendants include gross negligence (complete disregard), willful and wanton (egregious characterized by reckless disregard for the actor's own knowledge of existing circumstances and conditions, that their conduct probably would cause injury to the victim) acting in disregard of another person's rights. *Griffin v Shively* 227 Va. 317, 321, 315 S.E. 2d 210, 213 (1984).

The Defendant's also argue that the Plaintiff's claims under the Federal Tort Claims Act, 28 U.S.C. Section 2671, should be dismissed under the Fed. R. of Civ. P. 12(b)(1) for lack of subject matter jurisdiction because she failed to exhaust administrative remedies, alleging also that the tort claims should be dismissed under Fed. R. of Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff lacks standing to bring a selective prosecution claim, the United States enjoys absolute prosecutorial immunity, and Virginia law

does not recognize a selective prosecution tort. The Plaintiff agrees in part and disagrees in part. *At common law and in Virginia, all prosecutors, and the judiciary are absolutely immune from suit except in federal matters.* Tort remedies Chapter 17.04(4)

Moreover, the Defendant's argue that because the Plaintiff requested injunctive relief, the request should be denied because the Plaintiff is not entitled to extraordinary relief or any at all. The Plaintiff disagrees with the Defendant's argument as it is misapplied in this matter.

The Defendant's contemporaneous memorandum of law (ECF 294) was filed as a two (2) page document. The memorandum requested the Court to substitute the United States as party defendant for Deer and Prilliman, the IRS and the FBI with regard to the Plaintiff's claims under the FTCA. 28 U.S.C. Section 2670 *et seq.*

Although the Defendant's misapplied the facts in their Motion to Dismiss (ECF 295) alleging the Plaintiff filed her claims against Deer and Prilliman in their individual capacity, they reaffirmed, partially, the actual facts in their memorandum, (ECF 294), alleging correctly that the Plaintiff alleges the Defendants were negligent, failed to indict and prosecute certain crimes of which she was a purported victim "while acting within the scope of their office or employment by the...[] IRS"; the fact remains and the Plaintiff agrees, that the FTCA provides a limited waiver of sovereign immunity for tort actions against the federal government. The facts also remain that relief is limited to money damages and equitable relief is not available under the FTCA. *Peck v Bessing*, 2006 WL 213736 (N.D. Cal.); *Ajaj v United States*, 479 F. Supp. 2d 501 (D.S.C. 2007). The amount of recovery cannot exceed the amount claimed in the administrative claim unless "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim, (as is the case in this matter)." 28

U.S.C. Section 2675(b); ***Cole v United States***, 861 F 2d 1261 (11th Cir 1988). Punitive damages and prejudgment interest damages are prohibited. 28 U.S.C. Section 2674.

## II. THE WESTFALL ACT

Under the Westfall Act, the only proper party defendant in an action against a federal employee acting in their official capacity is the United States. 28 U.S.C. Section 2679(d)(1).

A suit against the United States is the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees acting in their official capacity. 28 U.S.C. Section 2679(b)(1).

The FBI and IRS do not wish to be named defendant in the FTCA matter and argue that the claims against them be dismissed because "The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. Section 2679. The argument is MOOT.

## III. INDIVIDUAL OR OFFICAL CAPACITY

The Defendant's "the federal actors", footnotes in their memorandum repeat the same alternative facts stated in their Motion to Dismiss alleging that the Plaintiff's claims in this case against Deer and Prilliman are in their individual capacity. They are incorrect. The claims against Deer and Prilliman are in their official capacity. The Plaintiff did not assert in her complaint any facts from which the Court may infer the Defendant's incorrect statement or that the Plaintiff had a personal relationship with either agent.

The Plaintiff makes no substantive challenge to the United States arguments under 28 U.S.C. Section 2679 relating to dismissal of the claims against the agents for lack of subject matter jurisdiction under the Fed. R. of Civ. P. 12(b)(1). However, because the FTCA action against the

agents as employees of the IRS and any unnamed agent of the FBI also as a employee, names the United States as the proper party defendant; the Plaintiff disagrees with the Defendants Motion to Dismiss with prejudice because the argument is MOOT. The Defendants argue that the Plaintiff's tort claims cannot be heard in federal court until after the administrative remedies have been exhausted. The Plaintiff agrees. For that reason, among others, the United States cannot remain named Defendant in the matter for the FBI and the IRS for that reason and because it too lacks standing. The Defendants cannot have it both ways asking the Court to find lack of standing and ask the Court to rule on the merits of the case against or in favor of them.

Because the Plaintiff has filed her claims against the Defendant's in this Court within two years of accrual of the claims, and the United States has substituted itself as the Defendant and the action is surely to be dismissed without prejudice for failure to exhaust administrative remedies per Section 2675(a), then the Plaintiff can preserve claims by filing a tort claim with the appropriate agency within 60 days of dismissal. 28 U.S.C. Section 2679(d)(5); ***Osburn v Haley*** 549 U.S. 225 (2007).

Although the Plaintiff cannot her claims against the Defendant's in federal court until the agencies IRS and FBI, the U.S. Attorney General and the United States Attorney, Thomas Cullen, have had the claims for six (6) months, the Court will lack subject matter jurisdiction within the six (6) months of the submission of the claims and before the agencies have made their final decision. If the Court dismisses the claims against the Defendant's without prejudice, the suit against the Defendants in this matter will not be filed in this Court until after the agencies have had the claim for six (6) months and have not settled or denied it, deeming the claim denied. 28 U.S.C. Section 2675(a). The Plaintiff understands that if the agencies notify her by certified or registered mail of their decision to deny the claim, the Plaintiff must file suit or

request reconsideration within six (6) months of the date of mailing of the letter or her action will be forever barred. 28 U.S.C. Section 2401(b) and 28 C.F.R. Section 14.9(b).

Even though the FTCA bars a claim unless "an action is begun within six months" of denial of the claim, courts have required that the United States, as Defendant, be served within the six months SOL period. *Weisgal v Smith*, 774 F. 2d 1277 (4th Cir. 1985) (service on the government must be made within the six month SOL - to hold otherwise would extend the SOL): *Penn Millers Ins. Co. v United States*, 472 F. Supp 2d 705 (E.D.N.C. 2007); *Plourde v U.S. Postal Service*, 721 F. Supp. 218 (D. Minn. 1989). Fed. R. Civ. P. 2 ("A civil action is commenced by filing a complaint with the Court.")

Because the Plaintiff, at this time, lacks standing under 28 U.S.C. 2679, the Court does not have jurisdiction over either party Plaintiff or Defendant's in this matter, and because the Court lacks jurisdiction, the case against the Defendant's must be dismissed without prejudice.

## IV. ADMINISTRATIVE RELIEF: CLAIMS FOR DAMAGE INJURY, OR DEATH

The Plaintiff's claims against the Defendant's is not in their individual capacity. Under the FTCA, scope of employment is a jurisdictional inquiry. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. See *FDIC v Meyers, 510 U.S. 471, (1994).* Sovereign immunity is jurisdictional in nature. It is a well established that on a Rule 12(b)(1) motion, a court has authority to consider matters outside the pleadings. See *Gonzalez v United States, 284 F. 3d 281, 287 (1st Cir. 2002).* On a 12(b)(1) motion, "[t]he court, without conversion [to summary judgment standard], may consider extrinsic materials and, to the extent it engages in jurisdictional fact finding, is free to test the truthfulness of the Plaintiff's allegations." See *Dynamic Image Technologies, Inc. v United States, 221 F 3d 34, 37-38 (1st*

**Cir. 2000**_); see also Heinrich v Sweet_, 44 F Supp. 2d 408, 414 (D. Mass. _1999) (district court has broad authority to determine how to resolve jurisdictional issues)._

The Federal Tort Claims Act 28 U.S.C., grants the federal district courts jurisdiction over a certain category of claims for which the Untied States has waived its sovereign immunity and rendered itself liable. This category includes claims that are:

> "[1] against the United States, [2] for money damages,...[3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government, [5] _while acting within the scope of his office or employment,_ [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

A claim comes under this jurisdictional grant only if it alleges the six enumerated elements set forth in the statute. Accordingly, in order to establish jurisdiction under 28 U.S.C., the Plaintiff must prove that the employee in question was "acting within the scope of his office or employment." The Untied States Attorney Thomas Cullen has already done so in his certification of the scope of the agent's employment with the IRS under designee from this States Attorney General, Mark Herring.

The only parties who benefitted from the rights violations and negligent actions against the Plaintiff and her Crime Victim's Rights were Deer, Prilliman, unnamed FBI agents, the FBI and the IRS, the prosecutors handling the case, their counsel, the United States Attorney, and the "bad actors" including now the remaining Defendants in the matter. The agents and prosecutors received corrupt gratuities in exchange for conspiring with the "bad actors" via, among other things, agreements to not further prosecute and not indict them and by not executing the courts issued warrants, after multiple grand juries were empaneled. In short, it is not the kind of work a prosecutor or an IRS or FBI agent is hired to perform. The agents Deer and Prilliman and the

unnamed FBI agents along with the prosecutors, were not authorized to violate their oaths, violate the Plaintiff's rights under the Virginia Constitution, the U.S. Constitution and the Crime Victim's Rights Act or protect the "bad actors" from continued prosecution, indictment, arrest or grant them immunity or enter agreements with them without the Plaintiff's knowledge or notification. [1]

Because the Plaintiff has no standing to bring the claims against the Defendants at this time under 28 U.S.C. and there has been no discovery provided by the Defendants except to certify the scope of employment, the Court must take the allegations and statements in the Plaintiff's complaint as truth and not dismiss the claims with prejudice as they relate to the Defendant's. The dismissal of the claims against the Defendant's *without prejudice* in no way prejudices the Defendant's nor does it not erase the Plaintiff's rights under the U. S. Constitution, the VA Constitution, her rights under *Bivens* and the Crime Victim's Rights Act, or her rights to amend her complaint as it relates to the remaining defendants. The Court must dismiss *without prejudice.*

The business of the FBI is and should always be, law enforcement. The FBI and its agents involvement in the failure to indict, failure to execute the warrants and the violations of the Plaintiffs rights and covering up of the "bad actors" crimes against the Plaintiff furthered the criminal enterprise of the "bad actors" and the ongoing criminal activity of the defendants relating to the incidents alleged out of which the suit arose being the same matter before the Court today.

V. NOTICE

---

[1] The Plaintiff does not allege that the she dictates the prosecution or that the agents failed to prosecute. The agents are not attorneys with the power to prosecute under the law. The agents investigate, execute warrants and help in trial preparation. The agents prepare and submit reports.

The Plaintiff will submit her administrative tort claims to the IRS and FBI government agencies for adjudication pursuant to 28 U.S.C. Section 2675(a) on Standard Form 95, and Pursuant to Rule 4(i)(l) of the Fed. R. of Civ. P. certified by United States Postal Service mailing with copies to the United States Attorney General, William Barr, the United States Attorney Thomas Cullen, the IRS Commissioner, Charles Rettig, the FBI Director Charles Wray, and the Virginia Attorney General, Mark Herring, immediately and within sixty (60) days after the Court dismisses the claims against the Defendants *without prejudice*, allowing the agency sufficient notice so that it can conduct a proper investigation to determine liability, conduct settlement negotiations and assign value to the claim. See ***State Farm v United States* 2004 WL 1638175 (E.D.N.Y.); *McNeil v United States, 508* U.S. 106, 112 (1993).**

The allegations pled against Deer and Prilliman reasonably permit the inference that, thorough their conduct vis-à-vis the violation of the Plaintiff's established right not to be victimized or subjected to further criminality and injury by or with the aid of federal and/or government agents, the Defendant's themselves were deliberately indifferent to the rights of the Plaintiff, and that deliberate indifference was conscience-shocking. Moreover, it was clearly established in the United States Attorney Thomas Cullen's certification that at the time of and now during the ongoing alleged criminal RICO actions committed against the Plaintiff, that the agents can be held liable to the Plaintiff based on the certification referring to the allegations pled in the complaint and the agents' dereliction of their official responsibilities. Thus, the agents are not entitled to the defense of qualified immunity with respect to allegations that they violated the Plaintiff's Crime Victim's Rights under the CVRA and her due process rights, conspiracy, and negligence. The Defendant's active and fraudulent concealment of its role in the injury causing events tolls the statute of limitations. ***Muth v United States***, 1 F. 3d 246 (4th Cir. 1993); ***Bennett***

*ex rel. Estate of Bennett v United States,* 429 F. Supp 2d 270 (D. Mass. 2006); *Valdez ex rel.*

*Donely v United States*, 518 F. 3d 173 (2d Cir. 2008) (government misconduct or concealment

not necessary to invoke doctrine of equitable tolling). The United States Attorney certification of

the scope of the agents employment with the IRS stands as a fact pled as does the right to obtain

discovery from the Defendants related to this matter and additional newly discovered evidence or

facts.

VI. THE CVRA

Because the Court recently addressed the matter of the CVRA currently before the Court (DE

18, 224, 230) and issued its Order on December 23, 2019 ordering the Defendant to file a brief

addressing the Plaintiff's argument that she is entitled to the relief sought under 18 U.S.C.

Section 3771; the Plaintiff will abide by the Court's Order and file her reply brief relating to the

CVRA, within seven (7) days after Defendant files its response and not in this brief.

CONCLUSION

For the foregoing reasons, Crystal VL Rivers, Pro Se, requests that the Court dismiss the

claims against the United States of America, Karen Deer, Mary Lou Prilliman, the IRS and the

FBI, without prejudice and for such further and other relief as the nature of this case requires and

the Court deems appropriate.

Respectfully Submitted, *"veritas"*

Crystal VL Rivers, Pro Se
3831 Old Forest Rd, Suite 6
Lynchburg VA 24501
434-818-2921
**riversparalegalservices@gmail.com**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been mailed or emailed to the following Defendant's on December 29, 2019 and will be filed with the Clerk of the United States District Court for the Western District of Virginia Lynchburg Division on December 30, 2019.

Counsel for the Defendants, IRS, FBI, Karen Deer, and Mary Lou Prilliman
310 First St, SW Rm 906, Roanoke VA 24011
US Attorney Thomas Cullen at **Sara.Winn@usdoj.gov** and **Christy.Nicklas@usdoj.gov**

Counsel for Defendants Shana Beck Lester and Serenity Acres Farm LLC
300 Enterprise Dr, Suite D, Forest VA 24551
E Albion Armfield at **albie@overstreetsloan.com**

Counsel for BBoyz LLC, Ralph Beck, S&R Farm LLC, and Mark Loftis
PO Box 14125, Roanoke VA 24038
Erin Ashwell at **eashwell@woodsrogers.com**

Counsel for Peter Sackett and Sherri Sackett
310 First St, Suite 700
G. Creasy at **GCreasy@jamlaw.net**

Counsel for Old Dominion National Bank, Kelly Potter and Mark Merrill
200 South 10th St, Suite 1600, Richmond VA 23219
Boyd McGuire at **mboyd@williamsmullen.com**

Counsel for Ted Counts Realty & Auction Co. Inc *formerly* Counts Realty Group & Auction Co
2306 Atherholt Rd, Lynchburg VA 24505
F.E. Isenhour III at **tisenhour@caskiefront.com**

Counsel for Advantage Title and Closing Co. LLC, Jennifer Richardson and Matt Farriss
PO Box 70280, Richmond VA 23255
Stanley P Wellman at **swellman@hccw.com** and M. Scott Fisher, Jr. at **sfisher@hccw.com**

Counsel for Defendants Select Bank Financial Corp, Select Bank, and J. Michael Thomas
1328 3rd St, SW Roanoke VA 24016
Eric D Chapman at **echapman@cowanperry.com**

Counsel for Margie Callahan
901 E Byrd St, Suite 950, Richmond VA 23219
Alexander S de Witt at **adewitt@freeborn.com**

Counsel for Atlantic Union Bank and Lisa Schenkel
2306 Atherholt Rd, Lynchburg VA 24501
William E Phillips at **bphillips@caskiefrost.com**

Counsel for Frank Morrison
12576 Wards Rd, Rustburg VA 24588
Thomas L Phillips Jr. at **tphillips@pmflawyers.com**

North Creek Inc aka North Creek Construction, Kelly Edmundson, and David Edmundson
595 Legacy Lakes Way, Aberdeen NC 28315

Counsel for Ronald Beach, Serene Creek Run HOA, Travis Baker, Michael Friedman, Richard Rogers, Matthew and Sarah Krycinski, Michael Bradbury, Howard Frear, William Fluker, and Seth Twery
925 Main St, Suite 300, Lynchburg VA 24505
Chad A. Mooney at **cmooney@pldrlaw.com**

Counsel for Sherwood Day
1047 Vista Park Dr, Suite D, Forest VA 24551
Richard T Gilman at **rgilman@daylawva.com**

Counsel for Bank of the James and Robert Chapman
828 Main St, 19th Floor, Lynchburg VA 24504
John W Francisco at **jfrancisco@woodsrogers.com**

Crystal VL Rivers, Pro Se
3831 Old Forest Rd, Suite 6
Lynchburg VA 24501
434-818-2921
**riversparalegalservices@gmail.com**