CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/24/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CRYSTAL VL RIVERS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 6:18-cv-00061 |
| GARY M. BOWMAN, *et al.*, | ) By: Elizabeth K. Dillon |
|  | ) United States District Judge |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter comes before the court on a Report and Recommendation (R&R) from United States Magistrate Judge Joel C. Hoppe issued on February 26, 2020. (Dkt. No. 346.) The R&R addresses several motions in a case brought by pro se plaintiff Crystal Rivers against several individuals and entities who have allegedly wronged her or her closely held businesses, CVLR Performance Horses, Inc. (CVLR) and CVLR Performance Horses d/b/a (CVLR d/b/a), over the past twelve years. Rivers' objections to the R&R are before the court for resolution.

After a de novo review and a clear error review of the pertinent portions of the record, the report, and the filings by the parties, the R&R will be accepted in part and modified in part for the reasons stated below.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–22.) Judge Hoppe recommended as follows: defendants' motions to dismiss Rivers' second amended complaint—Dkt. No. 43 (Bank of the James and Robert Chapman), Dkt. No. 50 (Sherwood Day), Dkt. No. 61 (Peter Sackett and Sherri Sackett), and Dkt. No. 68 (Frank Morrison)—be granted; Rivers' motions to amend (Dkt. Nos. 128, 222) be denied; Rivers' claims against defendants Bank of the James, Chapman, Morrison, and Peter and Sherri Sackett be dismissed with prejudice; counts 8 (RICO) and 10 (fraudulent conveyance) be dismissed with prejudice; and Morrison's motion for a more definite

1

statement (Dkt. No. 67) be denied as moot. (R&R 40.) While the R&R, in its conclusion, did not note its recommendation of the dismissal of claims against Day when mentioning other defendants, on that same page and in its discussion of Day's motion to dismiss specifically, the R&R makes clear that "the Court should deny Rivers' motion to amend and dismiss Defendant Day from the action with prejudice." (R&R 40.)

## II. ANALYSIS

### A. Standard of Review

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The de novo requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the magistrate judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections made to the report must be made with "sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). General or conclusory objections are the equivalent of a waiver. *Id.* As to matters where there is no objection, "… a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Rivers' Objections

Rivers' "objections" to the R&R do not read like objections at all, and, to the extent there are any, the objections are overruled. Nowhere does Rivers identify a specific objection to any of Judge Hoppe's recommendations or the reasoning that led to his recommendations. Instead, as requested

2

relief, she asks the court to grant her motions (which motions, she does not say), order an in camera review of certain documents to determine the "scope" of the "investigation" and how it relates to her and the defendants, order a status report to be issued on the investigation, and set a pretrial conference hearing. (Pl.'s Obj. 19, Dkt. No. 359.) Elsewhere, Rivers asks the court to "deny in part and agree in part" with the R&R (without referencing the parts) and to "suspend" this matter until the parties can be heard on a separate motion recently filed by Rivers—a motion to reconsider Judge Hoppe's order denying Rivers' motion to disqualify defense counsel (Dkt. No. 360). (Pl.'s Obj. 1.) These requests have nothing to do with Judge Hoppe's recommended disposition of the motions he addressed in his R&R.

In the objections, Rivers first summarizes how the case arose and addresses the Crime Victims Rights Act and the availability of Bivens actions. She notes that she is not relitigating her old case, but commends the R&R for weaving the facts together from the old case and this one and for understanding her allegations. She admits that in two counts of the nineteen counts of the second amended complaint (presumably counts 8 and 10) she was not able to name specific defendants, despite being previously directed by the court to do so. As Judge Hoppe explained, this court "already instructed Rivers that 'simply referencing persons within the factual background for a specific count' . . . does not satisfy basic pleading standards." (R&R 25 (internal citations omitted).) Rivers does not address this aspect of Judge Hoppe's R&R or argue how, in fact, these counts satisfy basic pleading standards. Rather, she only suggests that she could change count 8 to a different claim.

In an effort to identify what could be considered actual objections to the R&R's various recommendations, the court notes the following section of the objections.

Rivers argues:

> If the court feels that BOJ and Chapman are not a direct party to the RICO then the Plaintiff asks to allow them to remain as co-conspirators and leave Chapman and BOJ in as party of interest . . . . Count 8 can be corrected and formatted to be a count of Conspiracy to Commit RICO. In Count 8, and in Count 3, the Plaintiff will be able to support a reasonable

> inference that BOJ, Chapman, Sackett, and Sheri Sackett each (1) were associated with some other individual or group . . . , whether or not a legal entity; (2) had some part in directing that enterprises affairs; . . . (3) and participated, directly or indirectly, in (4) two qualifying predicate acts that were related and threatened continuing criminal activity.

(Pl.'s Obj. 10.) In other words, she wants those defendants left as parties to the case even though the allegations are insufficient to state a claim. The court also notes that Chapman is not named as a defendant in any specific claim. Likewise, defendants Day and Morrison are not named as defendants in any specific claim. The objections merely state that they knew of the land fraud, so RICO applies.

Rivers seeks to amend with regard to defendants Day and Peter Sackett, without attaching a proposed amended complaint. She states that she can amend count 3 and reformat count 8 to change it to a conspiracy to commit RICO. But, essentially, Rivers is asking the court to give her another chance to amend her complaint entirely and consider evidence, newly discovered and some yet to be discovered, that is not appropriate for the court to consider at a motion to dismiss stage. She argues that if the court "considers the pleadings, the Declarations, the exhibits and the new discovered evidence that *will be amended into* the proposed third amended complaint, that the Court will determine there is a direct association and indirect association with the RICO enterprise." (Pl.'s Obj. 12 (emphasis added).) Notably, there is no motion for leave to file generally a third amended complaint before the court. Rather, there are only motions to amend with regard to Day and Peter Sackett.

## C. Rulings on Recommendations

### 1. Dismissal of counts 8 and 10 with prejudice - accepted

The R&R correctly states that Rivers was specifically told to specifically name defendants with regard to each count and not to just include defendants in the factual recitation. Counts 8 and 10 of the second amended complaint fail to name the specific defendants against whom Rivers is asserting these claims, essentially rendering these claims a nullity because they are asserted against no defendant. Rivers does not appear to challenge this. In her objections, she merely asserts that count 8 could be changed into a completely different claim. For these reasons, the court will accept the recommendation

4

to dismiss counts 8 and 10 with prejudice.

### 2. Dismissal of Chapman, Morrison, and Day with prejudice – accepted

Rivers failed to name defendants Chapman, Morrison, and Day in any specific count. Rather, she merely included their names in the factual background of certain counts. Even if the court considered the counts in which they were mentioned as specific counts against them, and as the R&R sets forth, the allegations are insufficient to state a claim. As referenced above, when the court granted leave to file a second amended complaint, the court instructed Rivers that "unlike her amended complaint, each separate count or claim in her second amended complaint shall identify clearly which defendants are being named in that particular count. Simply referencing persons within the factual background for a specific count is insufficient." (June 27, 2019 Mem. Op. 9, Dkt. No. 15.) Rivers did not heed the court's warning with respect to these defendants. Therefore, the court agrees that these defendants should be dismissed with prejudice and will accept the recommendation. (*See* R&R 25–26 (citing *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 294 (4th Cir. 2018) ("Faced with such resolute adherence to deficient complaints, the district court's decision to dismiss with prejudice was well within its discretion under the facts of this case.")) and 36.)

### 3. Dismissals of Bank of the James, Peter Sackett, and Sherri Sackett with prejudice – accepted as modified to dismissals without prejudice

Defendants Bank of the James, Peter Sackett, and Sherri Sackett are specifically named in count 3 of the second amended complaint. As set forth in the R&R, the allegations are insufficient to state a claim against them for RICO violations. The objections are conclusory and suggest only other reasons the defendants should remain in the case when Rivers files another amended complaint. Rivers' suggestion that a hypothetical amendment should be allowed is not sufficient to overcome the motions to dismiss, so the court will accept the R&R in this regard and grant the motions to dismiss these defendants.

With regard to the recommendation that the dismissals be with prejudice, the court will modify

5

the recommendation to dismissals without prejudice. The R&R stated that the claims against Peter Sackett should be dismissed with prejudice, citing a case that dismissed RICO claims with prejudice where allowing "a previous amendment did not cure fundamental deficiencies" and plaintiff "continue[d] to rely on conclusory allegations and boilerplate recitations of the elements of their cause of action." (R&R 35 (citing *Walters v. McMahen*, 795 F. Supp. 2d 350, 359-60 (D. Md. 2011).)) In this case, however, there was never a previous amendment that failed to cure this type of deficiency. Instead, Rivers amended once as a matter of right and then requested leave to file a second amended complaint, which the court granted. Moreover, the R&R does not provide any specific justification for dismissing with prejudice the claims against Bank of the James and Sherri Sackett. (R&R 34.)

**4. Denial of Rivers' motions for leave to amend - accepted**

Rivers filed motions to amend with regard to her claims against defendants Day and Peter Sackett. With regard to Day, she seeks to amend to include evidence she has not yet obtained and to correct any insufficiencies found by the court. With regard to Peter Sackett, she seeks to amend to add new facts from a state court case and to add new predicate acts. As the R&R indicates, despite the court's caution before that it cannot evaluate a proposed amendment without a copy of it, no proposed amendment was attached to either motion. Being unable to evaluate any proposed amendment with regard to Peter Sackett, the court will accept the recommendation to deny the motion to amend without prejudice. But, because Day is being dismissed with prejudice, the court will accept the recommendation to deny the motion to amend with regard to Day and will deny that motion with prejudice.

**5. Denial as moot of Morrison's motion for a more definite statement - accepted**

Given the dismissal with prejudice of the claims against Morrison, the court will accept the recommendation that his motion for a more definite statement be denied as moot.

III.  CONCLUSION

After a review of the record, the court will overrule Rivers' objections and accept in part and modify in part the February 26, 2020 R&R.  The court will issue an appropriate order.

Entered: March 24, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge