CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

3/30/2020

JULIA C. DUDLEY, CLERK
BY: s/ A. Little
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CRYSTAL VL RIVERS,                          )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )          Civil Action No. 6:18-cv-00061
                                            )
GARY M. BOWMAN, *et al.*,                   )          By: Elizabeth K. Dillon
                                            )              United States District Judge
        Defendants.                         )

**MEMORANDUM OPINION**

This matter comes before the court on a Report and Recommendation (R&R) from United States Magistrate Judge Joel C. Hoppe issued on March 9, 2020. (Dkt. No. 358.) Judge Hoppe's R&R addresses several motions in a case brought by pro se plaintiff Crystal Rivers against several individuals and entities who have allegedly wronged her or her closely held businesses, CVLR Performance Horses, Inc. (CVLR) and CVLR Performance Horses d/b/a (CVLR d/b/a), over the past twelve years. Rivers' objections to the magistrate judge's R&R are before the court for resolution.

After a de novo review of the pertinent portions of the record, the report, and the filings by the parties, the court agrees with the magistrate judge's R&R, which will be adopted for the reasons stated below.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 3—14.) The R&R recommends that Rivers' motions for inclusion and enforcement of the Crime Victim's Rights Act (CVRA) (Dkt. Nos. 18, 224, 230) be denied; Rivers' motion for limited discovery (Dkt. No. 305) be denied; and Rivers' "Motion for Enlargement of Pages[,] Motion for

1

Partial Summary Judgment[, and] Motion to have Plaintiff's Facts Accepted Because of the Government's Failure to Contest Any of the Facts" (Dkt. No. 340) be denied as moot.  As noted in the R&R, the motions, including the discovery motion, are "essentially the same except for the number of people Rivers accuses of criminal misconduct and the scope of relief she requests under the CVRA."  (R&R 1.)

## II.  ANALYSIS

### A.  Standard of Review

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  The de novo requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the magistrate judge's report and recommendation.  *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Objections made to the report must be made with "sufficient specificity so as reasonably to alert the district court of the true ground of the objection."  *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  General or conclusory objections are the equivalent of a waiver.  *Id.*  As to matters where there is no objection, "… a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B.  Rivers' Objections

The R&R explains that Rivers asked for access to the government's investigative files on

John Wynne, who Rivers contends is at the heart of the alleged scheme to defraud. Citing caselaw, the R&R states that the CVRA "does not entitle victims to investigative information independent of any particular right the statute provides"; the CVRA is "silent and unconcerned with victims' rights to file civil rights claims against their assailants"; and "does not authorize unbridled gallop to any and all information in the government's files." (R&R 19.) Rivers objects, stating that the magistrate judge is "misinformed and has not understood the request of her rights as they are afforded under the CVRA because the Plaintiff is absolutely entitled to the status of the Government['s] case and the information realting to any agreement or negotiations they made" with Wynne or any of his co-conspirators. (Pl.'s Obj. 3, Dkt. No. 378.) Rivers does not cite any cases in support of her position. Rivers' unadorned disagreement with the R&R's reasoning does not establish her entitlement to investigative files under the CVRA.

Rivers also objects to the R&R's "assumption" that even if the CVRA imposes "reasonable conferral obligations" on government attorneys "before a prosecution has advanced beyond the investigatory stage," the government fulfilled that obligation when its agents "received and reviewed" Rivers' documents on a rolling basis, met and spoke with her and her attorney, and listened to her concerns. (Pl.'s Obj. 3; R&R 18.) This was not an assumption; instead, it was a direct citation to case law pertaining to the CVRA. (*See* R&R 18 (quoting *Jordan v. Dep't of Justice*, 173 F. Supp. 3d 44, 52 (S.D.N.Y. 2016)).) Rivers goes on to complain that the magistrate judge is "misinformed on the dynamics of the CVRA" because she "did not meet with the agents with her attorney(s), was not made aware of her CVRA rights by any Government attorney or their agents, and certainly was not told to contact or report her concerns." (Pl.'s Obj. 4.) This statement directly contradicts Rivers' allegations about meeting with government attorneys on several occasions. (R&R 17–18 (citing Second Am. Compl.; Pl.'s Reply Br. Ex., Dkt. No.

3

341-1).)   Again, Rivers offers nothing to support her bald assertion that the magistrate judge is "misinformed."

Even if these objections were deemed proper and not so conclusory as to constitute a waiver, a de novo review of those portions of the R&R are properly supported by the law and the facts, so the objections will be overruled and the R&R accepted.

### III.   CONCLUSION

After a review of the record, the court will overrule Rivers' objections and accept the March 9, 2020 R&R.   The court will issue an appropriate order.

Entered: March 30, 2020.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge