CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

5/19/2020

JULIA C. DUDLEY, CLERK
BY:   s/ A. Little
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CRYSTAL VL RIVERS,                            )
                                              )
      Plaintiff,                              )
                                              )
v.                                            )        Civil Action No. 6:18-cv-00061
                                              )
GARY M. BOWMAN, *et al.*,                     )        By: Elizabeth K. Dillon
                                              )            United States District Judge
      Defendants.                             )

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on pro se plaintiff Crystal Rivers' motion to

reconsider the court's March 24, 2020 order accepting in part and modifying in part a Report and

Recommendation (R&R) issued by Magistrate Judge Joel C. Hoppe.  (Dkt. No. 385.)   Also

before the court is Rivers' motion to reconsider the court's March 30, 2020 order accepting a

separate R&R.  (Dkt. No. 392.)   For the reasons stated below, these motions are denied.

I.   BACKGROUND

The first R&R, issued on February 26, 2020, recommended that defendants' motions to

dismiss Rivers' second amended complaint—Dkt. No. 43 (Bank of the James and Robert

Chapman), Dkt. No. 50 (Sherwood Day), Dkt. No. 61 (Peter Sackett and Sherri Sackett), and

Dkt. No. 68 (Frank Morrison)—be granted; Rivers' motions to amend (Dkt. Nos. 128, 222) be

denied; Rivers' claims against defendants Bank of the James, Chapman, Morrison, and Peter and

Sherri Sackett be dismissed with prejudice; counts 8 (RICO) and 10 (fraudulent conveyance) be

dismissed with prejudice; and Morrison's motion for a more definite statement (Dkt. No. 67) be

denied as moot.  (Dkt. No. 346.)   The court issued an order overruling Rivers' objections;

accepting in part and modifying in part the R&R; dismissing with prejudice counts 8 and 10 of

the second amended complaint; granting defendants' motions to dismiss; denying as moot

Morrison's motion for a more definite statement; denying with prejudice Rivers' motion to

amend with regard to Day; denying without prejudice Rivers' motion to amend with regard to

Peter Sackett; dismissing with prejudice the claims against Morrison, Chapman, and Day; and

dismissing without prejudice the claims against Bank of the James and Peter and Sherri Sackett.

(Dkt. Nos. 372, 373.)

The second R&R, issued on March 9, 2020, recommended that Rivers' motions for

inclusion and enforcement of the Crime Victim's Rights Act (CVRA) (Dkt. Nos. 18, 224, 230)

be denied; Rivers' motion for limited discovery (Dkt. No. 305) be denied; and Rivers' "Motion

for Enlargement of Pages[,] Motion for Partial Summary Judgment[, and] Motion to have

Plaintiff's Facts Accepted Because of the Government's Failure to Contest Any of the Facts"

(Dkt. No. 340) be denied as moot.   (Dkt. No. 358.)   The court issued an order overruling

Rivers' objections; accepting the R&R; denying Rivers' motions for inclusion and enforcement

of the CVRA; denying Rivers' motion for limited discovery; and denying Rivers' "Motion for

Enlargement of Pages[,] Motion for Partial Summary Judgment[, and] Motion to have Plaintiff's

Facts Accepted Because of the Government's Failure to Contest Any of the Facts".   (Dkt. Nos.

380, 381.)

## II.   ANALYSIS

### A.   Standard of Review

Because Rivers requests reconsideration of interlocutory rulings, the court construes her

motions as falling under Rule 54(b), which provides that when a district court issues an order

"that adjudicates fewer than all of the claims," the court retains discretion to revise such order "at

any time before the entry of a judgment adjudicating all the claims."   Fed. R. Civ. P. 54(b).

2

Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal

Rules of Civil Procedure, "Rule 54(b)'s approach involves broader flexibility to revise

*interlocutory* orders before final judgment as the litigation develops and new facts or arguments

come to light."  *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).   The court's

discretion under Rule 54(b), however, is "not limitless."  *Id.*   Courts have "cabined revision

pursuant to Rule 54(b) by treating interlocutory rulings as law of the case."  *Id.* (collecting

cases).   The law-of-the-case doctrine provides that in the interest of finality, "when a court

decides upon a rule of law, that decision should continue to govern the same issues in subsequent

stages in the same case."  *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009).   Thus, a

court may revise an interlocutory order under the same circumstances in which it may depart

from the law of the case:   (1) "a subsequent trial produc[ing] substantially different evidence";

(2) a change in applicable law; or (3) clear error causing "manifest injustice."  *Am. Canoe Ass'n*

*v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).   This standard closely resembles the

standard applicable to Rule 59(e) motions, but it "departs from such standard by accounting for

potentially different evidence discovered during litigation as opposed to the discovery of 'new

evidence not available at trial.'"  *Carlson*, 856 F.3d at 325 (quoting *Pac. Ins. Co. v. Am. Nat.*

*Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

**B.   March 24 Order Addressing February 26 R&R**

Rivers states that her motion to reconsider the court's March 24 order is based on new

facts, which she has incorporated into a proposed third amended complaint.   (Dkt. No. 385 at 1.)

Rivers argues that because Chapman is the President of Bank of the James, and Sherri Sackett is

the Executive Vice President with Select Bank Financial Corporation, the same rationale to

dismiss the claims against Sackett without prejudice should also apply to Chapman.   The court

modified the dismissal of the claims against Sherri Sackett from with prejudice to without

prejudice because the R&R did not provide any specific justification for such a dismissal.   (Dkt.

No. 372 at 6.)   The claims against Chapman, on the other hand, were dismissed with prejudice

due to repeated pleading deficiencies.   (*Id.* at 5 (stating that the court previously "instructed

Rivers that unlike her amended complaint, each separate count or claim in her second amended

complaint shall identify clearly which defendants are being named in that particular count . . . .

Rivers did not heed the court's warning with respect to these defendants").)   Rivers offers no

justification for the court to revise its ruling that the dismissal of Chapman should be treated

differently than the dismissal of Sherri Sackett.

Rivers also asks the court to reconsider its dismissal of counts 8 and 10 based on what

Rivers refers to as a "mere technicality."   (Dkt. No. 385 at 9.)   These claims were also

dismissed based on a pleading error of which Rivers had previously been warned.   "The R&R

correctly states that Rivers was specifically told to specifically name defendants with regard to

each count and not to just include defendants in the factual recitation."   (Dkt. No. 372 at 4.)

The court is entirely justified in expecting litigants, even pro se litigants, to follow basic pleading

rules and to face the consequences when those rules are not followed—especially in conjunction

with repeated instructions and warnings from the court.   *See Dancy v. Univ. of N.C. at*

*Charlotte*, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009)

("The right to self-representation does not 'exempt a party from compliance with relevant rules

of procedural and substantive law.'") (quoting *Traquth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)

and citing *Haines v. Kerner*, 404 U.S. 519 (1972)).   Nothing in Rivers' motion for

reconsideration establishes that this ruling should be reversed based on newly discovered

evidence, a change in the law, or to avoid a manifest injustice.

Finally, Rivers objects to the dismissal of her claims against Day.   Those claims were dismissed for the same reasons as the claims against Chapman, mentioned above.   Rivers refers to newly discovered evidence, mentioned throughout her motion, but she fails to connect such evidence to any basis which would justify reconsideration of the court's rulings.

For these reasons, Rivers' motion to reconsider will be denied.

## C.   March 30 Order Addressing March 9 R&R

Rivers argues that the court acted "too broadly" when it denied enforcement of the CVRA in this action.   She complains that the government went "behind her back" and enriched itself by obtaining restitution only for the government.   (Dkt. No. 392 at 1–2.)   This amounts to further "unadorned disagreement" with the court's denial of Rivers' motion for CVRA enforcement.   (Dkt. No. 380 at 4.)

Rivers further complains that the court (and the magistrate judge) did not address her request for limited discovery.   The court addressed Rivers' discovery motion by endorsing the magistrate judge's position that the discovery motion was coextensive with the other motions addressed in the R&R.   (*Id.* at 2 (stating that the motions, "including the discovery motion, are 'essentially the same except for the number of people Rivers accuses of criminal misconduct and the scope of relief she requests under the CVRA'") (quoting R&R 1).)

Therefore, this motion to reconsider will also be denied.

### III.   CONCLUSION

For the reasons stated in this memorandum opinion, it is HEREBY ORDERED that Rivers' motions for reconsideration (Dkt. Nos. 385, 392) are DENIED.

5

The Clerk is directed to send a copy of the memorandum opinion and order to counsel of record and to Ms. Rivers.

Entered: May 19, 2020.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge

6