IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| CRYSTAL VL RIVERS, | ) | |
| Plaintiff, | ) | Civil Action No. 6:18-cv-00061 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | By:  Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on motions for sanctions filed by Defendant Serene Creek Run Association ("Serene Creek"), ECF No. 182; Defendants Travis Baker, Jennifer Baker, Michael Friedman, Loren Friedman, Richard Rodgers, Beth Rodgers, Matthew Krycinski, Sarah Krycinski, Michael Bradbury, Howard Frear, Barbara Frear, William Fluker, and Michelle Fluker ("Homeowners"), ECF No. 183; and Defendant Seth Twery, ECF No. 184. Defendants seek sanctions against the pro se plaintiff, Crystal VL Rivers, for filing what they believe is yet another "frivolous" lawsuit, "not well-grounded in law or fact," for the "improper purpose of continuing to harass" them. Def. Serene Creek's Mot. for Sanctions 1 (citing Fed. R. Civ. P. 11(b)(1)–(3)); *accord* Defs. Homeowners' Mot. for Sanctions 1; Def. Twery's Mot. for Sanctions 1. Rivers opposes the motions. ECF No. 245.

I. Background

"This case is the latest in a long line of lawsuits 'arising out of business dealings and financial transactions between' Rivers, her companies, and 'various business entities and individuals.'" R. & R. of Feb. 26, 2020, at 2 (quoting *CVLR Performance Horses, Inc. v. Wynne*, 852 F. Supp. 2d 705, 708 (W.D. Va. 2012)), ECF No. 346, *adopted by* Mem. Op. of Mar. 24, 2020, at 1, ECF No. 372; *see generally* Second Am. Compl. ¶¶ 84–115, ECF No. 17. Rivers filed suit in May 2018, ECF No. 2, amended her complaint by right that June, ECF No. 4, and was

granted leave to amend for a second time in July 2019, ECF Nos. 15, 16. As drafted, her 128-page Second Amended Complaint asserts nineteen counts and names at least sixty defendants—some of whom are not identified clearly as Defendants to any specific count. *See* R. & R. of Feb. 26, 2020, at 2, 5–8; Mem. Op. of June 27, 2019, at 9, ECF No. 15. The pleading's wide-ranging allegations paint a "discursive, confusing narrative," *Negron-Bennett v. McCandless*, No. 1:13cv387, 2013 WL 3873659, at *4 (E.D. Va. July 24, 2013), purporting to describe how dozens of state and federal law-enforcement agencies and officials, private attorneys, closing agents and title companies, banks and bank employees, individual homeowners, and one insurance agent allegedly helped nonparty John Wynne perpetrate a scheme to defraud Rivers over the past twelve years. *See* R. & R. of Feb. 26, 2020, at 3–5, 8–9. In March, the presiding District Judge granted Rule 12(b)(6) motions to dismiss filed by a bank and its employee, two attorneys, and two private individuals. Order of Mar. 25, 2020, at 1. The movants' Rule 12(b)(6) motions to dismiss are under consideration. ECF Nos. 73, 75, 78.

## II. The Legal Framework

Whenever an attorney or unrepresented party signs and "present[s] to the court a pleading, written motion, or other paper[,] whether by signing, filing, submitting, or later advocating it," he or she necessarily "certifies . . . to the best of the person's knowledge, information, or belief, formed after an inquiry reasonable under the circumstances" that the paper meets four substantive requirements:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a belief or a lack of information.

Fed. R. Civ. P. 11(b); *see Tyler v. Cashflow Techs., Inc.*, No. 6:16cv38, 2016 WL 6548006, at *2 (W.D. Va. Nov. 3, 2016).

In the Fourth Circuit, courts apply an "objective reasonableness" test to determine whether a pleading violated Rule 11(b) at the time the signer filed it. *Guidry v. Clare*, 442 F. Supp. 2d 282, 288–89 (E.D. Va. 2006); *see In re Kunstler*, 914 F.2d at 514, 518–19; *United States v. Henry*, No. 2:07cv342, 2017 WL 1065820, at *1 (E.D. Va. Mar. 20, 2017). Subsections (b)(2) and (b)(3) require "that an unrepresented party or a represented party's attorney conduct a prefiling investigation of law and fact which is objectively reasonable under the circumstances." *Harmon v. O'Keefe*, 149 F.R.D. 114, 116 (E.D. Va. 1993) (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)). To be reasonable, a prefiling investigation must "uncover some information" and "some basis in law to support the claims in the complaint." *Brubaker*, 943 F.2d at 1373. "Although a legal claim may be so inartfully pled that it cannot survive a motion to dismiss," that error alone does not violate Rule 11—"only the lack of any legal or factual basis is sanctionable." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002); *see also In re Kunstler*, 914 F.2d at 516. Pro se "litigants are entitled to consideration of their non-lawyer status," *Weathers v. Ziko*, 113 F. Supp. 3d 830, 833 (M.D.N.C. 2015), in determining whether their pleadings demonstrate a reasonable effort "to understand the law at issue and to seek out facts to support their claims," *Johnson v. Lyddane*, 368 F. Supp. 2d 529, 532 (E.D. Va. 2005).

Whether a "pleading has a foundation in fact or is well grounded in law will often influence the determination of the signer's purpose," *In re Kunstler*, 914 F.2d at 518, as addressed in Rule 11(b)(1). This subsection focuses on the signer's intent when filing a pleading,

3

"objectively tested, rather than the consequences of the signer's act, subjectively viewed by the signer's opponent." *Id.* (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986)). "In other words, it is not enough that the injured party subjectively believes that a lawsuit was brought to harass" him or run up his legal bills; "instead, such improper purposes must be derived from the motive of the signer in pursuing the suit." *Id.* at 518–19. Thus, the "court must ignore evidence of the injured party's subjective beliefs and look for more objective evidence of the signer's purpose," knowledge, or beliefs, *id.* at 519, measured "under an objective standard of reasonableness," *id.* at 518. *See Coates v. United Parcel Servs., Inc.* 933 F. Supp. 497, 500 (D. Md. 1996). Gamesmanship, "[r]epeated filings, the outrageous nature of claims made, or a signer's experience in a particular area of law, under which baseless claims have been made, are all appropriate indicators of an improper purpose." *In re Kunstler*, 914 F.2d at 519. Filing a lawsuit to "vindicate rights" through the judicial process, on the other hand, is almost always objectively reasonable. *Id.* at 518. If an attorney or pro se plaintiff filed a complaint to "vindicate rights in court, and also for some other purpose," that person should not be subject to Rule 11 sanctions "so long as the added purpose is not undertaken in bad faith and is not so excessive as to eliminate" a "central and sincere" desire to vindicate her rights. *Id.*

The party moving for sanctions bears the burden to demonstrate the specific conduct that violates Rule 11(b). *Henry*, 2017 WL 1065820, at *1; *see* Fed. R. Civ. P. 11(c)(2). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction" on the responsible party. Fed. R. Civ. P. 11(c)(1). Any sanction "must be limited to what suffices to deter" similar litigation misconduct by that party and "others similarly situated." *Id.*; *see In re Kunstler*, 914 F.2d at 514, 522 ("[T]he primary, or 'first' purpose of Rule 11 is to deter future litigation abuse."). The court enjoys

discretion both in determining whether a filing violated Rule 11(b) and in crafting an appropriate sanction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

## III. Analysis

Defendants Twery, Serene Creek, and the Homeowners assert Rivers is a "serial litigator with a long history of filing baseless lawsuits." *See* Def. Twery's Mot. for Sanctions 1, 4–5; Def. Serene Creek's Mot. for Sanctions 1, 3–4; Defs. Homeowners' Mot. for Sanctions 1, 3–4. In July 2016, Rivers named Twery, Serene Creek, and "some" of the Homeowners as defendants in *Rivers v. Sanzone*, No. CL-15-525, which was pending in Lynchburg Circuit Court. *Id.* at 3–4 (citing *id.* Ex. C, First Am. Verified Compl. ¶¶ 9, 36, 47, *Rivers v. Sanzone*, No. CL-15-525 (Lynchburg Cir. Ct.), ECF No. 184-3).[1] Rivers moved to dismiss that case with prejudice after several defendants filed demurrers.[2] *Id.* The court granted her request on August 2, 2016. *Id.* Ex. D, Order, *Rivers v. Sanzone*, No. CL-15-525 (Lynchburg Cir. Ct. Aug. 2, 2016), ECF No. 114-4. Twery, Serene Creek, and the Homeowners argue Rivers's Second Amended Complaint "has already been litigated in the Lynchburg Circuit Court, is clearly frivolous and presented for the improper purpose of attempting to harass and inflict punishment on" anyone who has "opposed or thwarted" her. Def. Twery's Mot. for Sanctions 5; Defs. Homeowners' Mot. for Sanctions 4; Def. Serene Creek's Mot. for Sanctions 4. They also argue Rivers's "claims are not warranted by existing law or by a non-frivolous argument" for changing the law, Def. Twery's Mot. for Sanctions 5–6, presumably because her allegations "do not meet the threshold to survive a motion to dismiss" under Rule 12(b)(6), *id.* at 2–3. *See also* Def. Serene Creek's Mot. for

---

[1] Contrary to counsel's suggestion, it appears that Matthew Krycinski is the only Serene Creek Run Homeowner named as a Defendant both in *Sanzone* and in the Second Amended Complaint. *Compare* Second Am. Compl. ¶¶ 57–64 (Baker, Friedman, Rogers, Matthew Krycinski, Sarah Krycinski, Bradbury, Frear, Fluker), *with* First Am. Verified Compl. ¶ 36, *Sanzone*, No. CL-15-525 (Lynchburg Cir. Ct.).

[2] Counsel does not say whether any of his clients filed demurrers before Rivers moved to dismiss this case. Def. Twery's Mot. for Sanctions 5; Def. Serene Creek's Mot. for Sanctions 4; Defs. Homeowners' Mot. for Sanctions 4.

5

Sanctions 2; Defs. Homeowners' Mot. for Sanctions 2. They seek attorney's fees related to this lawsuit and a prefiling injunction restricting Rivers's right to make "any future filings in any court in the United States." *Id.* at 5–7 (citing *Farley v. Bank of Am., N.A.*, No. 3:14cv568, 2015 WL 3651165, at *1, 8–9 (E.D. Va. June 11, 2015) (entering prefiling injunction in pro se plaintiffs' seventh lawsuit arising out of the same "inadequate facts" after plaintiffs were warned in prior federal action that "continuing to file frivolous lawsuits" would likely result in Rule 11 sanctions), *aff'd* 615 F. App'x 804 (4th Cir. Sept. 11, 2015) (Mem.)).

**

Based on the record before the Court, I am constrained to conclude that the moving Defendants have not shown Rivers violated Rule 11(b) by naming them as Defendants in her Second Amended Complaint. First, the fact that Defendants might prevail on their pending Rule 12(b)(6) motions "does not automatically mean," *Leistikow v. Mangerson*, 172 F.R.D. 403, 407 (E.D. Wisc. 1997), the Second Amended Complaint violated Rule 11(b)(2) or (b)(3). *See Hunter*, 281 F.3d at 153; *Johnson*, 368 F. Supp. 2d at 532. Second, while Rivers's lawsuit has "certainly had the *effect* . . . of increasing [Defendants'] litigation costs," the question whether she violated Rule 11(b)(1) "goes to the *purpose* of [her purportedly] baseless filings, rather than to their consequences." *Coates*, 933 F. Supp. at 500 (citing *In re Kunstler*, 914 F.2d at 518). Twery, Serene Creek, and the Homeowners rely primarily on their (or their shared attorney's) subjective beliefs to show Rivers filed this lawsuit to harass and "punish" them because they "opposed or thwarted" her at some point. While the allegations in Rivers's Second Amended Complaint indicate that she was not "on congenial terms" with these Defendants in July 2019, I am not presently persuaded that she sued them "in bad faith" or that her allegations are so extreme "as to eliminate a proper purpose" for coming to federal court. *In re Kunstler*, 914 F.2d at 518. The fact

that Rivers named three of these Defendants in one prior state-court lawsuit that she later dismissed, without more, does not show she acted for an improper purpose in naming them in her Second Amended Complaint. *See Farley*, 2015 WL 3651165, at *1, *8 (finding pro se plaintiffs violated Rule 11(b)(1) by filing seventh lawsuit arising out of the same "inadequate facts" after they were warned in prior federal action that "continuing to file frivolous lawsuits" would likely result in sanctions); *cf. Sanders v. Farina*, 197 F. Supp. 3d 892, 894 (E.D. Va. 2016) (finding pro se defendant violated Rule 11(b)(1) on third "unsuccessful and baseless attempt[] to remove a state court breach-of-contract dispute to federal court" after he was warned the first two attempts were "frivolous" and a third attempt would result in sanctions).

Accordingly, Defendants' motions for Rule 11 sanctions, ECF Nos. 182, 183, 184, are hereby **DENIED without prejudice**.

It is so ORDERED.

ENTER: August 7, 2020

Joel C. Hoppe
U.S. Magistrate Judge