IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CRYSTAL VL RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:18-cv-00061 |
| ) | |
| GARY M. BOWMAN, *et al.*, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter comes before the court on a Report and Recommendation (R&R) from United States Magistrate Judge Joel C. Hoppe issued on August 18, 2020.  (Dkt. No. 469.)  Judge Hoppe's R&R addresses motions in this case, brought by pro se plaintiff Crystal Rivers against several individuals and entities who have allegedly wronged her or her closely held businesses, CVLR Performance Horses, Inc. (CVLR) and CVLR Performance Horses d/b/a (CVLR d/b/a), over the past twelve years.  Rivers' objections to the magistrate judge's R&R are before the court for resolution.  (Pl.'s Obj., Dkt. No. 472; Am. Obj., Dkt. No. 474.)[1]

After a de novo review of the pertinent portions of the record, the report, and the filings by the parties, the court agrees with the magistrate judge's R&R, which will be adopted for the reasons stated below.[2]

---

[1] Also before the court is Rivers' September 3, 2019 motion to file amended objections.  (Dkt. No. 473.)  On September 1, 2020, Judge Hoppe granted ten additional days for Rivers to file her objections, so this motion will be granted.

However, on September 21, 2020, Rivers filed another motion related to her objections to the R&R.  (Dkt. No. 476.)  This motion is largely duplicative of Rivers' initial and amended objections.  To the extent that Rivers is not merely repeating or repackaging her arguments, her motion will also be denied as untimely.  Rivers states that she filed this "amended response" pursuant to Judge Hoppe's order granting an extension (*id.* at 6), but Judge Hoppe only granted ten additional days from September 1.

[2] In addition to amending her objections, Rivers requests that this matter be reassigned to another district

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–9.) The R&R recommends that a motion to dismiss filed by defendants the United States of America, the Federal Bureau of Investigation, the Internal Revenue Service (IRS) Criminal Division, IRS Agent Karen Deer, and IRS Agent Marylou Prilliman (the Federal Defendants) be granted, and that Rivers' claims under the Federal Tort Claims Act (FTCA) be dismissed without prejudice for lack of subject matter jurisdiction. The R&R further recommends that Rivers' ancillary motions related to those claims be denied as moot. Finally, the R&R recommends that Rivers' potential *Bivens* claim against defendants Deer and Prilliman be dismissed with prejudice.

## II. ANALYSIS

### A. Standard of Review

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The de novo requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the magistrate judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections made to the report must be made with "sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). General or conclusory objections are the equivalent of a waiver. *Id.* As to matters where there is no objection, "… a district court need not conduct a

---

judge and that the court issue a scheduling order. These motions will be denied.

*de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**B.  Rivers' Objections**

Addressing Rivers' Second Amended Complaint, the R&R explains that ten counts "identify clearly" which of the Federal Defendants are named in that specific count: counts 1, 2, 4, 6, 7, 9, 11, and 13–15.  (R&R 6–7.)   Also, Rivers' claims that the Federal Defendants negligently carried out or failed to carry out certain law enforcement activities (counts 1, 2, 6, 7, 9, 11, 13–15)[3] could only arise under the FTCA.  (R&R 7.)   The R&R construed count 4 (conspiracy to deprive Rivers' rights by Deer and Prilliman) as a claim grounded in *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), which recognizes an implied right of action for damages against government officers in their individual capacities for violating an individual's constitutional rights while acting under color of federal law.  (R&R 7–8.)

The United States moved to be substituted for the Federal Defendants with respect to the FTCA claims and to dismiss those claims because Rivers did not exhaust her administrative remedies.   Rivers did not oppose substitution and conceded her failure to exhaust mandatory administrative remedies, asking that the FTCA claims be dismissed without prejudice.   (R&R 8.) Deer and Prilliman separately moved to dismiss the *Bivens* claim.

The United States asked that the FTCA claims be dismissed with prejudice because they are otherwise barred by the two-year statute of limitations.   The R&R instead recommended dismissal without prejudice, reasoning that a dismissal for lack of subject matter jurisdiction "'must be one without prejudice[] because a court that lacks jurisdiction has no power to

---

[3] In the conclusion of the R&R, Judge Hoppe recommends the dismissal of counts 9–11, but the inclusion of count 10 is an oversight.   The analysis of the August 18, 2020 R&R does not mention count 10, which was dismissed with prejudice in March of this year.   (Dkt. No. 373.)

adjudicate and dispose of a claim on the merits.'" (R&R 14–15 (quoting *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).) The R&R recommended dismissal of the *Bivens* claims with prejudice on the grounds that Deer and Prilliman are entitled to qualified immunity.

Rivers begins by asking for a stay of Judge Hoppe writing or issuing his R&R until after certain pending matters are resolved, including a mandamus action filed by Rivers in the Fourth Circuit. (Pl.'s Obj. 1.)[4] This request was actually addressed in a separate order by Judge Hoppe, who noted that Rivers' motion, filed six days after Judge Hoppe issued his R&R, was "too late." (9/1/20 Order, Dkt. No. 471.) Rivers has not appealed that order, but even if she did, her request to somehow stop the issuance of an R&R already issued would be denied as moot.

In addition to the mandamus action, Rivers complains that the R&R did not "consider the current pending status" of her interlocutory appeal in this matter,[5] a petition for a writ of mandamus in the Virginia Supreme Court from the Circuit Court of Lynchburg relating to defendant Peter Sackett, or a mandamus action styled *In re Wild*, Case No. 19-13843 (11th Cir.) (Am. Obj. 27; Dkt. No. 474-1.) Rivers seems to suggest that the court should have waited until these rulings are rendered instead of resolving the issues and motions addressed by the R&R (Am. Obj. 27–36), but the court is under no obligation do so, and this matter has not been stayed. The court notes that Rivers separately moved for a stay pending the interlocutory appeal (Dkt. No. 405), but that motion is opposed and is not presently at issue.

Rivers also complains that the "narrative" of the R&R should be vacated. (Pl.'s Obj. 1.) Rivers does not specify exactly what she means by the R&R's narrative; presumably she means the

---

[4] Rivers filed a petition for a writ of mandamus in the Fourth Circuit on June 26, 2020. *In re Rivers*, Case No. 20-1705 (4th Cir.).

[5] On April 22, 2020, Rivers appealed the court's March 24, 2020 order accepting in part and modifying in part Judge Hoppe's February 26, 2020 R&R. (Dkt. Nos. 373, 404.) *See* Case No. 20-1476 (4th Cir.).

recitation of facts and procedural background as set forth in the report.  (R&R 2–9.)  In any event, she states the narrative is "misleading" as to her claims, includes false statements, and complains that the R&R does not address her supplemental motion for leave to file her third amended complaint (Dkt. No. 439), the proposed third amended complaint, or her notice of appeal and motion to stay pending appeal (Dkt. Nos. 404, 405).  Rivers is not entitled to rely on the allegations of the proposed third amended complaint when leave to amend has yet to be granted.  The court declines the request to vacate or otherwise question the factual basis for the recommendations in the R&R.

Rivers further objects to the dismissal with prejudice of her *Bivens* claims against Deer and Prilliman before considering her motion for leave to file a third amended complaint, asserting that her proposed third amended complaint cures the defects in her *Bivens* claims.  (Pl.'s Obj. 10; Am. Obj. 4–5, 12.)  As noted previously, Rivers' motion for leave to file a third amended complaint is still pending.  The court can address the propriety of Rivers' attempt to revive her claims against Deer and Prilliman in that context.

Finally, Rivers argues that Deer and Prilliman are not entitled to qualified immunity.  (Pl.'s Obj. 13–16; Am. Obj. 51–58.)  Rivers, again, appears to be relying on allegations set forth in her proposed third amended complaint, which is not before the court for consideration.  (*See id.*)  Moreover, Rivers does not confront the R&R's legal analysis pertaining to qualified immunity.  Rivers claims that the government failed in its duty protect her from various co-conspirators by refusing to investigate, arrest the perpetrators, and file charges, but as the R&R explained, "the Constitution does not require the government 'to protect the life, liberty, and property of its citizens against invasion of private actors.'"  (R&R 18 (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).)  Because there is no "clearly

established constitutional right to have claims of criminal activity by a private actor investigated," defendants Deer and Prilliman are entitled to qualified immunity. (*Id.* at 18–19.)

**C. Motions to Transfer and for a Scheduling Order**

Rivers argues that the district court's failure to rule on pending motions, combined with its past failures to issue scheduling orders or otherwise move the case towards resolution, justifies reassignment of this matter to the Chief Judge of this judicial district or a three-judge panel[6] of the Eastern District of Virginia. (Am. Obj. 36, 64.) District courts have "broad discretion" regarding the assignment or reassignment of cases. *See Davis v. O'Connor*, Case No. 18-cv-2824-BAS-AGS, 2019 WL 2289366, at *1 (S.D. Cal. May 28, 2019) (quoting *Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991); *see also In re Division of Cases Among District Judges*, Standing Order No. 2018-10 (W.D. Va.) ("Nothing in this order shall be construed to prevent any district judge from relinquishing any case on his/her docket or from reassigning any case on his/her docket to a judge in the rotation in that division with the consent of the judge to whom the case is assigned.").

Earlier in this litigation, Rivers moved to transfer to the Eastern District of Virginia on the grounds that this matter is "complex" and that many judges in this district may have conflicts of interest. The court denied this motion initially and on reconsideration. (Dkt. Nos. 10, 15.) The present motion is not grounded on conflicts of interest or the appearance of impropriety, but it does rest on Rivers' contention that this matter is too complex for the court to handle. Rivers' motion lacks self-awareness because the complexity and slow-moving nature of this case is her own doing, the result of Rivers' repetitive, prolix, and overlapping motions. The court doubts that any judge in any district could give Rivers the swift resolution and all-consuming attention she

---

[6] Three judge panels can only be convened in district court "when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a).

requests.  Moreover, the court finds it inefficient to force another judge to become familiar with this case when the undersigned and Judge Hoppe have already spent innumerable hours addressing the issues raised herein.

Relatedly, Rivers takes issue with the court's "repeated failure or refusal to rule on pending motions, including most recently, its failure to issue a scheduling order or decide on the host of motions listed in the case docket," asking the court to "take up the pending motions and issue a scheduling order setting this matter for pre-trial with witnesses and limited discovery." (Am. Obj. 64.)  This request is at odds with Rivers' entreaties that this matter must await rulings from the Fourth Circuit and other courts referenced above.  In any event, the pending motions will be addressed in due course at the court's discretion.

As to the timing of the scheduling order, the Federal Rules of Civil Procedure provide that scheduling orders must be issued "as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. 16(b)(2).  The requirement to issue a scheduling order, however, is only triggered after the court receives the parties' Rule 26(f) report or after the court conducts a scheduling conference.  Fed. R. Civ. P. 16(b)(1).  The court, in its discretion, has not conducted a scheduling conference because of the several motions that have been pending since the outset of this matter, the resolution of which do not require discovery.  Under Rule 16(b)(2), the court finds that there is and has been good cause to delay issuance of a scheduling order until the scope of the pleadings in this matter has been resolved.  *See Encarnacion v. Fin. Corp. of Am.*, Case No. 2:17-cv-566-FtM-38CM, 2018 WL 3860124, at *3 n.1 (M.D. Fla. June 8, 2018) ("Given the various preliminary issues that were outstanding in this case . . . the Court finds good cause for delay in the issuance of a case

management and scheduling order."); *Chesser v. Dir. Of Fed. Bureau of Prisons*, Civil Action No. 15-cv-01939-NYW, 2016 WL 1170448, at *6 (D. Col. Mar. 25, 2016) (finding good cause to delay entry of a scheduling order until "the court and the Parties have a firm understanding of what issues will proceed in this matter").

For these reasons, Rivers' motions to transfer and for a pretrial conference and scheduling order will be denied.[7]

### III. CONCLUSION

For the reasons stated herein, the court will adopt the August 18, 2020 R&R, overrule Rivers' objections, grant Rivers' first motion to amend her objections, deny Rivers' second motion to amend her objections, deny Rivers' motion to transfer, and deny Rivers' motion for a pretrial conference and scheduling order. The court will issue an appropriate order.

Entered: September 28, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[7] The caption of Rivers' pleading is "Amended Objections, Motion to Reconsider, Motion for Leave to Amend Motion to Reconsider in Response to . . . R&R, and Motion for Pre-Trial Conference and Scheduling Order." (Dkt. No. 474.) Aside from her objections, the request to transfer, and the motion for a pretrial conference and scheduling order, it is not clear what these other motions are attempting to address. They will be denied without prejudice.