IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| CRYSTAL VL RIVERS, ) | | |
|     Plaintiff, ) | Civil Action No. 6:18-cv-00061 | |
| ) | | |
| v. ) | MEMORANDUM OPINION & ORDER | |
| ) | | |
| UNITED STATES OF AMERICA et al., ) | By: | Joel C. Hoppe |
|     Defendants. ) | | United States Magistrate Judge |

This matter is before the Court on seven procedural motions filed by pro se Plaintiff Crystal VL Rivers. ECF Nos. 337, 360, 405, 448, 459, 463, 464. They include two motions to reconsider my prior orders, ECF Nos. 337, 360; a motion to stay this case pending the Fourth Circuit's resolution of Rivers's interlocutory appeal, ECF No. 405; and two motions asking the Court to rule on the motion for stay and to extend the time within which Rivers must reply to certain Defendants' responses opposing her requests to file a third amended complaint, ECF Nos. 448, 464. These motions will be denied. Rivers's motions to replace portions of exhibits that she should have redacted in accordance with Rule 5.2 of the Federal Rules of Civil Procedure, ECF Nos. 459, 463, will be granted in part.

A.   *Motions to Reconsider*

Rivers's first motion asks me to reconsider my January 24, 2020 Order denying her request to permit early third-party discovery and staying "all discovery until the presiding District Judge determines which of Plaintiff's claims, if any, survive multiple Defendants' motions to dismiss and/or Plaintiff's various motions to file a third amended complaint," Disc. Order of Jan. 24, 2020, at 2 (internal citation omitted), ECF No. 335. *See generally* Pl.'s Mot. to

1

Reconsider Disc. Order 1–11, ECF No. 337.[1] Her second motion asks me to revisit my February 26, 2020 Order denying her motions to disqualify several defense attorneys in this case, Order Den. Mots. to Disqualify Att'ys, ECF No. 345. *See* Pl.'s Mot. to Reconsider Order Den. Mots. to Disqualify Att'ys 1–8, ECF No. 360.[2]

"The Federal Rules of Civil Procedure do not provide for a motion to reconsider, denominated as such," *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001), although such requests "are common in federal practice," *DIRECTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Requests to revisit interlocutory rulings fall under Rule 54(b), which "provides that 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time.'" *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018) (quoting Fed. R. Civ. P. 54(b)). While the "precise standard governing" these motions is "unclear," *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015), courts agree that they "are not subject to the strict standards applicable to motions for reconsideration of a final judgment" or order under Rules 59(e) and 60(b), *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). *See Carrero*, 310 F. Supp. 3d at 584. Still, "[s]uch motions are disfavored and should be granted sparingly." *Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016).

Relief under Rule 54(b) may be appropriate where the moving party shows that the court "patently misunderstood a party" in reaching its decision, there has been "a controlling or

---

[1] This motion is captioned, "Plaintiff's Motion for Reconsider[ation] of the Courts Order Denying Plaintiffs' Motion to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference and Request for Discovery." *Id.* at 1 (punctuation in original)

[2] This motion is captioned, "Motion to Reconsider Judge's Order (DE 345)." *Id.* at 1. It is 260 pages long with seventeen attached exhibits.

significant change in the law or facts" since the court issued its order, *Above the Belt*, 99 F.R.D. at 101, or "the prior decision was clearly erroneous and would work manifest injustice" if allowed to stand, *Am. Canoe Ass'n*, 326 F.3d at 515 (quotation marks omitted). *See Wootten*, 168 F. Supp. 3d at 893 (citing the same factors). Properly used, motions to reconsider provide "a useful mechanism" to correct errors and prevent injustice. *U.S. Gov't ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 70 (N.D. Ill. 1988). But they are "not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Wootten*, 168 F. Supp. 3d at 893. They also are "not an occasion to present a better and more compelling argument that the party could have presented in the original briefs or to introduce evidence that could have been addressed or presented previously." *Id.* (cleaned up). Improperly used in this way, motions to reconsider "waste judicial resources and obstruct the efficient administration of justice." *Houck*, 121 F.R.D. at 71.

     Rivers's motion to reconsider the discovery order is a quintessential second bite at the apple. In fact, it is almost identical to her original motion seeking leave "to conduct limited early discovery" so she can "preserv[e] the evidence, identif[y] potential witnesses and Defendants," and, "in consideration of the administration of justice, . . . . have third-party subpoenas issued," Pl.'s Mot. for Early Disc. 2, ECF No. 327. *Compare id.* at 3 ("The missing parties are employees of the Defendants, and parties of interest to the Defendants or the matter all-together and learned since the filing of the last amended complaint. . . . Without the evidence, Plaintiff risks the third parties moving out of state, retiring or leaving their employment, or passing away and the evidence be [sic] destroyed. Without the evidence, the Plaintiff cannot properly issue discovery on the Defendants and she cannot conduct a proper Rule 26(f) conference."), *with* Pl.'s Mot. to

3

Reconsider Disc. Order 5–6 (same). I denied that motion because "early 'discovery [was] not reasonable at this stage of the proceeding,' particularly considering the 'broad-based discovery,'" that Rivers appeared "likely to request from individuals and agencies who are not parties to this litigation." Disc. Order of Jan. 24, 2020, at 1–2 (quoting *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005)). Rivers's "speculative belief" that she risked losing access to unspecified information, held by unidentified or even unknown third parties, was not evidence that she would "be irreparably harmed by delaying the discovery requested until after the Rule 26 conference." *Id.* at 2. I also found that staying all discovery until the presiding District Judge could determine which of Rivers's claims, if any, survived under Rule 12(b)(6) was "'an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources' in this case." *Id.* (quoting *Wymes v. Lustbader*, Civ. No. WDQ-10-1629, 2012 WL 1819836, at *4 (D. Md. May 16, 2012)); *accord* Mem. Op. of Sept. 28, 2020, at 6–8 (explaining that "the complex and slow-moving nature of this case is [Rivers's] own doing, the result of [her] repetitive, prolix, and overlapping motions," and finding good cause to delay issuing a scheduling order until after the court can address several pending motions "the resolution of which do not require discovery") (Dillon, J.), ECF No. 477.

      Rivers asserts that I should reconsider this decision because "[o]nly 4 Defendant's [sic] in this matter objected" to her motion—it "was not objected to by any third-party" that would have been subject to early discovery—and she did not have time to file an optional reply brief before I denied the motion. *See* Pl.'s Mot. to Reconsider Disc. Order 3–4, 6. The first point is irrelevant. The Court has an independent obligation to enforce express limitations on the timing and scope of discovery, *see* Fed. R. Civ. P. 1, 26, and it enjoys "broad discretion to manage discovery and make discovery rulings," *W.S. v. Daniels*, 258 F. Supp. 3d 640, 643 (D.S.C. 2017) (citing *U.S. ex*

4

*rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). The second point could be grounds for reconsideration, but Rivers does not explain whether or how she was "adversely affected by," W.D. Va. Civ. R. 11(c)(3), my "swift resolution" of her motion, Mem. Op. of Sept. 28, 2020, at 6. She certainly does not suggest that I "patently misunderstood" her request for early third-party discovery, *Above the Belt*, 99 F.R.D. at 101, or that my decision to deny this request "was clearly erroneous and would work manifest injustice" if allowed to stand, *Am. Canoe Ass'n*, 326 F.3d at 515. This discovery issue was straight-forward, and in her motion, Rivers presented her reasons for seeking early third-party discovery. Nothing in her request for reconsideration shows that Rivers would have presented any more compelling reason in an optional reply brief.

      Rivers's motion to reconsider the attorney-disqualification order fails for the same reasons. In her original motions to disqualify,

> Rivers vaguely alleged that . . . eight defense attorneys "ha[d] a conflict of intertest, and/or bias in representing their clients in this matter" because they or their colleagues know some of the people allegedly involved in the events that gave rise to this action, the attorneys "can be called as witnesses," and their "law firm's files are subject to discovery." [She] did not submit any evidence, such an affidavit or declaration made under penalty of perjury, to support these allegations. Rivers also asserted that she is a former client of [Chad] Mooney's law firm, Petty, Livingston Dawson & Richards ("PLDR"), but she did not provide any details about that prior relationship. . . . Rivers [also did] not allege that an attorney from PLDR ha[d] represented her in this case or any substantially related matter.

Order Den. Mots. to Disqualify Att'ys 3–4 (cleaned up); *see, e.g.*, Third Mot. to Disqualify Att'ys 6–4, ECF No. 214. In denying those motions, I explained that Virginia's Rules of Professional Conduct "do not prohibit an attorney from representing a client in a matter simply because the attorney knows, works with, or is related to a party, potential party, or likely witness." Order Den. Mots. to Disqualify Att'ys 5 (citing Va. R. Prof'l Conduct 1.8(i), 3.7(a), (c)); *see also id.* at 2, 4 (citing Va. R. Prof'l Conduct 1.7, 1.8, 1.9, 1.10). As the party seeking to

5

oust her opponents' chosen attorneys from the case, Rivers needed to demonstrate on the record that an actual or imminent conflict of interest existed under the appliable ethical principles. *Id.* at 3. "Imagined scenarios of conflict and mere speculation that an attorney might encounter some situation as the case unfolds which theoretically could lead counsel to act counter to his or her client's interests [are] not enough." *Id.* (internal citations, brackets, and quotation marks omitted). Most of Rivers's allegations about defense counsel's purported "biases" and conflicts of interest in this case were "at best, frivolous or speculative" and, at worst, could be considered harassment subject to sanctions. *See id.* at 5–6.

In her motion to reconsider, Rivers asserts that the conflict-of-interest standard outlined in my order "does not apply to" certain defense attorneys because "[t]his matter is not merely a friend of a friend of a friend scenario." Pl.'s Mot. to Reconsider Order Den. Mots. to Disqualify Att'ys 2. Rather than explaining how this so-called "exception" applies here, however, Rivers essentially repeats her conclusory assertions that counsel knew about some of the alleged events giving rise to this lawsuit, are friends or colleagues with certain people allegedly involved in those events, or work for law firms that allegedly benefited from financial transactions related to those events. *Compare id.* at 3–8, *with* Third Mot. to Disqualify Att'ys 4–7. Again, Rivers's "imagined scenarios of conflict" and "mere speculation" that a defense attorney "might encounter some situation as this case unfolds that theoretically could lead to counsel to act counter to his or her [own] client's interests," as opposed to Rivers's competing positions, do not warrant the attorney's disqualification. Order Den. Mots. to Disqualify Att'ys 3; *see* Pl.'s Mot. to Reconsider Order Den. Mots. to Disqualify Att'ys 3–7 (asserting that the defense attorneys and their law firms have "a conflict of interest, adverse interest and a bias" in favor of their clients and colleagues who are named as Defendants in this case); Third Mot. to Disqualify Att'ys 1–2,

6

5–7 (same). Rivers also does not explain why any of her newly submitted exhibits demonstrate that any defense attorney or law firm in this case has an actual or imminent conflict of interest against a current or former client. *See generally* Pl.'s Mot. to Reconsider Order Den. Mots. to Disqualify Att'ys 4–7 (citing *id.* Exs. A–Q, ECF No. 360-1, at 1–250).

Accordingly, Rivers's motions to reconsider, ECF Nos. 337, 360, will be denied.

B.  *Motions to Stay & Extend Deadlines*

In late April 2020, Rivers asked the Court to stay this case pending the Fourth Circuit's resolution of her interlocutory appeal from the presiding District Judge's order dismissing portions of the Second Amended Complaint. *See* Mot. to Stay Pending Appeal, ECF No. 405. The request relies on Rule 8(a) of the Federal Rules of Appellate Procedure, which instructs a party to "move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Fed. R. Civ. P. 8(a)(1)(A).[3] The district court, in its discretion, may stay a case pending appeal when the moving party "show[s] that the circumstances justify the exercise of that discretion." *Atl. Coast Pipeline v. 1.52 Acres in Nottaway Cty., Va.*, No. 3:17cv814, 2019 WL 4871481, at *1 (quoting *Nken v. Holder*, 556 U.S. 418, 434–35 (2009)).

While Rivers did not initially explain why she wanted a stay, her later filings made clear the request was based on her mistaken belief that this Court lacked all authority to proceed until the Fourth Circuit decided her interlocutory appeal. *See* Mem. Op. of Sept. 28, 2020, at 4 (citing Pl.'s Am. Obj. to R. & R. 27–36, ECF No. 474-1); Order of Sept. 1, 2020, at 3–4 (citing Pl.'s Mot. for Stay & Extension of Time to Resp. 2–4, ECF No. 470), ECF No. 471. "Generally, a

---

[3] Rivers mistakenly cited Rule 8 of the Federal Rules of Civil Procedure, which sets out the general rules of pleading in civil actions. The Court assumes that she meant to cite the appellate rules. *See also* Def. Callahan's Br. in Opp'n to Mot. to Stay Pending Appeal 3–4 (citing Fed. R. App. P. 8(a)(1)), ECF No. 420.

7

timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal."[4] *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, "the district court does not lose jurisdiction" over any aspect of a case "where the litigant takes an appeal from an unappealable order." *United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010) (citing *Griggs*, 459 U.S. at 58); *see also Automobili Lamborghini v. Garcia*, No. 1:18cv62, 2020 WL 3259794, at *5–6 (E.D. Va. June 16, 2020) (published opinion).

On April 22, Rivers noticed an appeal from "portions" of the presiding District Judge's March 24, 2020 Order adopting in part and modifying in part my Report & Recommendation issued on February 26, 2020; dismissing two out of nineteen counts asserted in the Second Amended Complaint; granting Rule 12(b)(6) motions to dismiss filed by six of the roughly sixty Defendants named therein; and denying Rivers's motions to file a third amended complaint against three of those Defendants. Pl.'s Notice of Appeal, ECF No. 404; *see* Order of Mar. 24, 2020, 1–2, ECF No. 373. This Order "is neither a final order nor an appealable interlocutory order." Order of Sept. 1, 2020, at 3–4 (quoting *Greenway v. Toney*, 172 F. App'x 492, 492 (4th Cir. 2006)); *see Automobili Lamborghini*, 2020 WL 3259794, at *5 ("[T]he Fourth Circuit has made abundantly clear that . . . orders on a plaintiff's motion to amend a complaint . . . do not constitute final orders, appealable interlocutory orders, or appealable collateral orders. Instead, these orders are non-appealable interlocutory orders." (footnote omitted)); Mem. Op. of May 19,

---

[4] "'[T]he district court may still proceed with matters not involved in the appeal,' *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007) (citing *Griggs*, 459 U.S. at 58), including taking up motions to dismiss claims that are legally distinct from those at issue on appeal, *Entergy Ark., Inc. v. Nebraska*, 58 F. Supp. 2d 1104, 1106 & n.1 (D. Neb. 1999)." Order of Sept. 1, 2020, at 3–4; *accord* Mem. Op. of Sept. 28, 2020, at 4 (noting that "the court is under no obligation" to wait until the Fourth Circuit resolves Rivers's interlocutory appeal before ruling on issues and motions on matters not involved in the appeal).

2020, at 2–5 (denying Rivers's Rule 54(b) motion to reconsider the March 24 Order) (Dillon, J.), ECF No. 428. Rivers's notice of appeal from that Order is therefore "defective" and "does not deprive the district court of jurisdiction," *Automobili Lamborghini*, 2020 WL 3259794, at *6, to decide any of the other pending motions in this case. *See* Order of Sept. 1, 2020, at 3–4 (citing *Jones*, 367 F. App'x at 484). Those "motions will be addressed in due course at the court's discretion." Mem. Op. of Sept. 28, 2020, at 8; *see* Order of Sept. 1, 2020, at 4. Rivers's motions asking the Court "to rule on the stay motion . . . and/or to extend [her] time to reply to" certain Defendants' briefs opposing her motions to file a third amended complaint until after the Fourth Circuit resolves her interlocutory appeal, ECF Nos. 448, 464, will be denied as moot.[5] Rivers already filed her reply briefs. *See* ECF Nos. 450, 451, 521, 453, 454.

C.      Requests to Substitute Exhibits

---

[5] These motions are captioned "Motion for Extension of Time to Respond to Defendants Responses to Plaintiffs Motion [redacted] (DE 438, 439) The Courts Order DE 428)," ECF No. 448, and "Motion for Extension of Time to Respond to Defendants Responses to Plaintiffs Motion for Leave to File Third Amended Complaint (DE 438, 439) and Reconsideration of the Courts Order (DE 428) Motion for the Court to Extend the Deadline for All Responses," ECF No. 464. Docket entry 428 is the presiding District Judge's Memorandum Opinion and Order denying Rivers's prior motions to reconsider orders separately addressing two of my earlier Reports and Recommendations. Mem Op. & Order of May 19, 2020; *see* R. & R. of Mar. 9, 2020, ECF No. 358, *accepted by* Order of Mar. 30, 2020, ECF No. 380, *and pet. for writ of mandamus filed sub nom. In re Crystal Rivers*, No. 20-1705 (4th Cir. June 26, 2020); R. & R. of Feb. 26, 2020, ECF No. 385, *adopted in part and modified in part by* Order of Mar. 24, 2020, ECF No. 373, *and appeal filed sub nom. Rivers v. Chapman*, No. 20-1476 (4th Cir. Apr. 23, 2020). Docket entries 438 and 439 are Rivers's motions seeking leave to file a third amended complaint and asking the presiding District Judge to reconsider the Memorandum Opinion and Order of May 19, 2020. Rivers's motions for extension of time, ECF Nos. 448, 464, primarily address her allegations under the Crime Victim's Rights Act ("CVRA") and procedural matters that could impact her petition for mandamus relief that is also pending in the Fourth Circuit. *See* First Mot. to Extend Time ¶¶ 1–5, ECF No. 448; Second Mot. to Extend Time ¶¶ 1–5, ECF No. 464. Rivers's mandamus petition and CVRA allegations are not related to the presiding District Judge's order dismissing potions of the Second Amended Complaint, which is the subject of Rivers's interlocutory appeal. R. & R. of Mar. 9, 2020, at 8 ("The Second Amended Complaint does not mention or otherwise seek relief under the CVRA."); *see also* Mem. Op. of Sept. 28, 2020, at 5 ("Rivers is not entitled to rely on the allegations of the proposed third amended complaint when leave to amend has yet to be granted."); Mem. Op. & Order of May 19, 2020, at 1–5.

Finally, Rivers filed two requests to substitute "corrected redacted" copies of about forty pages she previously submitted with exhibits to various motions. Pl.'s Req. to File & Replace Exs. 1 (citing ECF No. 340-1, at 6–11, 13, 15, 24, 27, 41, 44–45, 55–56, 119–20; ECF No. 385-1, at 2, 5–6, 9–12, 15–16, 18–25; ECF No. 414-1, at 1; ECF No. 438-2, at 2–3, 32; ECF No. 439-2, at 2–3, 32), ECF No. 459; Pl.'s Letter Request (same), ECF No. 463. These requests followed my Order denying Rivers's motion for electronic filing privileges in part because I doubted her assertion that she had "'read, understands, and . . . complied with' Rule 5.2 of the Federal Rules of Civil Procedure." Order of July 1, 2020, at 4, ECF No. 458. Indeed, "many of her filings clearly violate[d] the Rule's requirement that filings shall include only 'the year of [an] individual's birth' and 'the last four digits' of any taxpayer-identification number or financial account number, Fed. R. Civ. P. 5.2(a)(1)–(2), (4)." *Id.* (citing ECF Nos. 340-1, 414-1, 438-2). Dozens of pages in the cited exhibits contained unredacted full dates of birth, social security or taxpayer-identification numbers, or financial account information belonging to several individuals and entities, including at least one named individual who is not a party to this lawsuit.

Rivers's request to replace certain pages with "corrected redacted" copies will be granted in part and denied in part. As previously noted, many of Rivers's "submissions [in this case] are voluminous and take time for the two Deputy Clerks to scan, docket, and quality check." *Id.* (citations omitted). The exhibits she now wants to correct encompass more than 330 pages. ECF No. 340-1, at 1–236, ECF No. 385-1, at 1–31; ECF No. 438-2, at 1–32; ECF No. 439-2, at 1–32. I will not ask the Deputy Clerks to spend even more time switching out individual pages in those exhibits. *See* Order of July 1, 2020, at 3–4.

ORDER

1. Rivers's motions to reconsider, ECF Nos. 337, 360, are DENIED.

2. Rivers's motion to stay pending appeal, ECF No. 405, is DENIED. Her motions for extension of time, ECF Nos. 448, 464, are DENIED as MOOT.

3. Rivers's motions to replace exhibits, ECF Nos. 459, 463, are GRANTED in part and DENIED in part. Within fourteen (14) days from this Order, Rivers shall submit complete, properly redacted copies of the exhibits she wishes to replace.

It is so ORDERED.

ENTER: October 9, 2020

Joel C. Hoppe
U.S. Magistrate Judge