CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/4/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| CRYSTAL VL RIVERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 6:18-cv-00061 |
| GARY M. BOWMAN, *et al.*, | ) ) ) | By: Elizabeth K. Dillon<br>United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

On November 12, 2020, the court issued an order directing pro se plaintiff Crystal VL Rivers to show cause why she should not be enjoined from filing any motions or pleadings pending the resolution of all currently-pending motions in this case. (Dkt. No. 498.) Rivers responded to the order to show cause on November 18. (Dkt. No. 504.) For the reasons stated below, Rivers will be enjoined from further filings pursuant to the court's authority under the All Writs Act. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).

### I. BACKGROUND

As the court explained in the order to show cause, this case "has been difficult to manage, largely because of Rivers' continuous filing of 'repetitive, prolix, and overlapping motions.' More than half of currently pending motions were filed by Rivers, and the court has previously addressed and resolved more than sixty of Rivers' motions. Rivers' litigiousness has diverted judicial resources, impeding the court's ability to resolve pending motions and move this case forward." (Dkt. No. 498 at 1 (internal citation omitted).) In the short time since the court issued its order to show cause, Rivers has filed several more motions and pleadings in support thereof. (*See* Dkt. Nos. 502 (Motion to Compel), 507 (Aff. for Entry of Default), 508 (Motion for Entry of

Default and Default Judgment), 510 (Notice of Appeal), 512 (Motion for Summary Judgment), and 513 (Brief in Support of Motion for Summary Judgment).)  This does not include briefs related to previously-filed motions or the currently-pending R&R issued on November 10.  (*See* Dkt. Nos. 501 (Reply in Opposition), 503 (Response in Opposition), and 507 (Objections to R&R).)

## II.  ANALYSIS

As the court also stated, it is "not powerless in the face of such conduct."  (Dkt. No. 498 at 1.)  The All Writs Act, 28 U.S.C. § 1651, "grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants."  *Cromer*, 390 F.3d at 817.  A pre-filing injunction is a "drastic remedy" which must not be used except in "exigent circumstances, such as a litigant's continuous abuse of the judicial process."  *Id.* at 817–18.

To determine whether a pre-filing injunction is warranted, courts consider the following factors: (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.  *Id.* at 818.  Where a prefiling injunction is substantively warranted, it must be "narrowly tailored to fit the particular circumstances presented."  *Id.*

### A.  History of Litigation

The court has commented on Rivers' litigiousness on various occasions.  In this sprawling lawsuit, Rivers has sued more than one hundred defendants, including individuals, banks, state and local governmental entities, and the United States.  Just over half have been dismissed through motion practice.

Eighty-six motions are currently pending, fifty-two of which were filed by Ms. Rivers. In additiona to the pending motions, CM/ECF shows that the court has already resolved one hundred ninety total motions in this case. Magistrate Judge Hoppe recently issued a mammoth sixty-six-page R&R, addressing several of the pending motions. (Dkt. No. 497.) Instead of taking a pause and allowing the court to address the R&R and the objections thereto, Rivers has demonstrated her intent to further complicate this matter by continuing to file motions both after the issuance of this R&R and after the court issued an order to show cause alerting Rivers to its concerns about excessive litigation activity.

In short, it is patently clear that Rivers has overrun this case with motion practice, and she will continue on this path absent court intervention to stop her.

### B. Basis for Litigation

In response to the court's order to show cause, Rivers states that she has never knowingly or intentionally filed a frivolous or vexatious pleading, intended to divert judicial resources, or tried to impede the court's ability to resolve pending cases and to move the case forward. The court does not doubt the sincerity of Rivers' convictions. Yet Rivers' subjective belief in the cause of her lawsuit does not distract from the objective reality. Filing a lawsuit against more than one hundred people, then deluging the court with multiplicitous pleadings, illustrates that Rivers is acting in bad faith.

### C. Burden on Courts and Other Parties

The court has outlined the burden on the court, based on the number of litigants, claims, and repetitive motions. Rivers' suit has required "all-consuming" attention from the court. (Dkt. No. 477 at 6.) Defendants have also been burdened in attempting to decipher and respond to this perplexing lawsuit.

### D. Alternative Sanctions

Rivers' persistence in litigating every possible issue in this case demonstrates to the court that there is no alternative sanction that would relieve the enormous burden Rivers has imposed on this court and opposing counsel  She must be enjoined, even if temporarily, from further filings.

### E. Scope of Injunction

Mindful of Rivers' rights to due process and access to courts, that Rivers' excessive filing behavior has been limited to this lawsuit, and that she is proceeding pro se, the court finds that a general prefiling injunction would not be "narrowly tailored to fit the specific circumstances at issue."  *Cromer*, 390 F.3d at 818 (advising particular caution with pro se litigants).  Accordingly, the prefiling injunction will be limited to Rivers' ability to file future pleadings, motions, or any other papers (however labeled) in this lawsuit.  She will be allowed to file responses to defendants' motions, replies to responses in opposition to motions she has already filed, and as allowed by orders of this court.

### III.  CONCLUSION

Pursuant to the foregoing, the court will enjoin Rivers from filing any further pleadings, motions, or any other papers (however labeled) in this matter, except as allowed in the order, until further order of this court.  The court will also dismiss without prejudice the motions filed by Rivers subsequent to the court's order to show cause: Dkt. Nos. 502, 508, and 512.  The court will issue an appropriate order.

Entered: December 4, 2020.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge