CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/3/2021
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CRYSTAL VL RIVERS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 6:18-cv-00061 |
| GARY M. BOWMAN, *et al.*, | ) By: Elizabeth K. Dillon |
| Defendants. | ) United States District Judge |

**AMENDED MEMORANDUM OPINION**[1]

This matter comes before the court on a Report and Recommendation (R&R) from United States Magistrate Judge Joel C. Hoppe issued on November 10, 2020. (Dkt. No. 497.) Judge Hoppe's R&R addresses motions in this case, brought by pro se plaintiff Crystal Rivers against several individuals and entities who have allegedly wronged her or her closely held businesses, CVLR Performance Horses, Inc. (CVLR) and CVLR Performance Horses d/b/a (CVLR d/b/a), over the past twelve years. Rivers' objections to the magistrate judge's R&R are before the court for resolution. (Pl.'s Obj., Dkt. No. 507.) Also before the court are objections by Serene Creek Run Association (Dkt. No. 499); Jennifer Baker, Travis Baker, Michael Bradbury, Michelle Fluker, William Fluker, Barbara Frear, Howard Frear, Loren Friedman, Michael Friedman, Matthew Krycinski, Sarah Krycinski, Beth Rodgers, and Richard Rodgers (collectively the Serene Creek Homeowners or Homeowners) (Dkt. No. 500); and Mark Merrill, Old Dominion National Bank, and Kelly Potter. (Dkt. No. 505.)

After a de novo review of the pertinent portions of the record, the report, and the filings by the parties, the court will sustain the objections filed by Serene Creek Run Association and the

---

[1] The court's February 3, 2021 memorandum opinion (Dkt. No. 529) and order (Dkt. No. 530) neglected to address defendant Margie Callahan's motion to dismiss. (Dkt. No. 156.) This was a clerical error, and the opinion and order are amended accordingly.

Serene Creek Homeowners; overrule the remaining objections; and adopt in part the magistrate judge's R&R.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–29.)  The R&R recommends the following:

- Defendant Seth Twery's motion to dismiss (Dkt. No. 73) be granted, and Twery be dismissed with prejudice because Rivers failed to name him as a defendant to any count;

- Defendant Homeowners' motion to dismiss (Dkt. No. 75) be granted, and the Homeowners be dismissed with prejudice because Rivers failed to name them as defendants to any count;

- Defendant Lisa Schenkel's motion for summary judgment on the basis of res judicata (Dkt. No. 84) be granted, judgment be entered in Schenkel's favor, and her motions to dismiss (Dkt. Nos. 80, 82) be denied as moot;

- Defendant Ted Counts Realty Group's (TCRG) motion for summary judgment (Dkt. No. 98) be granted, judgment be entered in its favor, and Ted Counts Realty Group's motion to dismiss (Dkt. No. 94) be denied as moot;

- Defendants Ralph Beck and BBoys LLC's motion to dismiss (Dkt. No. 107) be granted, and Rivers' claims against them be dismissed with prejudice on res judicata grounds;

- Defendants Mark Merrill and Old Dominion National Bank's (ODNB) motion to dismiss (Dkt. No. 113) be granted, Merrill be dismissed with prejudice because Rivers failed to name him as a defendant to any count, and Rivers' civil RICO claims against

- ODNB (counts 3 and 5) be dismissed with prejudice on res judicata grounds;

- Defendant David Edmundson's motion to dismiss (Dkt. No. 117) be granted, and he be dismissed with prejudice because Rivers failed to name him as a defendant to any count;

- Defendant Kelly Edmundson's motion to dismiss (Dkt. No. 119) be granted, and she be dismissed with prejudice because Rivers failed to name her as a defendant to any count;

- Defendants Shana Beck Lester and Serenity Acres Farm's (SAF) motion to dismiss (Dkt. No. 135) be denied in part as to their jurisdictional argument under Rule 12(b)(1), granted in part as to their argument that Rivers failed to state a claim under Rule 12(b)(6), and Rivers' state law claims against these defendants (counts 12, 16, 17) be dismissed with prejudice on res judicata grounds;

- Defendants Advantage Title & Closing (ATC), Matthew Fariss, and Jennifer Richardson's motion to dismiss (Dkt. No. 143) be granted, Fariss be dismissed with prejudice because Rivers failed to name him in any count, and Rivers' claims against ATC and Richardson be dismissed with prejudice on res judicata grounds;

- Defendant Margie Callahan's motion to dismiss (Dkt. No. 156) be granted, and Rivers' state-law fraud claim against her (count 18) be dismissed with prejudice on res judicata grounds;

- Defendant Mark Loftis' motion to dismiss (Dkt. No. 175) be granted, and Rivers' state law claim against him (count 12) be dismissed without prejudice;

- Defendant S&R Farm LLC's motion to dismiss (Dkt. No. 178) be granted, and Rivers' state law claim against it be dismissed with prejudice on res judicata grounds;

- Defendant Kelly Potter's motion to dismiss (Dkt. No. 231) be granted, and Rivers'

claims against her be dismissed with prejudice on res judicata grounds;

- Defendant Union Bank & Trust's motion to dismiss (Dkt. No. 241) be granted, and Rivers' civil RICO claim (count 5) and state law fraud claim (count 12) against Union Bank be dismissed without prejudice;

- Defendant Robert Beach's motion to dismiss (Dkt. No. 246) be granted, and Rivers' civil RICO claim against him (count 5) be dismissed without prejudice;

- Defendant Select Bank and J. Michael Thomas' motion to dismiss (Dkt. No. 287) be granted, and Rivers' civil RICO claims against them (counts 3, 5) be dismissed without prejudice;

- Defendant Northcreek Construction, Inc.'s counseled motion to dismiss (Dkt. No. 351) be granted, and Rivers' state law fraud claim against it (count 12) be dismissed without prejudice.  The motion to dismiss filed by Northcreek on behalf of pro se defendant David Edmundson (Dkt. No. 121) be stricken as procedurally improper;

- Defendant Sameer Patel's motion to dismiss and for sanctions (Dkt. No. 370) be denied in part and granted in part, his request for Rule 11 sanctions be denied without prejudice as procedurally improper, and Rivers' state law fraud claim against Patel (count 12) be dismissed without prejudice;

- Rivers' motions to amend her complaint as to TCRG (Dkt. No. 163), ODNB and Merrill (Dkt. No. 187), Lester and SAF (Dkt. No. 192), ATC, Fariss, and Richardson (Dkt. No. 216), Margie Callahan (Dkt. No. 220), and Select Bank and Thomas (Dkt. No. 310) be denied without prejudice;

- Any request for attorney's fees or sanctions be denied without prejudice as procedurally improper; and

- The Virginia State Police, Agent Bill Talbott, and Walter Mason be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

(R&R 61–65.)

## II. ANALYSIS

### A. Standard of Review

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The de novo requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the magistrate judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections made to the report must be made with "sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). General or conclusory objections are the equivalent of a waiver. *Id.* As to matters where there is no objection, "… a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Serene Creek Run Association's Objection

Serene Creek Run Association objects that the R&R does not recommend that the Association be dismissed with prejudice. The court agrees that this was an oversight. The R&R explained that the Association should be dismissed with prejudice based on Rivers' failure to

5

satisfy basic pleading requirements. (R&R 59–60.)

The Association's objection will be sustained. The court will order that the Association be dismissed with prejudice.

## C. Homeowners' Objection

As noted above, the R&R recommends that the Serene Creek Homeowners' motion to dismiss be granted and that the Homeowners be dismissed with prejudice. The Homeowners object due to Rivers' filing and recording of a memorandum of lis pendens (MLP) in the Bedford County Circuit Clerk's Office. (Dkt. No. 500-1.) The MLP references this lawsuit's caption and case number. By filing and recording the MLP, Rivers has burdened the Homeowners' property.

The Homeowners object to the R&R because it does not recommend that the MLP be released. *See* Va. Code Ann. § 8.01-269 (providing that when an action is dismissed, a court "shall direct in its order (i) that the names of all interested parties thereto, as found in the recorded . . . lis pendens be listed for the clerk, and (ii) that the . . . lis pendens be released"); *Calderon v. Aurora Loan Servs., Inc.*, No. 1:10cv129 (JCC/IDD), 2011 WL 2749565, at *2 (E.D. Va. July 13, 2011) (supplementing order of dismissal with an order releasing the lis pendens, as directed by § 8.01-269).

The Homeowners have also filed a motion for leave to file a supplemental objection and motion to dismiss a subsequently filed MLP. (Dkt. No. 528.) Homeowners state that since filing their initial objection, plaintiff filed an amended MLP on January 26, 2021. (Dkt. No. 528-1.) The amended MLP is substantively the same as the first MLP except it names two additional Serene Creek Homeowners.

The Homeowners' objections will be sustained, and the court will grant leave to file a supplemental objection. The court will order that both lis pendens be released.

6

### C. Objections by Old Dominion National Bank, Mark Merrill, and Kelly Potter

These defendants moved to dismiss based on the cumulative res judicata effect of multiple prior final judgment orders. They object to the R&R's exclusive focus on the res judicata effect of one of those orders in *Rivers v. Sanzone et al.*, No. CL-15-525 (Lynchburg Cir. Ct.), without giving "due consideration to the effect" of two orders from Albemarle Circuit Court. "Defendants respectfully submit that the reality of multiple final judgment orders entered against Plaintiff must inform any sanctions imposed on her now or in the future due to her extreme litigiousness." (Dkt. No. 505 at 2.) This is a matter of preference, not an objection to a particular outcome; litigants cannot dictate what arguments are addressed by the court. Nothing precludes defendants from citing these prior cases in support of a motion for sanctions.

More specifically, defendant Merrill objects to the R&R's conclusion that the court "does not have enough undisputed information to conclude that . . . Merrill and the bank" were in privity with each other in Lynchburg Circuit Court case. (R&R 40.) Merrill argues that the R&R should have found him protected by res judicata with respect to one of the Albemarle Circuit Court cases. Again, Merrill is not objecting to the R&R's specific analysis, nor is Merrill objecting to the R&R's ultimate recommendation: that Merrill be dismissed with prejudice. The court finds no basis to disturb the R&R's res judicata analysis, confined as it was to the Lynchburg action. Importantly, this does not prevent Merrill from advancing the same res judicata arguments, if necessary, in future litigation.

Finally, Old Dominion National Bank and Merrill do not object to the R&R's recommendation that all claims against them be dismissed, but they do object to the recommendation that Rivers' motion for leave to amend her complaint against them be denied without prejudice. *See Prime Healthcare Servs.-Monroe, LLC v. Ind. Univ. Health Bloomington,*

7

*Inc.*, 1:16-cv-00003-RLY-MJD, 2017 WL 4340347, at *3 (S.D. Ind. Sept. 29, 2017) (explaining that when "the court dismissed Count I with prejudice, Plaintiff no longer had the opportunity to amend its Complaint pursuant to Rule 15"). However, the R&R recommends denying this motion without prejudice because Rivers' motions for leave to file a third amended complaint are still pending. "Her more recent 'attempt[s] to revive her claims' against these Defendants can be addressed through her pending motions to file generally a third amended complaint." (R&R 46.) Therefore, the court will overrule the objection to denying leave to amend without prejudice.

### D. Rivers' Objections

Rivers objects to the R&R's recommendation that the motion to dismiss filed by defendants Ralph Beck and "Bboys LLC" be granted. Rivers argues that because she sued Bboy*z* LLC, not Bboy*s* LLC, the latter lacks standing to appear in this action and, moreover, is not an existing company registered with the Commonwealth of Virginia. Separately, Rivers moved for default judgment against Bboyz LLC for their purported nonappearance in this matter. (Dkt. No. 508.) The court dismissed this motion when it entered a pre-filing injunction against Ms. Rivers. (Dkt. No. 520.)[2]

As explained in opposition to the now-dismissed motion for default judgment, B-Boys, LLC effected a name change in 2016 to B-Boyz, LLC. There is no legal entity known as "BBOYZ LLC," which is how Rivers addressed this company in her pleadings. The company responded in its former corporate name (B-Boys, LLC) "in an effort to meet what it understood to be the substance of plaintiff's allegations in the Second Amended Complaint, and by doing so it fully addressed the Second Amended Complaint's allegations . . ." (Dkt. No. 514.) In other words, Rivers is playing around with nomenclature, but to no avail. The court and the litigants

---

[2] The court dismissed the motion because it was filed "subsequent to the court's order to show cause" why Rivers should not be enjoined from filing further motions. (Dkt. No. 519.)

8

fully understand who is appearing in this action and who has moved to dismiss: the company that used to be named B-Boys, LLC, but is now named B-Boyz, LLC.   It is the same company.

Rivers also objects to the R&R's recommendation that the Serene Creek Homeowners be dismissed with prejudice.   Rivers asserts that these defendants are named in the complaint because the complaint refers to the MLP, which lists the Homeowners as interested parties.   The R&R recommends dismissal on a now-familiar basis; as the court has reiterated several times, simply "referencing persons within the factual background" for a specific count "does not satisfy basic pleading requirements."   (R&R 59.)   Rivers' reference to the MLP does not cure this deficiency.

Finally, Rivers objects to the recommendation that her claims be dismissed with prejudice because they are barred by res judicata.   The R&R found that certain claims were litigated or could have been litigated in *Rivers v. Sanzone*, No. CL-15-525 (Lynchburg Cir. Ct.)   Rivers largely repeats the same arguments rejected by the magistrate judge in making his report and recommendation on the issue of res judicata.   The court finds no error in the magistrate judge's analysis, which the court adopts in its entirety.   (R&R 37–45.)

### III.   CONCLUSION

Based on the foregoing, the objections filed by Serene Creek Run Association and the Serene Creek Homeowners will be sustained.   The remaining objections will be overruled, and the court will adopt the November 10, 2020 R&R with the correction of a clerical error to clarify

9

that Serene Creek Run Association is dismissed with prejudice. The court will issue an appropriate order.

Entered: February 3, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

10