CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/8/2021
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| CRYSTAL VL RIVERS, ) | |
| Plaintiff, ) | Civil Action No. 6:18-cv-00061 |
| ) | |
| v. ) | REPORT & RECOMMENDATION |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | By:   Joel C. Hoppe |
| Defendants. ) | United States Magistrate Judge |

This matter is before the Court on Plaintiff Crystal VL Rivers's "revised" or successive motions for leave to amend her complaint against Defendants Shana Lester and Serenity Acres Farm ("SAF"), ECF No. 261; Seth Twery, Esq., ECF No. 263; Jennifer Richardson, Matt Fariss, and Advantage Title & Closing ("ATC"), ECF No. 266; and Old Dominion National Bank ("ODNB") and Mark Merrill, ECF No. 270.[1] Each request is similar—if not identical—to Rivers's prior requests for leave to amend as to these Defendants.[2] The Court denied those

---

[1] On February 3, 2021, the presiding District Judge granted these Defendants' Rule 12(b)(6) motions to dismiss Rivers's Second Amended Complaint, ECF Nos. 73 (Twery), 113 (ODNB & Merrill), 135 (Lester & SAF), 143 (ATC, Fariss & Richardson), and dismissed them from the action with prejudice, Am. Order of Feb. 3, 2021, at ¶¶ 7, 13, 16–17, ECF No. 532. Rivers did not object to my Report & Recommendation as to those motions, *see generally* R. & R. of Nov. 10, 2020, at 28–29, 45–46, ECF No. 497, *adopted by* Am. Order of Feb. 3, 2021, at ¶ 27; Am. Mem. Op. of Feb. 3, 2021, at 2–4, 8–9, ECF No. 531, and she did not appeal that portion of the presiding District Judge's dismissal Order. *See* Notice of Appeal 1 (noting "her Appeal of portions of the February 3, 2021 Order," "specifically" the rulings in paragraphs 1–2, 5, 12, 20, and 30–31 as to Defendants Serene Creek Run Association and Homeowners, Ralph Beck and BBoyz/BBoys LLC, and S&R Farm), ECF No. 533. Accordingly, the District Court has jurisdiction to resolve Rivers's motions to amend her complaint against Defendants Lester, SAF, Twery, ATC, Richardson, Fariss, ODNB, and Merrill. *See Alice L. v. Dusek*, 492 F. 3d 563, 564–65 (5th Cir. 2007) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *Entergy Ark., Inc. v. Nebraska*, 58 F. Supp. 2d 1104, 1106 & n.1 (D. Neb. 1999); Order of Sept. 1, 2020, at 3–4, ECF No. 471.

[2] *Compare* Pl.'s Rev. Mem. in Opp'n to Mot. to Dismiss of Shana Lester and SAF & Pl.'s Mot. for Leave to Am. Compl. 14–15, ECF Nos. 261, *with* Pl.'s Mem. in Opp'n to Mot. to Dismiss of Shana Lester and SAF & Pl.'s Mot. for Leave to Am. Compl. 11–12, ECF No. 192, *denied by* Am. Order of Feb. 3, 2021, at ¶ 27; Pl.'s Rev. Mem. in Opp'n to Mot. to Dismiss of Seth Twery & Pl.'s Mot. for Leave to Am. Compl. 15–16, ECF Nos. 263, *with* Pl.'s Resp. in Opp'n to Def.'s Mots. for Sanctions and to Dismiss for Failure to State a Claim & Mot. for Leave to Am. Compl. & Mot. to Disqualify Counsel 14, ECF No. 168, *denied by* Order of Feb. 26, 2020, at 5, ECF No. 345; Pl.'s Rev. Mem. in Opp'n to Mot. to Dismiss of Richardson, Fariss and ATC & Pl.'s Mot. for Leave to Am. Compl. 20–21, ECF No. 266, *with* Pl.'s Mem. in Opp'n to Mot. to Dismiss of Richardson, Fariss and ATC & Pl.'s Mot. for Leave to Am. Compl. 15,

requests without prejudice because, contrary to the presiding District Judge's instructions, Rivers did not submit proposed amendments for the Court's consideration. *See generally* R. & R. of Nov. 10, 2020, at 28–29, 45–46, *adopted by* Am. Order of Feb. 3, 2021, at ¶ 27 (denying ECF Nos. 187 (ODNB & Merrill), 192 (Lester & SAF), 216 (ATC, Fariss & Richardson)); Order of Feb. 26, 2020, at 1 n.1, 5 (denying ECF No. 168 (Twery)). Rivers's pending motions to amend, ECF Nos. 261, 263, 266, 270, should be denied for the same reason.

## I. Standard of Review

Rivers cannot amend her complaint again without the Court's leave or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires," *id.*, and in keeping with the Fourth Circuit's "policy to liberally allow amendment," *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Nevertheless, the court "may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile," *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 579, 603 (4th Cir. 2010). The court also may deny leave to amend where the moving party has "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 179, 183 (1962).

## III. Discussion[3]

Rivers moved to amend her Second Amended Complaint in response to Rule 12(b) motions to dismiss filed by Lester, SAF, Twery, Richardson, Fariss, and ATC, and a motion for

---

ECF No. 216, *denied by* Am. Order of Feb. 3, 2021, at ¶ 27; *and* Pl.'s Resp. in Opp'n to Defs.' Mot. for Sanctions & Mot. for Leave to Am. Compl. 9, 15, ECF No. 270, *with* Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss & Mot. for Leave to Am. Compl. 11, ECF No. 187, *denied by* Am. Order of Feb. 3, 2021, at ¶ 27.

[3] For a detailed discussion of this case's relevant procedural history and Rivers's allegations against these Defendants, see my Report & Recommendation of November 10, 2020, at 1–20, 23–28, 37–41, 44–46, 60–64, *adopted by* Am. Mem. Op. of Feb. 3, 2021, at 2, 9–10.

sanctions filed by ODNB and Merrill. As with her prior requests, however, Rivers did not include proposed amendments for the Court's consideration. R. & R. of Nov. 10, 2020, at 44–45. Instead, she asked only that she be allowed to add unspecified "factual allegations along with the new evidence obtained since . . . July 2019 and after the Court has identified how the [Second] Amended Complaint is insufficient." Pl.'s Rev. Mem. in Opp'n to Mot. to Dismiss of Shana Lester and SAF & Pl.'s Mot. for Leave to Am. Compl. 14–15; Pl.'s Rev. Mem. in Opp'n to Mot. to Dismiss of Seth Twery & Pl.'s Mot. for Leave to Am. Compl. 15–16; Pl.'s Rev. Mem. in Opp'n to Mot. to Dismiss of Richardson, Fariss and ATC & Pl.'s Mot. for Leave to Am. Compl. 20–21. "Her motion as to ODNB and Merrill simply sought leave to amend, Pl.'s Mot. to Amend & Resp. in Opp'n to Defs. Merrill & ODNB's Mot. to Dismiss 11, without articulating any grounds for such relief, Fed. R. Civ. P. 7(b)(1)(B)," R. & R. of Nov. 10, 2020, at 45. *See* Pl.'s Resp. in Opp'n to Defs.' Mot. for Sanctions & Mot. for Leave to Am. Compl. 9 (urging the Court to deny ODNB and Merrill's motion to dismiss "or in the alternative . . . allow Rivers to amend her complaint"). The Court has already explained to Rivers several times that she must provide a copy of her proposed amendments, *see, e.g.* Mem. Op. of Mar. 24, 2020, at 6, ECF No. 372; Mem. Op. of June 27, 2019, at 8–9, ECF No. 15, and that unadorned requests to amend her complaint or add unidentified "'newly discovered . . . evidence'" violate specific "rules governing the substance of motions filed in civil cases," Order of Feb. 26, 2020, at 1 n.1. *See* Fed. R. Civ. P. 7(b)(1)(B); W.D. Va. Civ. R. 11(c)(1); *Bynum v. Berryhill*, No. 5:16cv14, 2017 WL 3669555, at *9–10 (W.D.N.C. Aug. 24, 2017); *Huffman v. Bureau of Prisons Unnamed Agents*, No. 11cv1459, 2011 WL 2613097, at *1 n.1 (D. Colo. Dec. 28, 2011). Rivers's motions do not show that her proposed amendments would cure her pleading deficiencies. Accordingly, Rivers has not established a basis for amendment.

3

## IV. Conclusion

For the foregoing reasons, I recommend that the Court deny Rivers's motions to amend, ECF Nos. 261, 263, 266, 270, without prejudice. Am. Order of Feb. 3, 2021, at ¶ 27. "Her more recent 'attempt[s] to revive her claims' against these Defendants can be addressed through her pending motions to file generally a third amended complaint." R. & R. of Nov. 10, 2020, at 46, 54 (quoting Mem. Op. of Sept. 28, 2020, at 5); *see id.* at 29 n.22 (discussing pending motions to file third amended complaint, ECF Nos. 374, 376 to 376-1, 438 to 438-2, 439 to 439-2, 485 to 485-2).

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Elizabeth K. Dillon, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to Rivers and all counsel of record.

ENTER: March 8, 2021

*Joel C. Hoppe*

Joel C. Hoppe

U.S. Magistrate Judge

Case 6:18-cv-00061-EKD-JCH   Document 543   Filed 03/08/21   Page 5 of 5
Pageid#: 12132