CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/26/2021
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CRYSTAL VL RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:18-cv-00061 |
| ) | |
| GARY M. BOWMAN, *et al.*, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter comes before the court on a Report and Recommendation (R&R) from United States Magistrate Judge Joel C. Hoppe issued on March 8, 2021. (Dkt. No. 543.) Rivers' objections to the magistrate judge's R&R are before the court for resolution. (Pl.'s Obj., Dkt. No. 550.) After a de novo review of the pertinent portions of the record, the report, and the filings by the parties, the court will overrule the objections by Rivers and adopt the magistrate judge's R&R.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 1–5.) The R&R recommends that the court deny Rivers' various motions to amend her complaint against defendants Shana Lester and Serenty Acres Farm (SAF) (Dkt. No. 261); Seth Twery (Dkt. No. 263); Jennifer Richardson, Matt Fariss, and Advantage Title & Closing (ATC) (Dkt. No. 266); and Old Dominion National Bank (ODNB) and Mark Merrill (Dkt. No. 270). The R&R recommends the denial of these motions "without prejudice because, contrary to the presiding District Judge's instructions, Rivers did not submit proposed amendments for the Court's consideration." (R&R 2.)

## II.  ANALYSIS

### A.  Standard of Review

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  The de novo requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the magistrate judge's report and recommendation.  *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Objections made to the report must be made with "sufficient specificity so as reasonably to alert the district court of the true ground of the objection."  *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  General or conclusory objections are the equivalent of a waiver.  *Id.*  As to matters where there is no objection, "… a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B.  Rivers' Objections

Rivers filed a 27-page objection to a four page R&R.  Many of Rivers' arguments have been seen and reviewed by the court in various contexts.  Rivers' objections do not address the straightforward recommendation put forth by the magistrate judge: that the motions should be denied because, as with prior requests to amend, Rivers did not include proposed amendments for the court's consideration.  (R&R 3.)  The court finds no error in this conclusion.

In any event, the court has reviewed and rejects Rivers' objections.  For example, Rivers

complains on various occasions that the magistrate judge has not considered Rivers' motions "in the order of which they were filed in a timely fashion." (R&R 25; *see also* R&R 3 ("It is not clear to the Plaintiff . . . why it chose to take the Plaintiff Motions for Leave to Amend Defendant's motions to dismiss out of order."); R&R 4 (complaining that the magistrate judge "addresses motions out of order and has chosen to sweep the Plaintiff's timely objections under the rug").) Rivers cites no authority to suggest that the magistrate judge (or the district court) erred by not addressing her motions "in order," or that the court erred by addressing them in the time and manner in which they have been addressed. Generally speaking, courts have wide latitude in such matters. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (noting a district court's inherent authority to manage dockets with a "view toward the efficient and expedient resolution of cases").

Rivers also objects to the magistrate judge's statement in a footnote that Rivers did not object to a previous R&R. (R&R 1 n.1 (citing 11/20/20 R&R, Dkt. No. 497).) The point made by the R&R, however, is that Rivers then did not appeal that portion of the district court's dismissal order (*see* Dkt. Nos. 531–33), and, as a result, Rivers' notice of appeal (Dkt. No. 533) does not divest this court of jurisdiction to resolve the pending motions to amend her complaint against defendants Lester, SAF, Twery, ATC, Richardson, Fariss, ODNB, and Merrill. (R&R 1 n.1.) The notice of appeal specifically notes that she is appealing the dismissal of Serene Creek Run Association, Ralph Beck, Bboys LLC, and S&R Farm, not the defendants at issue in the pending motions and addressed in the R&R before the court. (Dkt. No. 533.) Therefore, the court agrees with the R&R that the notice of appeal does not affect the court's jurisdiction. Rivers does not object to this specific finding in the R&R.

### III. CONCLUSION

Based on the foregoing, the objections by Rivers will be overruled, the court will adopt the

March 8, 2021 R&R, and Rivers' motions to amend will be denied without prejudice.   The court will issue an appropriate order.

      Entered: March 26, 2021.

                                          */s/ Elizabeth K. Dillon*
                                          Elizabeth K. Dillon
                                          United States District Judge