CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

APR 05 2021

JULIA C DUDLEY, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

**CRYSTAL VL RIVERS**
    **Plaintiff**

v.                                                    **Civil Action No. 6:18-cv-00061**

**UNITED STATES OF AMERICA, et.al.**
    **Defendants**

## OBJECTIONS, IN PART, MOTION TO RECONSIDER DISTRICT COURT JUDGE OPINION (DE554) AND ORDER (DE 555) ADOPTING MAGISTRATE HOPPE R&R (DE 543) AND MOTION TO RECUSE

COMES NOW, Crystal VL Rivers, *Pro Se*, pursuant to 28 U.S.C. 2636(b)(1)(C), Rule 1:6,

17(a)(1)(a-g)(3), Rule 60(a) of the Federal Rules of Civil Procedure, and respectfully, submits

her Objections and Motion for Reconsideration of District Court Judge Elizabeth Dillan

Memorandum Opinion and Order (DE 554, 555) adopting incorrectly, Magistrate Judge Hoppe's

R&R (DE 543) referencing related issue in previous R&R (DE 467) and Orders (DE 532 and

544) and based on the Court's acknowledgment of Plaintiff's Time Sensitive Motion for

Clarification of Court's Order, the failure to clarify (DE 532) and failing to state with

particularity why the Court adopted the Magistrate Judges incorrect Analysis of the Lynchburg

case, dismissing on grounds of *res judicata* and their failure to adhere to the common laws of

Virginia, the jurisdictional issues[1] argued in Plaintiff's objections, responses and replies to

Defendants Motions to Dismiss related to *res judicata* and states as follows.

---

[1] There are limited exceptions to res judicata that allow a party to attack the validity of the original judgment, even outside of appeals. These exceptions, usually called collateral attacks, are typically based on procedural or jurisdictional issues, based not on the wisdom of the earlier court's decision but its authority or on the competence of the earlier court to issue that decision. In this case, Lynchburg Circuit Court did not have jurisdiction over the Defendants. Serenity Acres Farms, Old Dominion National Bank, Mark Merrill, Kelly Potter, among many other Defendants in this matter, and they were not named in the original complaint. The Court did not have jurisdiction

1

Plaintiff adopts below, portions of her original objections, and argument set forth in docket number 550.

## I. **The Court has incorrectly adopted Magistrate Judge Hoppe additional "R&R", (DE 543) as a latter, out of order, piecemealed ruling on Plaintiff's "revised" or successive motions for leave to amend her complaint filed to and not objected to 1 year and 5 months ago**

1. Plaintiff filed timely Motions for Leave to Amend against Defendant's Shana Lester and Serenity Acres Farm "SAF" (DE 261, October 21, 2019), Seth Twery (DE 263, October 21, 2019), Jennifer Richardson, Matt Fariss, Advantage Title & Closing "ATC" (DE 266 October 23, 2019), Old Dominion National Bank "ODNB", Kelly Potter and Mark Merrill (DE 270 October 28, 2019). Because the United States is a defendant in this matter and because the

---

over the Federal and claims under U.S.C. in the original Lynchburg complaint, ₱197 at 95, 4.1-323 ATTEMPT: AIDING OR ABETTING, and 18.2-178-OBTAINING MONEY OR SIGNATURE, ETC. BY FALSE PRETENSE. The original July 8, 2015 complaint was not served on any Defendant named in this case or named in the original complaint or on any Defendant listed without the Lynchburg Circuit Court's leave in the July 6, 2016, Amended Complaint that was filed without the Lynchburg Circuit Court's leave. As the Circuit Court Judge stated on August 2, 2016, (transcript at 4-5), "F]olks, before we get started, let me just say that when I – received information that I was going to hear this case or this case was going to be assigned to me, I reviewed the pleadings briefly to see that – that a number of the named Defendant's were individuals that I know, that I have a close personal relationship with. I also reviewed with Judge Yeatts, the other Judge, and he felt the same way, that based on a number of the people that were parties to the suit, neither of us felt comfortable hearing the case. We also then contacted the other Judges in the Circuit, not just here in the City of Lynchburg to see there are three other Judges that are available. We did reach out to them. All of the other Judges also agreed that because of the individuals, the parties that were named in the case, none of the Judges in the Circuit felt comfortable, being designated to hear the case....[I] believe that I did reach out to some of the people that we could contact, the attorneys and, Ms. Rivers, I don't believe we had got up with you but to let folks know earlier today that it was my intention to let everyone know that the Judges here had the intention of recusing themselves and not hearing the case. (transcript at 5-6), "[t]hat he and all the Judges (in the Circuits of Virginia) were going to have to recuse themselves....he did not feel comfortable ruling and [he] didn't believe any of the other Judges feel comfortable ruling on any type of motions or ruling on the case in any way on the merits." Between July 2015 and July 2016 when the Lynchburg claims were filed, the land matter and subject matter related to the parties of interest in the land matters, the claims were being adjudicated in the Bedford Circuit Court. The claims could not overlap in two Circuits, Bedford being the correct venue and jurisdiction. The dismissal of the Lynchburg matter was not dismissed on any previous court action including the same claim and did not operate as an adjudication on the merits. The Plaintiff agreed to the dismissal but error on the part of the Plaintiff does not make or change the jurisdiction or the proper venue. The District Court can only analyze the Bedford matter as it was the last to be adjudicated. The original complaint in Lynchburg can be considered dismissed only as to the claims and defendants in the complaint, and all other matters and non-named defendants dismissed without prejudice. (Plaintiff has filed motion to reinstate the matter). If the Defendants put on an argument at trial and the Court does find the Lynchburg case was adjudicated on the merits, a prior judgment on the merits will only preclude a second suit when it involves the same transactions or occurrences raised in the first actions and when the second lawsuit requires the same evidence to support it and is based on facts that were also present in the first lawsuit. Bedford was the first lawsuit. Rule 41.

United States Attorney Thomas Cullen Certified the Scope of the Government (DE 294-1),

Special agents, IRS CI-Karen Deer and MaryLou Prilliman, "[f]inding on the basis of the

information now available with respect to the incidents alleged in the Complaint, that Defendants

Deer and Prilliman were acting within the scope of their employment as employees of the [IRS]

at the time of the incidents out of which the suit arose", the Plaintiff cited *(505 F. Supp. 2d at*

*329)* and requested in her responses in opposition to the Defendant's Motions to Dismiss, that the

Motions be denied and the Court grant her Leave to Amend (with new discovered facts and

circumstances since July 2019) and set a hearing with witnesses after the United States filed its

answer and after the Court identified how the newly Amended Complaint is insufficient. The

Court did not consider the Motions to Dismiss until November 10, 2020. Plaintiff's complaint

alleges continuous, accruing, ongoing RICO and violations of crime victim's rights.[2]

2. The District Court Judge maintains a strong bias because she previously was employed by

Woodsrogers lawfirm[3] and has failed to consider the facts plead by the Plaintiff, went around the

amended motions, failed to consider them timely in its first February R&R or in the November

10, 2021 R&R (DE 497) or to consider the motion for clarification. During the Court's egregious

delay in this matter, not knowing the scope of the case, and allowing the Plaintiff to endure even

---

[2] Plaintiff learned on August 17, 2020 that the criminal matters investigated by the Virginia State Police Agents, assigned as Government employees under Rule 6(e) was ongoing. Notice was sent to the Court and counsel for the United States. Plaintiff does not know the status of the investigation and the United States has not conferred with her about the crimes reported to them relating to these Defendant's.

[3] Mark Loftis of Woodsrogers is a defendant in this matter. On August 1, 2016, as a attorney employed with Woodsrogers represented Ralph Beck of Bboyz LLC filed a series of known false statements bringing fraud on the Circuit Court of Lynchburg. On June 10, 2016, over a month before August 1, 2021, Bboys changed the name of the company to Bboyz. Bboyz became the legal entity on June 10, 2016. Between June 10, 2016 and March 25, 2021, the name Bboys had not been reserved, did not exist as a fictitious named company or as a dba used by any party including Beck or Bboyz LLC. On August 1, 2016 and in this matter, Woodsrogers attorneys have brought fraud on the court, attempting to incorrectly represent non-party Bboys LLC. In the infamous "Lynchburg" matter Loftis filed false statements in a Motion to Quash for non-party Bboys. Plaintiff, has reported the fraud on the court, and strenuously argues and has objected due to the false statements also plead by Loftis for Bboys and now argues the Court is repeating the same false statements. Loftis pleading filed for non-party Bboys is **attached as Exhibit 1**

greater hardship, all the while several Defendants in this matter continued to commit new breach

of contract, conspiracy and fraud, among other new circumstances, each newly discovered by the

Plaintiff.

## II. **Plaintiff argued and requested a scheduling order and to be heard on the Defendant's motions to dismiss based on res judicata and was not granted a hearing for argument or witnesses. [4]**

1. It is not clear to the Plaintiff and the Court has not clarified why it chose to take the Plaintiff

Motions for Leave to Amend Defendant's motions to dismiss out of order even though it could

have considered the motions filed over 1 year and 6 months ago in the Magistrate Judges

February 26, 2020 R&R (DE 346) and in its R&R filed on November 10, 2020 (DE 497) to be

finalized in the District Courts Interlocutory Amended Order and Memorandum Opinion

overruling Merrill, ODNB, Potter's objections (DE 505) to Plaintiffs statements reserving her

rights to amend her complaint with newly discovered facts and circumstances.

2. Because the Magistrate Judge's March 8, 2021 R&R (DE 543) addresses motions out of order

and has chosen to sweep the Plaintiff's timely objections under the rug, Plaintiff incorporates the

facts related to the subject matter in her objections (DE 537) related to the previous R&R (DE

497) and the Courts Orders (DE 532 & 544). On February 3, 2021, the District Court overruled,

generally, Plaintiff's November 24, 2020, timely filed motion to reconsider and objections to the

R&R (DE 497) and dismissed the counts against the Defendant's without prejudice, relating to

the Plaintiff's motions to amend filed 1 year and 6 months ago; (DE 163 September 23, 2019) as

to TCRG;  (DE 187 September 27, 2019) as to ODNB and Merrill; (DE 192 September 30,

2019) as to Lester and SAF; (DE 216 October 2, 2019) as to ATC, Fariss and Richardson; (DE

220 October 7, 2019)) as to Callahan; and (DE 310 December 3, 2019) as to Select Bank and

[4] Res judicata will not bar a second suit based on a contract raised in a prior action when the claim subsequently raise involves a second, independent contractual breach, or when the second claim is for a continuing wrong. Simply, and intuitively, res judicata cannot extinguish claims that did not exist and which, therefore, could not possibly have neen raised in a prior lawsuit.

4

Michael Thomas, each asking to be heard on the matter.[5] The additional motions should have

been considered in the November 10, 2020 R&R. The United States has not objected.

3. The Court is incorrect in its analysis that Plaintiff did not object to its R&R (DEW 497).[6]

Plaintiff filed timely objections (DE 507, 537), in part for all matters not resolved in her favor on

November 24, 2021 of the R&R (DE 497). The District Court acknowledged Plaintiff's

objections relating to the claims dismissed with prejudice based on res judicata. The objections

were overruled by the District Court incorrectly stating:

> "[R]ivers objects to the R&R's recommendation that the motion to
> dismiss filed by Defendants' [Beck] and [Bboyz] be granted.
> Rivers argues that because she sued [Bboyz] not [Bboys], the latter
> lacks standing to appear in this section and, moreover, is not an
> existing company registered with the Commonwealth of Virginia.
> Separately, Rivers moved for default judgment against [Bboyz] for
> their purported nonappearance in this matter. [ **(Dkt 508)** . The
> Court dismissed this motion [without prejudice] when it entered a
> pre-filing injunction against [Rivers] (Dkt. 520).
> As explained in opposition to the now-dismissed motion for
> default judgment, [Bboys] effected a name change in 2016 to
> [Bboyz]. There is no legal entity known as "Bboyz LLC", which is
> how Rivers addressed this company in her pleadings. The company
> responded in its former corporate name, [Bboys] "in an effort to
> meet what it understood to be the substance of Plaintiff's
> allegations in the Second Amended Complaint, and by doing so it
> fully address the Second Amended Complain's allegations…(Dkt
> 514). In other words, Rivers is playing around with nomenclature,
> but to no avail. The Court and the litigants fully understand who is
> appearing in this action and who has moved to dismiss: the
> company that used to be named [Bboys], but is now named
> [Bboyz]. It is the same company. ……..
> Finally, <u>Rivers objects to the recommendation that her claims be
> dismissed with prejudice because they are barred by res judicata.
> The R&R found that certain claims were litigated or could have
> been litigated in *Rivers v Sanzone*, No CL-15-525 (Lynchburg Cir.
> Ct.). Rivers largely repeats the same arguments rejected by the</u>

---

[5] The interlocutory matters have been appealed to the fourth circuit court of appeals (Record No 21-1162), and can now be amended due to the Court's failure to clarify it legal basis for dismissing with prejudice

[6] Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) provide that such written objections are to be filed and served within 14 days after service of a copy of the recommended disposition. The district court then conducts a de novo review of any portion of the report and recommendation that has been properly objected to.

Magistrate Judge in making his [R&R] on the issue of res judicata.
The Court finds no error in the Magistrate Judge analysis, which
the Court adopts in its entirety. (R&R 37-45)

**III. Plaintiff objected and the District Court adopted the R&R false statements stating she made no objections to the Court's analysis of res judicata and this Court has errored and cannot now make arguments for/on behalf of Defendant's Lester, SAC, Twery, Richardson, Fariss, ATC, ODNB, Potter and Merrill's behalf, similarly as the District Court did in the issue relating to [Bboyz and Bboys].**

1. The Defendant's did not object to Rivers statements or her revised statements reserving her right to amend if the circumstances changed or if newly discovered facts were obtained when she made them generally in her responses and replies in opposition to their motions to dismiss. The Court cannot argue for them and paint an untrue picture that prejudices the Plaintiff.  "[A]s one district court in Michigan recently observed, "it is not the job of the Court to make arguments on [a party's] behalf" – parties cannot simply make an "argument in the most skeletal way, leaving the court to … put flesh on its bones." *Sands v. Brennan*, 2018 WL 4356650, at *2 (E.D. Mich. Sept. 13, 2018) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)).

(i) The Court failed to consider the common law of res judicata in Virginia and they certainly swept the Plaintiff's arguments in her opposing briefs (DE No.'s 261, 263, 266, 270, 374, 376) and in her objections to the Court incorrect analysis and the findings of res judicata and formatting defendants names in this matter (DE 507).

2. Common law in Virginia: Res judicata requires a hearing with arguments and witnesses. Lynchburg Circuit Court did not obtain jurisdiction over the defendants in this matter, including Lester, SAF, Twery, Richardson, Fariss, ATC, ODNB, Potter or Merrill, among others. Objections "must specifically identify" – indeed, "pinpoint" – those "specific findings that the party disagrees with." Leatherwood v. Anna's Linens Co., 384 F. App'x 853, 856–57 (11th Cir. 2010) and moves for reconsideration or vacation of the Court's February 3, 2021 Amended Order, and of the adopted November 10, 2020 R&R (DE 497). Plaintiff asks the Court for

extension to file additional objections in the matter relating to the Court's Hybrid Order (DE 532) based on the grounds that she asked for clarification of the order, the motion for clarification and accepting as "filed" the supplemented third amended complaint (DE 485, 485-2) was acknowledged in the Magistrate Judges recent Order (DE 547) but clarification was not provided.  The R&R (DE 543) incorrectly states in its footnote 1, " On February  3, 2021, the presiding District Judge granted [these] Defendants Rule 12(b)(6) motions to dismiss River's Second Amended Complaint, (DE 73 (Twery), 113 (ODNB & Merrill), 135 (Lester & SAF), 143 (ATC, Fariss & Richardson), and dismissed them from the action <u>with prejudice</u>. ....."[R]iver's did not object to my [R&R] as to those motions, see generally R & R of Nov. 10, 2020, at 28-29, 45-46, ECF No. 497, adopted by Am. Order of Feb. 3, 2021, at ₽ 27; Am. Mem. Op. of Feb. 3, 2021, at 2-4, 8-9, ECF No. 531, and she did not appeal that portion of the presiding District Judges dismissal Order.

(a)Plaintiff filed her Objections to the R&R (DE 507) and Motion for Reconsideration of the R&R 497 on November 24, 2020. The Court overruled the objections to the Magistrate Judge's R&R on February 3, 2021 paying much close attention at 8-9, Bboyz, Bboys, Beck, and the multiple Serene Creek Run Assoc. Homeowners, but glossing over and referencing generally, the additional objections made (to all other remaining defendants referred to in the R&R who were dismissed with prejudice) relating to and stating "Rivers objects to the recommendation that her claim(s) be dismissed with prejudice because they are time barred by res judicata. The R&R found that certain claims were litigated or could have been litigated in *Rivers v Sanzone* No CL-15-525 (Lynchburg Cir. Ct.). Rivers largely repeats the same arguments (her objections) rejected by the Magistrate Judge in making his report and recommendation on the issue of res judicata.

The court finds no error in the Magistrate Judge's analysis, which the Court adopts in its entirety. (R&R 37-45).

THE PROPOSED NOVEMBER 10, 2020 FINDINGS OF FACT AND REPORT AND RECOMMENDATIONS (DE 497) DID NOT BECOME THE FINAL ORDER OF THE COURT.

3. The Magistrate Judges previously submitted R&R (DE 497) was submitted a month prior to the March 8, 2021 R&R, and addressed Lester, SAF, Twery, Richardson, Fariss, ATC, ODNB and Merrill and essentially, was submitted as an abuse of the court's discretion because it failed consider Plaintiff's repeated requests for hearing filed with each timely response to Defendant's Motions to Dismiss or to consider her Time Sensitive Motion to clarify (DE 538) the Court's Amended Order (DE 532) and instead submitted late considering old matters related to the previous R&R (DE 497) putting the cart before the horse and causing more confusion before confirming the hybrid order, the common law, legal basis and the authority of which it based its ruling.

4. The Court's delay and allowing the piecemealing of the rulings gives the Defendant's a false pretense to now object to Plaintiff's final Motion for Leave to Amend her Supplemented Third Amended Complaint (DE 485, 485-1, -2) which was SUPERSEDED by the Court's Order (DE 544) on March 9, 2021, and  In the Amended Order adopting the R&R (DE 497), District Court Judge Dillon related Plaintiff's referenced rights to amend in docket entries, 163, 187, 192, 220, 310, as motions for leave to amend filed without proposed amended complaints and dismissed them without prejudice.

**IV.  The District Courts failure to amend rather than Adopt the R&R (DE 543) and Statements of Failure to Object and Later Findings, Proposed Findings of Fact Relating to Lester, SAC, Twery, Richardson, Fariss, and ATC, ODNB, and Merril, are Clearly Erroneous and Contrary to law.**

1. Similarly, as to the District Court's Adoption of R&R (DE 497) this R&R (DE 543) is also considered out of turn and are Clearly Erroneous and Contrary to the Law. [7]

   A. Plaintiff objected to the R&R recommendation granting the Defendant's motion to dismiss (DE 497) and the Court's Amended Order adopting the R&R (DE 532). A portion of the interlocutory order was appealed to the Fourth Circuit Court of Appeals and will be motioned for amendment due to the Court's failure to clarify the adoption of the R&R (DE 497) and the Amended Order (DE 532).

   B. The Court errored when it dismissed the defendants and the claims against them from this action with prejudice on grounds of *res judicata* and for failing to format the Defendant's names in the same format. Plaintiff aggressively argued res judicata in each response, asked for leave to file amendments as newly discovered evidence and circumstances arose and stated her reasons for amendment and cured any known deficiencies in her Motions for Leave to Amend filed timely and long before the Court ruled on the Defendant's motions to dismiss.

   C. Plaintiff's Motions are of no prejudice to any Defendant in this matter, are not filed to harass or to delay the matter. The Plaintiff requested to be heard with each response filed arguing Defendants motions to dismiss. Each request to be heard fell on deaf ears and the Court refused to set the matter for trial, conference or even issue a scheduling order. The Defendants requesting dismissal of the complaint – each - failed to adhere to the common

---

[7] Previously in the R&R (497) and in the Court's Amended Order (DE 531), the Court Abused it's Discretion Granting Defendant's Twery (DE 73), the Homeowners (DE 75), Serene Creek Run Assoc. (DE 78), Lisa Schenkel (DE 84), TCRG (DE 98), Beck, Bboys (DE 107), Merrill and ODNB (DE 113), David Edmundson (DE 117), Kelly Edmundson (DE 119), Lester and SAF (DE 135), Kelly Potter (DE 231), Union Bank & Trust (DE 241), Robert Beach (DE 246), Select Bank and J. Michael Thomas (DE 287), Northcreek Const. (DE 351), Sameer Patel (DE 370), Motions to Dismiss With Prejudice and also Dismissing Plaintiff's Claims Against them with Prejudice. (Counts 3, 5, 12, 16, 17, and 18)

laws of Virginia relating to res judicata and did not request hearings to argue their assertions under *res judicata.*

## ARGUMENT

As the District Court is aware of and others have held, {i]t is the consideration of prejudice to the opposing party that carries the greatest weight. *See DCD Programs Ltd. V Leighton* 833 F2d 183, 185 (9th Cir. 1987). Prejudice is the "touchstone of the inquiry under rule 15(a)." *Lone Star Ladies Inv. Club v Schlotzsky's Inc*. 238 F3d 363, 368 (5th Cir 2001); *Howey v United States* 481 F2d 1187, 1190 (9th Cir. 1973) (stating the crucial factor is the resulting prejudice to the opposing party") *cf. DCD Programs* 833 F2d at 186-87 (noting that party opposing amendment "bears the burden of showing prejudice"). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *See Lowrey v Tex. A&M Univ. Sys*. 117 F3d 242, 245 (5th Cir. 1997). As in *Foman*, "[A] simple denial of leave to amend without any explanation by the District Court will be subject to reversal. Such a judgment would not be an exercise of discretion; it would merely be an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman 371* US at 182, 83 S. Ct 227; *Klamath-Lake Pharm. Ass'n v Klamath Med. Serv. Bureau* 701 F2d 1276, 1292-93 (9th Cir. 1983) (noting "where the record does not clearly dictate the District Court's denial, [we] have been unwilling to affirm absent written findings"); *Rolf v City of San Antonio*, 77 F3d 823, 828-29 (5th Cir. 1996); *United Steelworkers of Am. AFL-CIO v Mesker Bros. Indus. Inc*. 457 F2d 91, 94 (8th Cir. 1972).

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ.

P. 15(a). Generally, Rule 15 advises the Court that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Owens v Kaiser Found, Health Plan Inc.* 244 F.3d 708, 712 (9th Cir. 2001) *(quoting Morongo Band of Mission Indians v Rose,* 893 F2d 1074, 1079 (9th Cir. 1990). In *Foman v Davis* 371 US 178, 83 S. Ct. 227 9 L. Ed 2d 222 (1962), the Supreme Court offered the following factors a District Court should consider in deciding whether to grant leave to amend:

> "[I]n the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be "freely given."

*Id.* At 182, 82 S. Ct. 227. *See also Allen v City of Beverly Hills 911,* F2d 367, 373 (9th Cir. 1990)(citing *Foman* factors). In this case, Plaintiff has not filed three substantially similar complaints alleging substantially similar theories. This is not a case where Plaintiff took "three bites at the apple" by alleging and realleging the same theories in an attempt to cure pre-existing deficiencies. Instead, Plaintiff's second amended complaint included additional theories not previously alleged in the original or the first amended complaint. It would not be accurate to imply that Plaintiffs Motion for Leave to Amend is futile or that she has filed multiple "revised" pleadings in an attempt to cure pre-existing deficiencies.

D.  On March 8, 2021, The Magistrate Judge R&R (DE 543) recommended the District Court deny Plaintiffs motions to amend (DE Nos 261, 263, 266, and 270) *without prejudice* and recognized in its R&R (DE 497 and 543) and the District Court's Amended Order (DE 532) at ₽27, "[Her] more recent 'attempt[s] to revive her claims' against these Defendants can be addressed through her pending motions to file generally a third amended complaint." R&R (DE 497) at 46, 54 (quoting Mem. Op of 9/28/20, at 5); see if. At 29

n.22 (discussing pending motions to file third amended complaint, (DE Nos. 374, 376, 376-1, 438, 438-2, 439, 439-2, 485, and 485-2). The Court also referred to Plaintiff's filed but refused, February 24, 2021 Motion for the Court to Accept for Filing the Final Supplemented Motion for Leave to File the Proposed Amended Complaint submitted to the Court on October 19, 2020 (DE 485, 485-1) at 2, "[N]othing in this Order shall be construed as (1) granting Plaintiff leave to file another amended complaint or (2) accepting as "filed" the proposed supplemented third amended complaint docketed at ECF Nos. 485 to 486-2 (s/b 485-2)(Oct. 19, 2020). Pl.'s Mot for Clarification PP2, 4-5, 7-9.

E. The Magistrate has not granted or recommended the District Court grant Plaintiff's Motion for Leave to Amend (DE 485, 485-2) and the Defendant's have not been served with the amended complaint. Only a few Defendant's have opposed the clarification of the Order and the filing of the third amended complaint.

F. The Court's March 11, 2021 Order (DE 547) granted Plaintiff's March 9, 2021 Time Sensitive Motion for Extension to File Reply in Opposition (DE 546) to Ralph Beck, Bboyz/Bboys, S&R, and Mark Loftis's response in opposition (DE 542) to Plaintiff's Motion for Clarification (DE 538). Considering that on February 19, 2021 Plaintiff filed a Time Sensitive Motion for Clarification of the Court's Order (DE 532) and Extension of Time to File Supplemental Motion for Leave to File and Supplement Third Amended Complaint (DE 538).

G. Plaintiff files her objections and has not waived her right to appeal. Rule 59(b)(2) governs, and it provides that the "[f]ailure to object" to a magistrate judge's proposed findings and recommendations on any dispositive matter in a criminal case "waives a party's right to review."

**V. The Plaintiff Objected and Requested Clarification and the Court Abused its Discretion Failing to Clarify the Court's Amended "Hybrid" Order (DE 532) Adopting the Magistrates R&R (DE 497)**

1. Although the Court dismissed the Defendant's in paragraph I. 2(a) from the complaint <u>with prejudice</u> on grounds of *res judicata* and some for failure to list them properly in the complaint, the Court's recent February 3, 2021 Order (DE 532) adopted the Magistrates R&R (DE 497) also dismissed Plaintiff's claims against the Defendant's <u>without prejudice</u> and her motions to amend second amended complaint (DE 163, 187, 192, 216, 220, and 310), <u>without prejudice</u>. The Court failed to consider that Plaintiff merely revised her statements "reserving her rights to amend" in her responses in opposition (DE 261, 263, 266, 270, ) Plaintiff addressed newly discovered issues and curing deficiencies in her previous statements referring to her rights to amend and file third amended complaint relating to Defendants, TCRG (DE 163), ODNB and Merrill (DE 187), Lester and SAF (DE 192), ATC, Richardson and Farriss (DE 216), Callahan (DE 220), Select Bank and Thomas (DE 310).

2. The Court referred to the Plaintiff's already filed third amended complaint (supplemented) in its February 3, 2021 Amended Order.  The Court overruled the Defendants objections to denying leave to amend without prejudice. The Court's Order referring to #1 above was vague and did not include a timeframe for Plaintiff to amend, for the Defendant's to respond and did not clarify if the already filed proposed amended complaint, supplemented, would be considered the amendment for the defendants under the without prejudice Order or if a new set of pleadings is required.[8]

---

[8] The Court's recent February 3, 2021 Order (DE 532) granted several defendant's motions to dismiss Plaintiff's July 2, 2019 second amended complaint (DE 17) without prejudice, relating to Loftis (DE 175), Union Bank (DE 241), Beach (DE 246), Select Bank and Thomas (DE 287), Northcreek (DE 351), Patel (DE 370). Although, 1 year and 7 months passed before the Court's ruling, the Court did not specify a time frame or if a Motion for Leave to File the Amendments relating to the Defendants would be required separately at this stage of litigation

3. The Magistrate Judge took Plaintiff's timely request for guidance from the Court out of context. The Plaintiff seeks management in this matter and requests a scheduling order to only supplement the yet, newly discovered facts and circumstances that have occurred since filing her supplemented Third Amended Complaint in October 19, 2020 which show that her proposed amendments would cure her pleading deficiencies and establish a basis for amendment. 4. The Court refers to this issue in its R&R (DE 543) in its Conclusion. If Plaintiff's "more recent attempts to revive her claims against these Defendants",...'are to be addressed through "[h]er pending motions to file generally a third amended complaint", (R&R of Nov. 10, 2020 at 46, 54) (uoting Mem. Op. of Sept. 28, 2020, at 5) the Court must provide guidance if the amendments are or are not required to be newly filed as supplements or in the complaints entirety.

4. The Court must allow Plaintiff to serve the amended complaint and issue scheduling ordering for timeframe for the Defendant's to respond to the already filed proposed third amended complaint, or upon clarification and or/an expediated ruling on Plaintiffs October 19, 2020 Motions for Leave to File and Supplemented proposed third amended complaint (485, 485-2). 6. 5. The claims against the Defendants have been supplemented in the October third amended complaint and can be supplement by leave of the Court, removing the Enjoining Order if that is what the Court prefer.

6. The R&R (DE 543 and 497) and the Amended Order (DE 532) are not Final Orders. The matters related to the Defendants are ripe for adjudication and the amended claims do not need to be filed in a new case.

7. Plaintiff's Motion for Extension to File Leave to Amend was filed as an abundance of caution only if so required by the Court because the Amended Order was a hybrid and vague and ambiguous. The request for clarification was justifiable and not meant to waste the Court's time

or expenses or violate the December 4, 2020 Enjoining Order (DE 520). Plaintiff is asking for the Court's guidance and clarification as how they would like the Parties to proceed and clarify the Court's "hybrid" Order. Clarification would allow for proper objections and scheduling order would remedy the Plaintiff not needing to duplicate the lengthy third amended complaint and merely only filing any additional supplements <u>with a Motion for Leave if required by the Court</u>.

8. Nothing suggests that Plaintiff's allegations that newly discovered evidence was forthcoming which would enable her to add necessary details, defendants and causes of action to her amended complaint was false or made in bad faith or for an improper purpose. Actually, the opposite is true and the evidence has been filed with the Court as Exhibits in Motions and in Declarations and Notices. The existing record demonstrates that Plaintiff's allegations meet the heightened pleading requirements and that Plaintiff's allegations were not frivolous, that Plaintiff is endeavoring in good faith to meet the heightened pleading requirements and to comply with the Federal Rules, and most importantly, the Plaintiff believes she has a viable case and a reasonable chance of successfully stating a claim if given another opportunity.

9. In this case, the Court must appropriately exercise its discretion by clarifying its previous hybrid order, vacate its incorrect statement that Plaintiff failed to object to its previous R&R (DE 497) and grant and accept as "filed", Plaintiff's Motion for Leave to Amend Complaint (DE 485, 485-2), or schedule a hearing to argue res judicata and issue a scheduling order.

## ARGUMENT

Pursuant to Fed. R. of Civ. P. 15(a)(2), the claims against those Defendant's have been supplement into Plaintiff's October 19, 2020, 257-page proposed third amended complaint and

superseded as Docket No.'s 485, 485-2, timely, before the Magistrates R&R (DE 497) and the

Court's February 3, 2021 Amended Order (DE 532).

Dismissal with prejudice is not appropriate unless it is clear on de novo review that the

complaint could not be saved by amendment. *Chang v Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

"[A] District Courts failure to consider the relevant factors and articulate why dismissal should

be with prejudice instead of without prejudice may constitute an abuse of discretion. *See Foman*,

371 U/s at 182, 83 S.Ct. 227; *see also Schreiber Distrib. Co v Serv-Well Furniture Co.*, 806 F.2d

1393, 1401, (9th Cir. 1986); *Klamath-Lake* 701 F.2d, at 1292-93.

**VI. Plaintiff objected to the dismissal of Lester and SAF with prejudice. Lester is vicariously liable for SAF and S&R and S&R for Beck and Bboyz. This Courts Adoption of the Proposed Findings of Fact Relating to Bboyz, Bboys, Beck and S&R and the R&R now to Lester and SAF are clearly erroneous and contrary to law.**

1. Bboys LLC is not a party to this case, has not been named as a party or joined in the matter,

and has no interest of record in the matter, therefore, lacks standing to participate in the matter,

let alone file pleadings and disclosure statements as a party.

2. Bboys LLC does not exist as a d.b.a. or a company with fictitious name registered with the

State of Virginia.[9] Bboys LLC has failed to object, ratify, join, or be substituted in the action.

Rule 17(3)

ARGUMENT

Under Rule 17(a)(1)(A-G), Real party in interest: (1) Designation in general. An action must

be prosecuted in the name of the real party of interest. The following may sue in their own names

without joining the person for whose benefit the action is brought: (A) an executor; (B) an

administrator; (C) a guardian; (D) a bailee; (E) a trustee of an express trust; (F) a party with

---

[9] **EXHIBITS 1 – 3**; Bboyz LLC Entity Information S3026186, formed 9/3/2009, Bboys LLC Order of Reinstatement S3026186, 6/10/2016,  Bboys LLC Article of Amendment/Name Change back to Bboyz LLC, S3026186, 6/16/2016,

whom or in whose name a contract has been made for another's benefit; and (G) a party

authorized by statute.

**VII. The District Court failed to apply the Common law of Virginia and amend the R&R Disregarding Findings of Fact Relating to Plaintiff's Objections. The R&R is Clearly Erroneous and Contrary to Law, Generally, Because Defendant Lester and SAF are vicarious liable for Bboyz, and a Notice of Entry of Default Judgment was Timely entered against BBoyz LLC, finding BBoyz LLC Having Admitted by Default and for Relief Demanded by the Plaintiff and the Allegations Pled Against them by the Plaintiff,**
1. The claims against the defendants, Lester and SAF, in this matter, relating to and having been

admitted by BBoyz LLC, and taken as true pled by the Plaintiff, in her second amended

complaint, have been plausibly pled by the Plaintiff. The Default against Bboyz was dismissed

without prejudice without a conference or a trial. Each R&R and Order has been timely objected

to and motions to reconsider filed. The facts relating to those objections should be reconsidered

and the entry of default be filed against Bboyz.

2.The Court's R&R (DE 497) at 38 footnote that Plaintiff did not respond to Beck, Bboys and

S&R is incorrect. The Court errored as a matter of law, in its Amended Order (DE 532)

assuming that Bboys LLC was Bboyz LLC and incorrectly assumed that Plaintiff did not respond

to Beck and S&R motion to dismiss.

TIMELINE

**A.** Plaintiff filed her motion to disqualify Woods Rogers attorneys and for a extension of

time to respond to defendants counsel filing their responses (DE 168, 173, 214) until such

time as the motion to disqualify has been heard and satisfied by this Court. (DE 214 at

8)[10] The motions to disqualify were denied but the motion for extension to respond to the

responses filed by the attorneys and to amend her complaint were denied without

prejudice in Order 345 at 5. Plaintiff filed objections the Court's R&R (DE 359) and

---

[10] Bboys LLC is not a party to this case, Bboyz LLC was served and issued summons and did not respond to the complaint and did not file any pleadings or a disclosure statement with the Court.

motion to reconsider (DE 360) relating to the Court's dismissing her motion to disqualify

the Woods Rogers attorneys representing S&R and Beck, and denying her request for an

extension to respond to the responses filed by the attorneys, and to amend her complaint

without prejudice,  and asked to be heard on the matter.[11] Plaintiff, timely filed her motion

for leave to amend although she had been granted leave to amend portions of the

complaint on June 10, 2020 (DE 438, 439). On October 9, 2020, the Court issued

Memorandum Opinion & Order 480 denying Plaintiff's motion to reconsider

disqualifying attorneys (DE 360). Plaintiff had already responded to the Motions to

Dismiss filed by S&R and Beck. Plaintiff did responded to S&R and Beck but was not

required by law to respond to Bboys LLC  (DE 111, 181) because Bboys LLC is not a

party to the case, Bboyz LLC did not respond to her amended complaint, they are not

represented by counsel and Bboys LLC is not a party to the case.  The Roseboro Notices

referring to Bboyz LLC are incorrect as a matter of procedure.

## VIII.  The Court is incorrect that Plaintiff did not object and  has acted too broadly when it dismissed certain defendants with prejudice because of the plaintiff's formatting curable deficiencies, failing to list them correctly in any count

1.Plaintiff objects to incorrect statements made the in the R&R (DE 543) (footnote 1) relating to

Lester, SAF, Twery, Merrill and ODNB, Jennifer Richardson, ATC, and Fariss, and considering

Plaintiffs motions to amend at such a late stage of the case.

2. Newly discovered facts and circumstances have been filed with motion for leave in a proposed

third amended complaint relating to the property, and causes of action, and correcting any

deficiencies found after Plaintiff filed her motions to amend requesting a hearing after the United

States filed its answer and after the Court found deficiencies in the second amended complaint.

3. The Court ruled in its previous Order, after motions to amend had been filed and not

---

[11] Bboyz LLC is not represented by counsel in this matter

considered before the Order was issued, that "[I]n this case, however, there was never a previous amendment that failed to cure this type of deficiency. Instead, Rivers amended once as a matter of right and then requested leave to file a second amended complaint, which the court granted."

4. The same reasoning should be applied in this matter as in the November 10, 2020 R&R and the Court should modify the R&R omitting the incorrect statements or in the alternative, correct its R&R (DE 497) dismissing the defendants <u>without prejudice</u>.[12]

5. Plaintiff has remedy to correct all deficiencies in the second amended complaint as per the Court's prior rulings. Twery must not be dismissed from the complaint because of the allegations pled relating to him and his relationship with John Wynne and his previous official capacity as an officer and the sole owner of Rivermont Banking Company Inc.

6. The allegations against Lester, SAF, Richardson, ATC, Fariss, ODNB, Merrill, Potter and Twery as they relate to Bboyz Inc, Beck and S&R have been admitted by Bboyz LLC. The allegations pled against the Defendants have been plausibly pled.

**IX. The Courts statement that Plaintiff did not object to dismissing defendants with prejudice under Rule 12(b)(6) is improper and inexcusable because the statement is false and a judicially recognized exception to res judicata exists. Lynchburg Circuit Court did not have jurisdiction over the Defendants or the claims. All Judges in the Commonwealth had a conflict of interest and refused to preside over the case.**

---

[12] On March 25, 2020; Plaintiff filed her Supplemented Motion for Leave and Proposed Third Amended Complaint (DE 374, 375) adhering to the Fed. R. of Civ. P and moreover the Courts February 26, 2020 R&R Order (DE346) dismissing Plaintiff's Motion for Leave to File without prejudice (DE 168, 173). The Plaintiff filed the proposed third amended complaint adding defendants and third-party defendants and added new occurrences and facts, as she divulged to the Court she would, that emerged since the Court's R&R. Plaintiff filed the proposed third amended complaint in keeping with the Courts first order and will effect service on the named defendants only if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P 20(a)(2). Thus, her third amended complaint does not name more than one defendant unless one claim against each additional defendant is transactionally related to the claim against the first defendant or seeks joint and several relief, and involves a common question of law or fact. *See Keck v Virginia* No 3:10cv555, 2011 WL 2708357, at *2 (ED Va July 12, 2011). Additionally, each separate count and claim in Plaintiff's third amended complaint identifies which defendants are being named in which count.

1..In this case, the July 6, 2016 claims filed in Lynchburg Circuit Court, *Rivers v Sanzone*, the

2nd case, were moot because they were filed incorrectly without leave to amend or to add

defendants,[13] arose after the claims filed by Beck against Lester and the Plaintiff in Bedford

County Circuit Court, the 1st case.

2. Bedford County was the proper venue and jurisdiction for the land and contract related claims.

Beck did not file for transfer of his claims, did not object to the non-suit of the claims filed by

the Plaintiff in that case and soon after filed in this Court, the 3rd case. No defendant has argued

jurisdiction in the District Court.

3. Litigation of the amended complaint in *Sanzone* No 2 was poised not to proceed, as the Court

never granted the Plaintiff leave to amend the pleading or to name additional defendants.

4. Moreover, Plaintiff's February 2016 exercised contract, after Beck case No. 1 was filed, was

the trigger for the breach of contract filed in Beck No. 1 and the non-suit from Bedford County

Circuit Court to the District Court in this 3rd case and pled as two separate transactions or

occurrences for purposes of res judicata. The exception applies to this matter.

ARGUMENT

Res judicata would apply to *Sanzone* if the Judge in the Commonwealth did not have a

conflict of interest. If any Judge could hear the matter on the merits, res judicata would apply if it

had been the first suit against the same identical parties, arising from the same "known" conduct,

transaction or occurrence in an earlier lawsuit. **See Exhibit 1.**

The claims filed incorrectly and also those filed under USC in *Sanzone* are moot and were not

filed in Beck, Case no 1. As noted in *Lee v. Spoden*, 290 Va. 235, 246-48, 776 S.E.2d 798, 804-

---

[13] The amended complaint in Sanzone was argued correctly, (i) as a nullity, (ii) the Lynchburg Circuit Court did not have jurisdiction to adjudicate the claim, (iii) the Defendants were not named as a party defendant, (iv)litigation of the amended complaint should not proceed as the Court never granted Rivers leave to amend the pleading or to name the defendant as a defendant, and failure to effect service; by Defendant's Serene Creek Run Association, Margie Callahan, accordingly the amended complaint was a nullity

05 (2015), there are three issues to resolve when deciding whether res judicata applies: (1) whether there has been a final judgment on the merits, (2) whether the parties are the same, and (3) whether the later lawsuit arises from the same conduct, transaction, or occurrence as the earlier lawsuit. [14]

Under Rule 1:8 of the Rules of the Supreme Court of Virginia, "[n]o amendments shall be made to any pleading after it is filed save leave of the court." The Supreme Court of Virginia has ruled that an amended motion for judgment was without legal efficiency because the plaintiff failed to obtain leave of court to amend his original motion for judgment; thus, the trial court did not acquire jurisdiction to adjudicate any causes of action alleged in the amended motion. *Mechtensimer v Wilson* 246 Va 121, 431 SE 2d 301 (1993) **See Exhibit 1**

SCV Rule 3:12 requires a plaintiff to move the court for permission to join a party to a lawsuit.

Absent agreement of the parties, claims can only be joined if they arise out of the same transaction or occurrence. If claims can truly be joined under Code §§ 8.01-272 and 8.01-281, then it necessarily follows that the very same claims would be prima facie within the scope of Rule 1:6. That is the symmetry intended when the phrase "conduct, transaction or occurrence" was repeated essentially verbatim in Rule 1:6. Rule 1:6 thus "effectuates Code §§ 8.01-272 and 8.01-281" and "applies the same test in res judicata issues." Sinclair & Middleditch, supra, § 14.11[B][5], at 1220 (emphasis added).

Rule 1:6(A). The Court adopted Rule 1:6 in 2006. Under Rule 1:6, it does not matter that the second suit includes alternative legal theories or would require evidence not present in the first suit. Instead, Rule 1:6 parallels the "same transaction or occurrence" scope of Code §§ 8.01-272

---

[14] Plaintiffs has not added her briefs filed in response and replied in opposition to the defendant's motions to dismiss due to the repleading standards.

21

and 8.01-281. Thus, if the underlying dispute produces different legal claims that can be joined in a single suit under the joinder statutes, Rule 1:6 provides that they should be joined unless a judicially-recognized exception to res judicata exists. **See Exhibit 1**

All of the ordinary caveats to res judicata apply to Rule 1:6's transactional approach to merger and bar — thus preserving the historic limitations on the doctrine. Claim preclusion, for example, does not apply to non-final judgments, see Restatement (Second) of Judgments § 17; to dismissals "**for lack of jurisdiction, for improper venue,** or for nonjoinder or misjoinder of parties," id. § 20(1)(a); **to nonsuits** and dismissals without prejudice, see id. § 20(1)(b); to dismissals for prematurity or some other violation of a precondition to suit, see id. § 20(2); to judgments that the parties have agreed or the issuing court has expressly stated should have no preclusive effect, see id. § 26(1)(a)-(b); **to rulings made by a court lacking subject-matter jurisdiction, see *Lloyd v. American Motor Inns, Inc.*, 231 Va. 269, 271, 343 S.E.2d 68, 69 (1986);** or to the unique contexts of property and personal injury damage suits "arising out of the same conduct, transaction or occurrence" and claims formerly asserted in mechanic's lien proceedings, Rule 1:6(C). See generally *18 Wright et al., supra note* 8, § 4415, at 381-423 (documenting recognized claim-preclusion exceptions). **See Exhibit 1**

"The phrase, `conduct, transaction or occurrence' is well tested in American law as well as Virginia practice," and the "drafters of Rule 1:6 felt strongly that using this established three-part definition [same conduct, transaction or occurrence] would be the most clear and readily applied formula, lending predictability and stability to the doctrine. The Judicial Council unanimously agreed." *Sinclair & Middleditch, supra*, § 14.11[B][5], at 1219.

Beck failed to transfer or object to Plaintiff's non-suit of the Bedford Circuit Court case filed in January 2016 as the first of the three cases. Withdrawal of the res judicata objections and

filing the case de novo in the District Court as the 3rd case with newly discovered conduct, transactions and occurrences, the Defendants motions to dismiss Plaintiff's second amended complaint and opposing the third amended complaint based on res judicata fail to meet the burden of proof to establish the defense of res judicata to Plaintiff's claims. The burden of proof lies with the defendants, not the Court, to establish the defenses of res judicata or collateral estoppel, "the record of the prior action must be offered in evidence." See Scales v Lewis, 261 Va 379, 383, 541 SE 2d 899, 901 (2001); Bernau v Nealon, 219 Va 1039, 1041, 254 SE 2d 82, 84 (1979). Isolated orders without the pleadings and orders that came before and after cannot be sufficient as a matter of law to establish what was decided in the prior cases. This Court has ruled on many issues in the case but never ruled on the sufficiency of the defendants conduct alleged in this case.

**X. The District Court must amend her Orders, apply the Common laws of Virginia or recuse due to her bias pursuant to 28 U.S.C. The District Court cannot sweep Plaintiff's objections under the rug, relating to the R&R incorrect analysis of res judicata applying to this case because this Court has ruled that several defendants, were not named in *Sanzone.***
1. The Court also recognized that Plaintiff filed timely responses in opposition to the Defendants motions to dismiss quoting Plaintiffs statements, "[P]laintiff failed to obtain leave of the Court to add them as parties and failed to obtain leave to file the Amended Complaint," and the "property (claims/issues) alludes to are in fact, new issues, by contract and by 'new discovery,' since the filing of the original complaint in July 2015 (DE 399) The original complaint was not served upon the defendants. The claims/issues were not filed in the correct jurisdiction and the Circuit Court Judge did not and would not hear the matter on the merits due to his and all other judges in the Circuit(s) of Virginia, conflict of interest. The Lynchburg in *Sanzone* does not affect this case.

**XI. The District Court must recuse based on failing to apply Common Laws, Accepting fraud on the Court and Adopting false statements relating to Bboys, Bboyz and that**

23

**Plaintiff did not object to the R&R (DE 497) is incorrect and relates to Plaintiff's argument that judgment dismissing defendants and claims with prejudice based on res judicata in this matter is incorrect as a matter of law**

1. The Court incorrectly dismissed Plaintiffs state law claims, against Shana Beck Lester and Serenity Acres Farms, (Counts 12, 16 17), S&R Farm LLC Counts (Count 12), Margie Callahan (Count 18) incorrectly based on res judicata.

ARGUMENT

Res Judicata does not apply to this matter due to exceptions rules. *Funny Guy, LLC v Lecego LLC* is not the correct authority in this matter due to the exceptions of the case and the above argument.

The concept of res judicata under Rule 1:6 is necessarily subject to a "judicially-recognized exception" for claims that for some procedural reason could not be joined as part of the prior litigation. *See D'Ambrosio v Wolf*, 295 Va 48, 54, 809 SE2d 625, 628 (2018); *Funny Guy, LLC v Lecego LLC* 293 Va 135, 143, 795 SE2d 887, 890 (2017) ("Claim preclusion has always been the stepchild of pleading and joinder rules"). There is no mechanism for this Court to approve or disapprove the sufficiency of claims against the defendants in any of the prior cases.

**XII. The Adopted R&R takes Plaintiff revised motions to amend out of context because the Courts delay prompted the timely motions. Accrual of the Claims Occurs When the Plaintiff "discover[ed], or in the Exercise of Reasonable Diligence Should Have Discovered, the Factual Basis for the Cause of Action.**

1. The accrual of the claims occurs, in other words, when the Plaintiff discovered her injuries and the probable cause of the injury. *Skwira v United States*, 344 F.3d 64, 76 (1st Cir. 2003) (*quoting Gonzalez v United States*, 284 F3d 281, 288 (1st Cir. 2002)[15]. Without limited discovery in this

---

[15] *Gonzalez and Skwira* address the accrual of claims against the United States under FTCA, whereas the Plaintiff argues accrual of her Bivens claims. The Court may, however, rely on cases addressing the accrual of either type of claim in deciding the present matter. *Marrapese v Rhode* Island, 749 F.2d 934, 938 n.8 (1st Cir. 1984) (recognizing that although "different considerations may apply in section 1983 actions and in FTCA suits, the problems courts encounter in resolving the accrual question under federal law are basically the same.)

matter, and because the Plaintiff continues to obtain "newly discovered" in litigation running

parallel to this matter,  the accrual period cannot be established and therefore, the Court, with

respect to the *Bivens* claims, must treat Plaintiff's pleadings, exhibits, referred to documents and

here declarations, as well pleaded facts and all reasonable inferences therefrom, as true. *See*

*United States v U.S. Currency $81,000.00*, 189 F.3d 28, 33 (1st Cir. 1999).

2. In this matter, Plaintiff alleges defendants actions leading to Plaintiff's constitutional injuries

and violations committed by the investigative agencies and the government, under CVRA

characterized as violations of (1) her substantive due process rights not to be deprived by the

Government of her restitution, property, rights and business and (2) her right not to be deprived

by the Government of access to the Courts. The "probable causes" of these alleged injuries were

the Government employees intentional disclosures (or the permitting of others to make the

disclosures) to Wynne and his co-conspirators, and their subsequent "cover-ups," which

prevented the Plaintiff from seeking a judicial remedy for her losses. Although Plaintiff believed

and argued that the Government was involved in the "cover up", failed to indict the criminals,

and the employees injured her and other victims, this Court cannot say, without limited

discovery, and with the allegations pled against Bboyz LLC admitted as they relate to this matter

in its entirely, that it is "beyond doubt" that it is unreasonable for the Plaintiff to have failed to

discover or prosecute, before the date she filed her complaint, the factual basis of the claims she

has made against the defendants is not barred by res judicata.


## CONCLUSION

For the reasons stated above, the Plaintiff respectfully moves the Court, based on the

entire record in this case and the objections filed timely, to rule on each and every motion filed in

this matter in the order of which they were filed in a timely fashion and consider the pleadings filed by the Plaintiff in their entirety, order the omission of all false statements that Bboys and Bboyz are the same and Bboyz is not a real entity, and that Plaintiff did not object to the November 10, 2020 R&R (DE 497). Plaintiff respectfully requests that the District Court Judge state her legal basis for not recusing from this matter, for failure to render clarification for the courts delay, for failure to issue a scheduling order barring Woodsrogers attorneys to file any further pleading for non-party Bboys, Bboyz or Ralph Beck, issue discovery to with and between the Courts advisors relating to this matter, vacate the enjoining order against Plaintiff and set this case aside until the matter of recusal has been  settled at trial.

Respectfully submitted, under the pains and penalties of perjury,

Crystal VL Rivers, Pro Se
3831 Old Forest Rd, Suite 6
Lynchburg VA 24501
434-818-2921
*riversparalegalservices@gmail.com*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been mailed or emailed to the following Defendant's on April 5, 2021 and will be filed with the Clerk of the United States District Court for the Western District of Virginia Lynchburg Division.

Counsel for the Defendants, IRS, FBI, Karen Deer, and Mary Lou Prilliman
310 First St, SW Rm 906, Roanoke VA 24011
US Attorney Thomas Cullen at **Sara.Winn@usdoj.gov**

Counsel for Defendants Shana Beck Lester and Serenity Acres Farm LLC
300 Enterprise Dr, Suite D, Forest VA 24551
E Albion Armfield at **albie@overstreetsloan.com**

Counsel for BBoyz LLC, Ralph Beck, S&R Farm LLC, and Mark Loftis
10 South Jefferson St., Roanoke VA 24011
J. Benjamin Rottenborn at **brottenborn@woodsrogers.com**

Counsel for Peter Sackett and Sherri Sackett
310 First St, Suite 700
G. Creasy at **GCreasy@jamlaw.net** and Kathryn Poe at **kpoe@jamlaw.net**

Counsel for Old Dominion National Bank, Kelly Potter and Mark Merrill
200 South 10th St, Suite 1600, Richmond VA 23219
Boyd McGuire at **mboyd@williamsmullen.com** and
Justin Feinman at **jfeinman@williamsmullen.com**

Counsel for Ted Counts Realty & Auction Co. Inc *formerly* Counts Realty Group & Auction Co
2306 Atherholt Rd, Lynchburg VA 24505
F.E. Isenhour III at **tisenhour@caskiefront.com** and
Matthew Vordermark at **mvordermark@caskiefrost.com**

Counsel for Advantage Title and Closing Co. LLC, Jennifer Richardson and Matt Farriss
Stanley P Wellman at **swellman@hccw.com** , M. Scott Fisher, Jr. at **sfisher@hccw.com**
and B. Patrick O'Grady at **pogrady@hccw.com**

Counsel for Defendants Select Bank Financial Corp, Select Bank, and J. Michael Thomas
1328 3rd St, SW Roanoke VA 24016
Eric Chapman at **echapman@cowanperry.com** and
Doug Densmore at **ddensmore@cowanperry.com**

Counsel for Margie Callahan
901 E Byrd St, Suite 950, Richmond VA 23219
Alexander S de Witt at **adewitt@freeborn.com**

27

Counsel for Atlantic Union Bank and Lisa Schenkel
2306 Atherholt Rd, Lynchburg VA 24501
William E Phillips at **bphillips@caskiefrost.com**

Counsel for Frank Morrison
12576 Wards Rd, Rustburg VA 24588
Thomas L Phillips Jr. at **tphillips@pmflawyers.com**

Counsel for Ronald Beach, Serene Creek Run HOA, Travis Baker, Michael Friedman, Richard
Rogers, Matthew and Sarah Krycinski, Michael Bradbury, Howard Frear, William Fluker, North
Creek Construction Inc., and Seth Twery
725 Church St, Lynchburg VA 24504
925 Main St, Ste. 300, Lynchburg VA 24504
Chad A. Mooney at **cmooney@pldrlaw.com**

Counsel for Sherwood Day
1047 Vista Park Dr, Suite D, Forest VA 24551
Richard T Gilman at **rgilman@daylawva.com** and
Sherwood Day at **sday@daylawva.com**

Counsel for Bank of the James and Robert Chapman
828 Main St, 19th Floor, Lynchburg VA 24504
John W Francisco at **jfrancisco@woodsrogers.com**

David and Kelly Edmundson                                    MAILED
595 Legacy Lakes Way
Aberdeen NC 28315

Counsel for Sameer Patel
111 Hexham Dr, Suite B, Lynchburg VA 24502
Bevin R. Alexander, Jr. at **bevin@bevinalexanderlaw.com**

Crystal VL Rivers, Pro Se
3831 Old Forest Rd, Suite 6
Lynchburg VA 24501
434-818-2921
**riversparalegalservices@gmail.co**m