IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **CRYSTAL VL RIVERS,** | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| v. | )    Civil Action No. 6:18-cv-00061 |
| | ) |
| **UNITED STATES OF AMERICA,** *et al.*, | ) |
| | ) |
|      **Defendants.** | ) |

**JOINT MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
RULE 60(b) MOTION AND MOTION TO RECONSIDER (ECF NO. 569)**

Defendants Old Dominion National Bank ("ODNB"), Mark Merrill ("Merrill"), and Kelly A. Potter ("Potter" and together with ODNB and Merrill, "Defendants"), by counsel, for their Memorandum in Opposition to Plaintiff's Rule 60(b) Motion and Motion to Reconsider (ECF No. 569), state as follows:

**LEGAL STANDARD**

"[R]elief under Rule 60(b) is an 'extraordinary remedy' that 'is only to be granted in exceptional circumstances.'" *CVLR Performance Horses, Inc. v. Wynne*, 2012 WL 5465024, at *2 (W.D. Va. May 23, 2012) (quoting *Wilson v. Thompson*, 138 F. App'x 556, 557 (4th Cir. 2005)); *see Mayfield v. NASCAR*, 674 F.3d 369, 378 (4th Cir. 2012) (same). Thus, "[w]hen making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor [sic] to the satisfaction of the district court ... and such grounds must be clearly substantiated by adequate proof." *Id.* (quoting *In re Burnley*, 988 F .2d 1, 3 (4th Cir.1992)). "Rule 60(b) does not provide litigants with the opportunity to litigate issues not previously litigated or relitigate issues not decided in a party's favor." *Id*. Rule 60(b) also "does not

authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982).

## GROUNDS FOR OPPOSITION

Plaintiff's Motion falls far short of demonstrating the exceptional circumstances that warrant the extraordinary remedy of relief under Rule 60(b). As to Merrill and Potter, Plaintiff offers no grounds whatsoever for her request for relief under Rule 60(b). As to ODNB, Plaintiff merely alleges that a November 21, 2007 Deed of Trust granted by 1650 Partners LLC was satisfied on September 7, 2021. ECF No. 569 ¶ 5.b. This same Deed of Trust was referenced in Plaintiff's Second Amended Complaint, *see* ECF No. 17, ¶¶ 127, 142, 178, as well as in her last proposed Third Amended Complaint. *See* ECF No. 485-1, ¶ 701. How or why satisfaction of this Deed of Trust enables Plaintiff to either relief under Rule 60(b) or a reconsideration of the Court's final judgment is left unexplained.

## CONCLUSION

Plaintiff's latest motion lacks any merit and should be denied.

**OLD DOMINION NATIONAL BANK, MARK MERRILL, AND KELLY A. POTTER**

By: /s/ J.P. McGuire Boyd, Jr.
J.P. McGuire Boyd, Jr. (VSB No. 72753)
Justin S. Feinman (VSB No. 87511)
WILLIAMS MULLEN, P.C.
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Facsimile: (804) 420-6507
Telephone: (804) 420-6297
Email: mboyd@williamsmullen.com
Email: jfeinman@williamsmullen.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November 2021, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record and to the following:

>Crystal VL Rivers
>3831 Old Forest Rd., Ste. 6
>Lynchburg, VA 24501
>*Pro se Plaintiff*

>By: /s/ J.P. McGuire Boyd, Jr.
>J.P. McGuire Boyd, Jr. (VSB No. 72753)
>Justin S. Feinman (VSB No. 87511)
>WILLIAMS MULLEN, P.C.
>200 South 10th Street, Suite 1600
>Richmond, Virginia 23219
>Facsimile: (804) 420-6507
>Telephone: (804) 420-6297
>Email: mboyd@williamsmullen.com
>Email: jfeinman@williamsmullen.com
>*Counsel for Defendants*