CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/8/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CRYSTAL VL RIVERS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 6:18-cv-00061 |
| GARY M. BOWMAN, *et al.*, | ) By: Elizabeth K. Dillon |
| Defendants. | ) United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On September 9, 2021, the court issued an order and final judgment dismissing plaintiff's claims and denying leave to file a third amended complaint. (Dkt. Nos. 565, 566.) Before the court are three post-judgment motions filed by plaintiff Crystal VL Rivers, which are addressed herein.

**I. Rule 54(b) Motion**

On October 18, plaintiff filed a "54(b) Motion" asking the court to "certify" plaintiff's claims or, in the alternative, reinstate the matter and hold it in abeyance until certain matters are resolved in a separate action before the United States Supreme Court. (Dkt. No. 568.) Rule 54(b) only applies to a nonfinal order while a case is still pending. *See* Fed. R. Civ. P. 54(b) (stating that a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay"). Because Rivers filed this motion after the entry of final judgment, the court will deny the motion.

**II. Rule 60 Motion to Reconsider**

On November 2, plaintiff filed a Rule 60 motion to reconsider the court's September 9, 2021 order and final judgment. (Dkt. No. 569.) Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for any other reason that

justifies relief. *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).[1] Under Rule 60(b), a movant must first demonstrate that the motion is timely, that she has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant relief. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 n.12 (4th Cir. 2010). If a movant satisfies these threshold conditions, she must then satisfy one of the enumerated grounds for relief under Rule 60(b). *Id.* at 412.

Rivers argues that the court should reconsider its final judgment because she has discovered events that continued the scheme alleged in the complaint. Rivers claims to have uncovered new predicate acts that are "of a different type" than those described in the complaint and dismissed by the court. The court finds that Rivers failed to meet the threshold requirements for relief under Rule 60(b). Specifically, the court finds that the opposing parties will suffer unfair prejudice if this frivolous lawsuit is revived after the entry of judgment. As the court stated in denying leave to file a third amended complaint, the parties to this action "have already been prejudiced by the need to defend themselves against Rivers' convoluted and innumerable claims." (Dkt. No. 565 at 9.) The same logic applies here.

The court will deny Rivers' Rule 60 motion.

### III. Motion for Extension of Time to File Notice of Appeal

On November 10, plaintiff filed a "time sensitive" motion for an extension of time to file a notice of appeal pending the court's rulings on plaintiff's "54(b) Motion" and Rule 60 motion for reconsideration. (Dkt. No. 576.) However, plaintiff had already filed a notice of appeal on

---

[1] The five enumerated reasons are (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; and (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. Fed. R. Civ. P. 60(b)(1)–(5).

November 3. (Dkt. No. 570.) Therefore, Rivers' motion for an extension of time to file a notice of appeal is not necessary and will be denied.

\*\*\*

For the above-stated reasons, it is HEREBY ORDERED that Rivers' Rule 54(b) motion (Dkt. No. 568), Rule 60 motion (Dkt. No. 569), and motion for an extension of time to file a notice of appeal (Dkt. No. 576) are all DENIED.

Entered: December 8, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge